UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COMPASS-CHARLOTTE 1031, LLC,

                            Plaintiff,

-against-

PRIME CAPITAL VENTURES, LLC
BERONE CAPITAL FUND, LP
BERONE CAPITAL PARTNERS LLC
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital
Partners LLC

                            Defendants.

Case No.: 1:24-cv-55

---

### ORDER TO SHOW CAUSE FOR THE APPOINTMENT OF A RECEIVER ON AN EMERGENCY BASIS AND FOR EXPEDITED DISCOVERY

Upon the Verified Complaint filed by Plaintiff on January 12, 2024 and the exhibits annexed thereto, upon the Declaration of Christopher V. Fenlon, dated January 12, 2024, and upon Plaintiff's Memorandum of Law in Support of Emergency Motion for Appointment of a Receiver and for Expedited Discovery (the "Emergency Motion") and Plaintiff having complied with Local Rule 7.1(e), and good cause having been shown for the relief granted herein, it is:

**ORDERED** that Defendants, Prime Capital Ventures, LLC ("Prime") and Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (the "Berone Defendants") (collectively, "Defendants") show cause before the Honorable Mae A. D'Agostino of the United States District Court for the Northern District of New York at the James T. Foley Federal Courthouse, 445 Broadway, Albany, New York, on Monday, January 22, 2024, at 9:00 a.m., or as soon thereafter as counsel can be heard, why an Order should not be entered:

    1. Pursuant to Rule 66 of the Federal Rules of Civil Procedure, appointing a receiver until further order of the Court, with all of the usual powers, including but not limited to, the power to: (a) take exclusive possession, custody, and control of all of Defendants' books and records and assets, wherever located; (b) exclusively operate and manage Defendant's businesses until further order of this Court; and (c) pursue such further and other relief as may be proper, necessary or just under the circumstance; and

    2. Pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, authorizing Plaintiff to take expedited discovery of Defendants and certain third-parties identified in Plaintiff's papers without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitation of Fed. R. Civ. P. 30(a)(2) and 30(d).

**IT IS FURTHER ORDERED** that, sufficient reason and good cause having been shown therefor, pending the hearing of Plaintiff's Emergency Motion, and pursuant to Rule 66 of the Federal Rules of Civil Procedure, and until further order of the Court, Paul Levine, Esq. of the law firm Lemery Greisler LLC, shall be appointed to serve as the temporary receiver ("Receiver") for the Defendants, and shall have the following powers and duties:

    1. The Receiver shall have and retain and is hereby granted exclusive dominion and control over all of the assets, books and records, operations and business affairs of Defendants.

    2. The Receiver's authority hereunder shall be, and hereby is, vested in and extended to (a) all of Defendants' real property, equitable property, tangible and intangible personal property, interest, or assets of any nature, wherever located and (b) all claims, demands, or causes of action of any kind, character or description, regardless of the legal principle or theory upon which the same may be based, whether known or unknown, liquidated or unliquidated, disputed or undisputed, contingent or absolute, accrued or unaccrued,

matured or un-matured, insured or uninsured, joint or several, determined or undetermined, determinable or otherwise.

3. The Receiver is hereby authorized to operate and manage Defendants' business until further order of Court.

4. The Receiver is hereby authorized to take possession of and, in his discretion, close Defendants' existing deposit accounts and open new accounts in the Receiver's name.

5. The Receiver is authorized to take any and all actions the Receiver, in his sole discretion, deems appropriate in order to ascertain the amount and location of Defendants' assets.

6. The Receiver is authorized to retain, employ, and pay for the services of individuals or firms selected by the Receiver in his discretion and in consultation with Plaintiff to assist in the performance of the Receiver's duties. It shall not be grounds for an attorney's disqualification that the attorney is affiliated with the Receiver's law firm.

7. The Receiver shall have the duties and responsibilities of a receiver under law, shall be answerable and account to the Court for the Receiver's activities, and shall maintain a detailed accounting of his activities, including without limitation, any and all funds collected and used for any purpose.

8. The Receiver shall not be liable for any debts or liabilities of Defendant.

**IT IS FURTHER ORDERED** that upon the Court's appointment of the Receiver, Defendants, their agents, servants, representatives, employees, assigns, affiliates, subsidiaries and their affiliates' and subsidiaries' agents, servants, representatives, employees, assigns and nominees (including without limitation Kris Roglieri, Kimberly "Kimmy" Humphrey, and Prime Commercial Lending, LLC and all of its employees) shall immediately turn over Defendants' businesses and all assets to the Receiver (including the keys to all real estate owned by Prime including the house located at 600 Linkhorn Drive, Virginia Beach, Virginia), together with all

contracts, subcontracts, and other documents, records (both physical and electric), files and other materials relating thereto, and the foregoing individuals and entities shall fully cooperate with and respond to all reasonable requests of the Receiver, including requests immediately to turn over financial records within three (3) business days of the request of the Receiver.

**IT IS FURTHER ORDERED** that the foregoing individuals and entities shall not destroy, alter or conceal any records (including both physical and digital records).

**IT IS FURTHER ORDERED** that Defendants shall pay the reasonable costs, fees, and expenses of the Receiver incurred in connection with the performance of his duties. All applications for costs, fees, and expenses of the Receiver and those employed by him shall be made by application to the Court setting forth in reasonable detail the nature of such costs, fees, and expenses.

**IT IS FURTHER ORDERED** that, sufficient reason and good cause having been shown therefor, pending the hearing of Plaintiff's Emergency Motion, and pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and until further order of the Court, Plaintiff is hereby authorized to take expedited discovery of Defendants and certain third-parties identified in Plaintiff's papers without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitation of Fed. R. Civ. P. 30(a)(2) and 30(d) as follows:

1. Plaintiff may obtain the production of documents, within three (3) calendar days from service by facsimile, email or otherwise of a subpoena, from any non-party persons or entities.

**IT IS FURTHER ORDERED** that service of a copy of the Verified Complaint, this Order to Show Cause, and supporting papers, upon Defendant Prime by email to Kris Roglieri (kris@primecommerciallending.com) and Kimberly ("Kimmy") Humphrey (kimmy@primecommerciallending.com) and overnight courier to Prime Capital Ventures, LLC,

66 Pearl Street – 10th Floor, Albany, New York 12207, and upon the Berone Defendants by email to Fabian Stone (stone@beronecapital.com) and Jeremiah Beguesse (jeremiah@beronecapital.com) and overnight courier to A Registered Agent, Inc., 8 The Green – Suite A, Dover, Delaware 19901 and Sunshine Corporate Filings LLC, 7901 4th Street, N. – Suite 300, St. Petersburg, Florida, 33702, on or before as soon as possible, but no later than Tuesday, January 16, 2024, shall be deemed good and sufficient service thereof.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause no later than Thursday, January 18, 2024, at 5:00 p.m. Service shall be made by delivering the papers by email to Plaintiff's counsel and by filing on PACER. Plaintiff shall have until Friday, January 19, 2024, at 5:00 p.m. to serve any reply papers upon the Defendants or their respective counsel, including by any form of service authorized in the foregoing paragraph.

IT IS SO ORDERED.

DATED: January 12, 2024

_____
UNITED STATES DISTRICT JUDGE