

30 South Pearl Street, Suite 901
Albany, NY 12207

p: 518-396-3100   f: 518-396-3101
hinckleyallen.com

**Christopher V. Fenlon, Partner**
cfenlon@hinckleyallen.com

January 15, 2024

**VIA ECF**
Hon. Mae A. D'Agostino
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Courtroom 5
Albany, New York 12207

      RE:    *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et. al.*,
               Case No. 1:24-cv-55 (SDNY)

Your Honor:

      We represent plaintiff Compass-Charlotte 1031, LLC ("Compass") in the above-referenced matter. We write pursuant to the Court's Individual Rules and Practices No. 2(A) to request a pre-motion conference with respect to Compass' anticipated motion to seek the disqualification of the law firm of Hogan Lovells US LLP ("Hogan") which has filed a Notice of Appearance in this case on behalf of Defendant Prime Capital Ventures, LLC ("Prime") (Dkt. No. 9). Hogan has an unwaivable conflict because it is also representing another creditor of Prime in a pending proceeding in Florida in which it is *directly adverse* to Prime, and it should therefore be disqualified from representing Prime here.

      **A.**    **Compass' Complaint Seeks Appointment of a Receiver To Track Down Over $50 Million Dollars of Missing ICA Deposits.**

      As stated in the Complaint, Compass seeks to recover an approximately $16 million interest credit account ("ICA") deposit paid by Compass to Prime in April 2023. Prime took that ICA deposit on the promise of making an approximately $80 million line of credit to Compass for construction of a multi-family apartment building in Charlotte, North Carolina. Prime failed to provide the line of credit and failed to return that $16 million ICA deposit to Compass, despite numerous promises that the money was being wired back to Compass at any minute. Compass is but one of many creditors from whom Prime took and failed to repay ICA Deposits. Compass has filed the lawsuit not only to recover its own $16 million deposit, but also to have a receiver appointed over Prime and other defendants "to determine the amount and location of ICA deposits made by Plaintiff and other creditors, and identify whether Prime and Berone Capital are legitimate entities or are running a fraudulent scheme." Dkt. No. 1 ¶ 199.

Hon. Mae A. D'Agostino
January 15, 2024
Page 2

### B. Hogan Lovells US LLP Has a Direct and Unwaivable Conflict Due to its Concurrent Representation of Camshaft CRE 1, LLC which is Suing Prime for Return of Camshaft's $12.4 Million ICA Deposit.

At the same time that it has filed its notice of appearance for Prime in this case, Hogan Lovells US LLP is representing Camshaft CRE 1, LLC in a lawsuit entitled *Camshaft CRE 1, LLC v. Prime Capital Ventures, LLC*, 2023-023173-CA-01 (Circuit Court, Miami-Dade County, Florida) (the "Camshaft Prime Lawsuit"). The Camshaft Prime Lawsuit was filed on September 15, 2023, and a copy of the Camshaft complaint is attached as Exhibit 31 to the Compass Complaint (Dkt. No. 1-31). The Camshaft complaint alleges virtually identical facts to those of Compass, *i.e.* that Camshaft paid an ICA deposit to Prime, that Prime failed to provide a line of credit, that Camshaft demanded return of its ICA deposit, and that Prime has failed to return a $12,400,000 ICA Deposit to Camshaft. The Camshaft Prime Lawsuit sued for breach of contract and asked for specific performance, injunctive relief and an award of Hogan's attorneys' fees and costs.

Prime failed to file a response to the Camshaft Prime Lawsuit, thereby admitting the allegations of the complaint. On December 19, 2023, Hogan filed a motion for Camshaft entitled "Plaintiff's Motion for Entry of Final Judgment" (the "Judgment Motion"). A copy of that Judgment Motion is attached as Exhibit 32 to the Compass Complaint (Dkt. No. 1-32). In the Judgment Motion, Hogan seeks on behalf of Camshaft: (a) a final judgment against Prime in the amount of $12,400,000.00; (b) "a final injunction in favor of Camshaft requiring specific performance from Prime to return the ICA Payment . . . within seven (7) calendar days of the issuance of this Final Judgment;" and (c) an attorneys' fee award of all of Hogan's attorneys' fees and costs incurred in suing Prime. That motion remains pending before the Miami-Dade court, as reflected on the docket printed out from that court's online site (and attached hereto as Exhibit A).

On January 15, 2024, Compass served Camshaft (through Hogan's Miami lawyers) with a subpoena for production of documents pursuant to this Court's Order to Show Cause (Dkt. No. 8). A copy of that subpoena is attached hereto as Exhibit B.

### C. Hogan Lovells Is Disqualified From Representing Prime.

This Court has recognized that a plaintiff has standing (and an affirmative ethical duty) to raise the disqualification of an attorney with which it does not have an attorney-client relationship. *See SMI Industries Canada Ltd. v. Caelter Industries, Inc.*, 586 F. Supp. 808, 815 (N.D.N.Y. 1984); *Adams v. Vill. of Keesville*, 2008 WL 3413867, *10 & n.9 (N.D.N.Y. Aug. 8, 2008). Indeed, the Court has held that an attorney's professional obligation as an officer of the court "confers standing on any attorney to challenge a lawyer's representation of a client when he is privy to facts which justify disqualification." *SMI Industries Canada*, 586 F. Supp. at 815; *see also Planning & Control, Inc. v MTS Group, Inc.*, 1992 WL 51569 at *2-3 (S.D.N.Y. 1992) (same).

In this case, Hogan has a clear and unwaivable conflict under, *inter alia*, New York Rule of Professional Conduct 1.7. At the same time that Hogan is trying to track down an ICA deposit for Camshaft against Prime, Hogan is also taking steps on behalf of Prime to keep Compass and

Hon. Mae A. D'Agostino
January 15, 2024
Page 3

the Court's appointed receiver from discovering where those very ICA deposits are. And at the same time that Hogan is representing Prime, Hogan is asking the Miami court to enter judgment against Prime for the recovery of Hogan's attorneys' fees incurred against Prime in the Camshaft Prime Lawsuit. This conflict is clear, direct, and unwaivable and Hogan must be disqualified from any further representation of Prime in this action.

Very truly yours,

HINCKLEY, ALLEN & SNYDER LLP

Christopher V. Fenlon

Enclosures

cc:   Pieter Van Tol (via ECF and email)
      Berone Defendants (via email)