# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| Compass-Charlotte 1031, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-00055-MAD-DJS |
| Prime Capital Ventures, LLC, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CAMSHAFT CRE 1 LLC, c/o David Massey - Hogan Lovells
16850 Collins Avenue #112408, Sunny Isles Beach, FL 33160

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached hereto.

| Place: VIA ELECTRONIC FORMAT to:<br>Kieran T. Murphy (kmurphy@hinckleyallen.com);<br>Will Esser (willesser@parkerpoe.com) | Date and Time:<br>01/18/2024   5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/15/2024

CLERK OF COURT       OR       /s/ signature

_____            _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Compass-Charlotte 1031, LLC, who issues or requests this subpoena, are:

Christopher V. Fenlon, 30 S. Pearl St. (Suite 901) Albany, NY 12207, cfenlon@hinckleyallen.com, 518-396-3138

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-00055-MAD-DJS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:24-cv-00055-MAD-DJS   Document 11-2   Filed 01/15/24   Page 4 of 10

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.*,
1:24-cv-00055-MAD-DJS (N.D.N.Y)

## SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Attached to this Schedule is an Order issued by the United States District Court for the Northern District of New York, dated January 12, 2023, which appoints an interim receiver over Prime Capital Ventures, LLC, Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (the "Federal Court Order").

Pursuant to the terms of the Federal Court Order, Plaintiff Compass-Charlotte 1031, LLC ("Compass-Charlotte") is entitled to "obtain the production of documents, **within three (3) calendar days from service by facsimile, email or otherwise** of a subpoena, from any non-party persons or entities." Compass-Charlotte is sending this subpoena for the production of the following documents which must be produced electronically as follows:

**Deadline for Production**: 5:00 p.m. on Thursday, January 18, 2024.

**Method of Production**: Via email or electronic download link sent to the following email addresses: kmurphy@hinckleyallen.com and willesser@parkerpoe.com.

**Documents for Production**:

a) All contracts or agreements between Camshaft on the one hand and any one or more of the following on the other hand: Prime Capital Ventures, LLC, Prime Commercial Lending, LLC, Kris Roglieri or Kimberly "Kimmy" Humphrey (collectively the "Prime Parties");

b) Documents evidencing any money paid or transferred between Camshaft and any of the Prime Parties;

c) All communications between Camshaft and any of the Prime Parties regarding return of Camshaft's ICA deposit to Camshaft; and

d) All documents showing the source of the $1,000,000 paid by Prime Capital Ventures to Camshaft as alleged in Camshaft's complaint against Prime.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COMPASS-CHARLOTTE 1031, LLC,

                              Plaintiff,

  -against-

PRIME CAPITAL VENTURES, LLC
BERONE CAPITAL FUND, LP
BERONE CAPITAL PARTNERS LLC
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital
Partners LLC

                              Defendants.

Case No.: 1:24-cv-55

---

## ORDER TO SHOW CAUSE FOR THE APPOINTMENT OF A RECEIVER ON AN EMERGENCY BASIS AND FOR EXPEDITED DISCOVERY

Upon the Verified Complaint filed by Plaintiff on January 12, 2024 and the exhibits annexed thereto, upon the Declaration of Christopher V. Fenlon, dated January 12, 2024, and upon Plaintiff's Memorandum of Law in Support of Emergency Motion for Appointment of a Receiver and for Expedited Discovery (the "Emergency Motion") and Plaintiff having complied with Local Rule 7.1(e), and good cause having been shown for the relief granted herein, it is:

**ORDERED** that Defendants, Prime Capital Ventures, LLC ("Prime") and Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (the "Berone Defendants") (collectively, "Defendants") show cause before the Honorable Mae A. D'Agostino of the United States District Court for the Northern District of New York at the James T. Foley Federal Courthouse, 445 Broadway, Albany, New York, on Monday, January 22, 2024, at 9:00 a.m., or as soon thereafter as counsel can be heard, why an Order should not be entered:

1. Pursuant to Rule 66 of the Federal Rules of Civil Procedure, appointing a receiver until further order of the Court, with all of the usual powers, including but not limited to, the power to: (a) take exclusive possession, custody, and control of all of Defendants' books and records and assets, wherever located; (b) exclusively operate and manage Defendant's businesses until further order of this Court; and (c) pursue such further and other relief as may be proper, necessary or just under the circumstance; and

2. Pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, authorizing Plaintiff to take expedited discovery of Defendants and certain third-parties identified in Plaintiff's papers without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitation of Fed. R. Civ. P. 30(a)(2) and 30(d).

**IT IS FURTHER ORDERED** that, sufficient reason and good cause having been shown therefor, pending the hearing of Plaintiff's Emergency Motion, and pursuant to Rule 66 of the Federal Rules of Civil Procedure, and until further order of the Court, Paul Levine, Esq. of the law firm Lemery Greisler LLC, shall be appointed to serve as the temporary receiver ("Receiver") for the Defendants, and shall have the following powers and duties:

1. The Receiver shall have and retain and is hereby granted exclusive dominion and control over all of the assets, books and records, operations and business affairs of Defendants.

2. The Receiver's authority hereunder shall be, and hereby is, vested in and extended to (a) all of Defendants' real property, equitable property, tangible and intangible personal property, interest, or assets of any nature, wherever located and (b) all claims, demands, or causes of action of any kind, character or description, regardless of the legal principle or theory upon which the same may be based, whether known or unknown, liquidated or unliquidated, disputed or undisputed, contingent or absolute, accrued or unaccrued,

matured or un-matured, insured or uninsured, joint or several, determined or undetermined, determinable or otherwise.

3. The Receiver is hereby authorized to operate and manage Defendants' business until further order of Court.

4. The Receiver is hereby authorized to take possession of and, in his discretion, close Defendants' existing deposit accounts and open new accounts in the Receiver's name.

5. The Receiver is authorized to take any and all actions the Receiver, in his sole discretion, deems appropriate in order to ascertain the amount and location of Defendants' assets.

6. The Receiver is authorized to retain, employ, and pay for the services of individuals or firms selected by the Receiver in his discretion and in consultation with Plaintiff to assist in the performance of the Receiver's duties. It shall not be grounds for an attorney's disqualification that the attorney is affiliated with the Receiver's law firm.

7. The Receiver shall have the duties and responsibilities of a receiver under law, shall be answerable and account to the Court for the Receiver's activities, and shall maintain a detailed accounting of his activities, including without limitation, any and all funds collected and used for any purpose.

8. The Receiver shall not be liable for any debts or liabilities of Defendant.

**IT IS FURTHER ORDERED** that upon the Court's appointment of the Receiver, Defendants, their agents, servants, representatives, employees, assigns, affiliates, subsidiaries and their affiliates' and subsidiaries' agents, servants, representatives, employees, assigns and nominees (including without limitation Kris Roglieri, Kimberly "Kimmy" Humphrey, and Prime Commercial Lending, LLC and all of its employees) shall immediately turn over Defendants' businesses and all assets to the Receiver (including the keys to all real estate owned by Prime including the house located at 600 Linkhorn Drive, Virginia Beach, Virginia), together with all

contracts, subcontracts, and other documents, records (both physical and electric), files and other materials relating thereto, and the foregoing individuals and entities shall fully cooperate with and respond to all reasonable requests of the Receiver, including requests immediately to turn over financial records within three (3) business days of the request of the Receiver.

**IT IS FURTHER ORDERED** that the foregoing individuals and entities shall not destroy, alter or conceal any records (including both physical and digital records).

**IT IS FURTHER ORDERED** that Defendants shall pay the reasonable costs, fees, and expenses of the Receiver incurred in connection with the performance of his duties. All applications for costs, fees, and expenses of the Receiver and those employed by him shall be made by application to the Court setting forth in reasonable detail the nature of such costs, fees, and expenses.

**IT IS FURTHER ORDERED** that, sufficient reason and good cause having been shown therefor, pending the hearing of Plaintiff's Emergency Motion, and pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and until further order of the Court, Plaintiff is hereby authorized to take expedited discovery of Defendants and certain third-parties identified in Plaintiff's papers without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitation of Fed. R. Civ. P. 30(a)(2) and 30(d) as follows:

> 1. Plaintiff may obtain the production of documents, within three (3) calendar days from service by facsimile, email or otherwise of a subpoena, from any non-party persons or entities.

**IT IS FURTHER ORDERED** that service of a copy of the Verified Complaint, this Order to Show Cause, and supporting papers, upon Defendant Prime by email to Kris Roglieri (kris@primecommerciallending.com) and Kimberly ("Kimmy") Humphrey (kimmy@primecommerciallending.com) and overnight courier to Prime Capital Ventures, LLC,

Case 1:24-cv-00055-MAD-DJS Document 11-2 Filed 01/15/24 Page 10 of 10

66 Pearl Street – 10th Floor, Albany, New York 12207, and upon the Berone Defendants by email to Fabian Stone (stone@beronecapital.com) and Jeremiah Beguesse (jeremiah@beronecapital.com) and overnight courier to A Registered Agent, Inc., 8 The Green – Suite A, Dover, Delaware 19901 and Sunshine Corporate Filings LLC, 7901 4th Street, N. – Suite 300, St. Petersburg, Florida, 33702, on or before <u>as soon as possible, but no later than Tuesday, January 16, 2024</u>, shall be deemed good and sufficient service thereof.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause no later than <u>Thursday, January 18, 2024, at 5:00 p.m.</u> Service shall be made by delivering the papers by email to Plaintiff's counsel and by filing on PACER. Plaintiff shall have until <u>Friday, January 19, 2024, at 5:00 p.m.</u> to serve any reply papers upon the Defendants or their respective counsel, including by any form of service authorized in the foregoing paragraph.

IT IS SO ORDERED.

DATED: <u>January 12, 2024</u>

_____
UNITED STATES DISTRICT JUDGE