

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

January 17, 2024

**<u>Via ECF</u>**

Honorable Mae A. D'Agostino
United States District Judge
United States District Court
Northern District of New York
445 Broadway, Suite 330
Albany, NY 12207

Re:     *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC,* 24-cv-00055

Dear Judge D'Agostino:

On behalf of Defendant Prime Capital Ventures, LLC ("Prime Capital"), we respectfully submit this letter regarding the Declaration of Jeffrey Huston dated January 16, 2024 (the "Huston Declaration"). Mr. Huston is the President of 1800 Park Place Avenue ("1800 Park"). Plaintiff Compass-Charlotte 1031 LLC ("Plaintiff") does not purport to represent 1800 Park, but it nonetheless filed the Huston Declaration in the above action. (ECF #23.)

As an initial matter, the Huston Declaration is procedurally improper. Plaintiff linked the filing to ECF #6, which is its already-granted emergency motion for, among other things, the appointment of an interim receiver. In the Huston Declaration, Mr. Huston urges the Court to "maintain the interim receiver." (ECF #23, ¶ 29.) Presumably, Plaintiff is offering the Huston Declaration as a "sur-response" and yet another filing in opposition to Prime Capital's emergency motion to vacate the appointment of the interim receiver, in addition to the letter that Plaintiff submitted yesterday in opposition. (*See* ECF # 17.) Plaintiff, however, should not be permitted to make *seriatim* filings on the same motion, which takes up Court resources.

Assuming, however, that the Court allows the filing, we respectfully that the Court disregard the contents of the Huston Declaration because they are not relevant to this action.

As Mr. Huston repeatedly states, and as the documents attached to the Huston Declaration clearly show, 1800 Park is in a dispute over $5 million with non-defendant <u>Prime Commercial Lending LLC</u> ("PLC"), not Prime Capital:

- Mr. Huston notes that the lender in the loan documents changed from Prime Capital to PLC on December 18, 2023. (Huston Decl., ¶ 7.)

- On December 22, 2023, Mr. Huston and Kris Roglieri of PLC signed a deposit agreement (the "Deposit Agreement"), which is solely between 1800 Park and PLC. (*Id.*, ¶¶ 13; *see also id.*, Ex. 3.)

January 17, 2024

- The demand letter dated January 3, 2024, from counsel for 1800 Park, Chad Miesen, is addressed to PLC. (*See id.*, Ex. 4.) It also references the Deposit Agreement between 1800 Park and PLC. (*Id.*) There is no mention of Prime Capital in the letter.

Exhibit A to the Deposit Agreement contains wire instructions and states that the "Account Holder" is PCL. However, Exhibit A mistakenly listed an account number (ending in 2233) and routing instructions for Prime Capital. As a result, 1800 Park wired the $5 million to Prime Capital on December 22, 2023, instead of PLC. Prime Capital and PLC immediately spotted the error and, that same day, Prime Capital transferred the $5 million to the correct PLC account.

Because the $5 million was briefly in a Prime Capital account, the Bankruptcy Court in the involuntary bankruptcy proceeding asked Prime Capital to provide information to satisfy the Bankruptcy Court and the U.S. Trustee that Prime Capital did not have an interest in the funds. Prime Capital has already provided information, and it will update the Bankruptcy Court further at the upcoming January 23, 2024 hearing.

Also, beginning on January 10, 2024, the undersigned began discussing the return of the $5 million to 1800 Park with its counsel, Mr. Miesen. The parties recognized that, in light of the Bankruptcy Court's interest in the issue, Prime Capital would need approval from the U.S. Trustee and the Bankruptcy Court before PLC could return the funds. The two email chains attached hereto as Exhibits A and B reflect those discussions about a stipulated order allowing the return of the $5 million. In his emails, Mr. Miesen again recognized that the dispute over the $5 million is between 1800 Park and PLC, not Prime Capital. (*See, e.g.*, Ex. A, Jan. 5, 2024 email (stating that "the funds are not property of Prime Capital Ventures, LLC").)

Thus, because the Huston Declaration relates to a transaction and a dispute between two parties that are not before the Court, Prime Capital respectfully requests that the Court disregard the Huston Declaration when deciding the pending motions.

Respectfully submitted,

*/s/ Pieter Van Tol*

Pieter Van Tol
Partner
pieter.vantol@hoganlovells.com
D 1 212 909 0661

Enc.