UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
COMPASS-CHARLOTTE 1031, LLC,                :
:
              Plaintiff,                :
:
       v.                                :     Case No. 24-cv-00055 (MAD/CJH)
:
PRIME CAPITAL VENTURES, LLC                 :
BERONE CAPITAL FUND, LP,                    :
BERONE CAPITAL PARTNERS LLC,                :
BERONE CAPITAL LLC,                         :
BERONE CAPITAL EQUITY FUND I, LP,           :
and 405 MOTORSPORTS LLC f/k/a Berone        :
Capital Equity Partners LLC,                :
:
              Defendants.               :
---------------------------------------------------------------x

# DECLARATION OF PIETER VAN TOL

Pieter Van Tol, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a partner with the firm of Hogan Lovells US LLP, and I am counsel for Defendant Prime Capital Ventures, LLC ("Prime Capital") in the above action. I am admitted to the bar of the State of New York and to practice before this Court.

2. I submit this declaration, pursuant to Local Rule 7.1(e), to show good and sufficient cause why the standard motion procedure cannot be used with regard to Prime Capital's emergency motion (the "Emergency Motion") for a stay, pending the determination of Prime Capital's appeal, of the Court's Order dated January 24, 2024 (the "January 24 Order") (*see* ECF #56) appointing a receiver (the "Receiver") permanently and continuing expedited discovery.

3. I also submit this declaration to provide documents for the Court's consideration in connection with the Emergency Motion.

1

I. **Good Cause for Relief and Shortening Time on Motion**

4. After the Court entered the January 24 Order, Prime Capital filed an interlocutory appeal on January 26, 2024 pursuant to 28 U.S.C. § 1292(a)(2). (*See* ECF # 60.)

5. As set forth in the accompanying memorandum of law filed by Prime Capital (the "Supporting Brief"), the Court should stay the January 24 Order pending the determining of Prime Capital's appeal, for several reasons:

6. *First*, Prime Capital has a strong likelihood of success on the merits because (a) the receivership is not "in aid of arbitration," and instead it will interfere with (or nullify) Prime Capital's arbitral rights; and (b) Plaintiff did not demonstrate, by "clear and convincing" evidence, that a receivership is permissible or warranted here. (*See* Supp. Br., 5-20.)

7. *Second*, Prime Capital would suffer irreparable harm in the absence of a stay given the detrimental impact that a continued receivership would have. Such harm is not compensable by money damages. Moreover, the receivership has interfered with, and may nullify, Prime Capital's arbitral rights. In analogous circumstances, the U.S. Supreme Court has held that there is irreparable harm *per se* and district courts must enter a stay. (*See id.*, 20-22.)

8. *Third*, a stay would not result in "substantial injury" to Plaintiff. Plaintiff was not entitled to a receivership in the first place and, therefore, it cannot complain if the appointment of the Receiver is stayed. (*See id.*, 22.)

9. *Fourth*, a stay would be in the public interest because it would protect Prime Capital's arbitral rights and vindicate the strong public policy in favor of arbitration. (*See id.*, 22.)

10. The Court, therefore, should grant a stay of the January 24 Order pending appeal. In the alternative, the Court should grant a temporary stay pending the determination of any motion for a stay by Prime Capital pursuant to Fed. R. App. P. 8(a).

11. For the foregoing reasons, Prime Capital respectfully requests that the Court immediately stay the January 24 Order pending the determination of Prime Capital's appeal or, in the alternative, that the Court temporarily stay the January 24 Order until the Court of Appeals decides any motion for stay made by Prime Capital.

12. Prime Capital also respectfully requests that the Court shorten the time on the Emergency Motion and order Plaintiff to submit any opposition papers to the Emergency Motion by 5:00 p.m. on January 31, 2024. As discussed below, counsel for Plaintiff and the Receiver would not consent to such a deadline and stated that they would need until February 7, 2024 (*i.e.*, nine days from January 29) to respond.[1]

13. Such a delay for opposition papers is contrary to the usual practice for motions for stay pending appeal, which are typically briefed and decided at the district court level in a truncated period of time. That is because stay papers largely consist of arguments that have been fully briefed previously, and stays are often summarily denied by district courts. For example, in a very complicated receivership case, *In re Platinum-Beechwood Litigation*, 19-cv-3211 (S.D.N.Y.), the stay motion was filed on August 9, 2019 and the Court ordered the filing of an opposition by August 14, 2019. (*See* **Exhibit A** hereto, Dkt. Nos. 60 and 65.)

14. Here, Prime Capital has moved on an emergency basis because of the daily harm caused by the receivership and the urgent need to move before the Court of Appeals, if necessary.

II. **Other Documents for Court's Consideration**

15. Annexed hereto as **Exhibit B** is a true and correct copy of the transcript for the Court hearing held on January 22, 2024 in this action.

---

[1] I note that the time for Prime Capital to respond to the original motion for the appointment of a receiver was six days and Prime Capital responded within four days (three of which were the weekend and a holiday).

**III.     Notice to Counsel**

16.     Pursuant to Local Rule 7.1(e), I sent an e-mail dated January 28, 2024 (a true and correct copy of which is in **Exhibit C** attached hereto**)** to counsel for Plaintiff, counsel for the other Defendants, and counsel for the Receiver providing them with reasonable notice that on January 29, 2024, Prime Capital would be submitting an Order to Show Cause seeking the relief set forth in the accompanying papers.  I also asked counsel to consent to an expedited schedule.  Counsel for Plaintiff and the Receiver refused, and instead requested nine days to respond.  (*See* Ex. C.)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2024 in New York, New York.

                                                                */s/ Pieter Van Tol*
                                                                 Pieter Van Tol