UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COMPASS-CHARLOTTE 1031, LLC,

                     Plaintiff,             Case No.:1:24-cv-55 (MAD/DJS)

   -against-

PRIME CAPITAL VENTURES, LLC        **ORDER TO SHOW CAUSE**
BERONE CAPITAL FUND, LP             **FOR ATTACHMENT**
BERONE CAPITAL PARTNERS LLC       **PURSUANT TO RULE 64**
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital Equity
Partners LLC

                     Defendants.

_____

PAUL A. LEVINE, as RECEIVER of PRIME CAPITAL
VENTURES, LLC,

               Third-Party Plaintiff,

   -against-

KRIS D. ROGLIERI, TINA M. ROGLIERI, KIMBERLY
A. HUMPHREY a/k/a "KIMMY" HUMPHREY, PRIME
COMMERCIAL LENDING, LLC, COMMERCIAL
CAPITAL TRAINING GROUP, THE FINANCE
MARKETING GROUP, NATIONAL ALLIANCE OF
COMMERCIAL LOAN BROKERS LLC, FUPME, LLC,

               Third-Party Defendant,

_____

       Upon the Verified Third-Party Complaint, filed by Paul A. Levine, as Receiver of Prime

Capital Ventures LLC, sworn to on January 27, 2024, and the Exhibits annexed thereto, the

Declaration of Robert A. Lippman, Esq., sworn to on January 29, 2024, the Receiver's

Memorandum of Law in Support of Injunctive Relief, date January 29, 2024, and all the pleadings

and proceedings heretofore had herein in support of interim relief pursuant to F.R.C.P. 64, and upon Receiver/Third-Party Plaintiff having complied with Local Rule 7.1(e), and due deliberation having been had thereon and sufficient cause appearing:

Let Third-Party Defendants Kris D. Roglieri, Tina M. Roglieri, Kimberly A. Humphrey a/k/a Kimmy Humphrey, Prime Commercial Lending, LLC, Commercial Capital Training Group, LLC, The Finance Marketing Group, National Alliance of Commercial Loan Brokers, and FUPME, LLC (hereinafter collectively "Third-Party Defendants") **SHOW CAUSE** before this Court, to be heard at _____, on the \_\_\_\_ day of _____, 2024, at \_\_\_\_\_ am, or as soon thereafter as counsel can be heard, why an Order should not be granted pursuant to F.R.C.P. 64, against them, as follows:

A. Enjoining Third-Party Defendants from making payments, distributions, or otherwise withdrawing or encumbering funds to themselves, to each other, or to their respective affiliates and/or family members, from any bank accounts where Third-Party Plaintiff, Prime Capital Ventures, LLC ("Prime"), or any Third-Party Defendant herein deposited, held or received in connection with loan financing to Prime's borrowers, including but not limited to the following entities and individuals: Compass-Charlotte 1031, LLC, HCW Biologics Inc., Newlight Technologies, Inc., 526 Murfreesboro, LLC, Motos America Inc., Piper Capital Funding, ER Tennessee LLC, B&R Acquisition Partners, Onward Holdings/Onward Partners LLC, Camshaft CRE 1, LLC and 1800 Park Avenue LLC (collectively hereinafter the "Borrowers"), specifically including, but not limited to Borrower Interest Credit Account (ICA") funds deposited to the

following bank accounts, which are hereby attached, pursuant to Fed. R. Civ. P. 64, hereinafter, collectively defined as the "ICA Accounts", to wit:

    a. CitiBank, account ending in 6945;

    b. KeyBank, account ending in 2233;

    c. KeyBank, account ending in 2878;

    d. Farmers State Bank, account ending in 5665;

    e. Interactive Brokers, account ending in 0095;

    f. Interactive Brokers, account ending in 0712;

    g. Interactive Brokers, account ending in 0067;

    h. RBC, account ending in 0017;

B. Enjoining Third-Party Defendants from transferring, selling, disposing, driving or encumbering the following automobile assets, which are hereby attached, pursuant to F.R.C.P. 64:

| Year | Make/Model | Tag | Color |
|---|---|---|---|
| 2017 | Novitec Ferrari 488 N-Largo | NLargo2 | Rosso Corsa |
| 2022 | Ferrari 812 Competizione | 812ZIONE | Blu Corsa |
| ? | Ford GT '69 Gulf Livery Heritage Edition | ? | Gulf Blue |
| 2021 | Mercedez-Benz AMG GT Black Series | GTBLACK | Designo Graphite Grey Magno |
| 2020 | Lamborghini Aventador SVJ | SVJSHARK | Nero Aldebaran |
| 2014 | Mercedes-Benz SLS AMG Black Series | BKSERIES | Obsidian Black Metallic |
| 2019 | Novitec McLaren 720S N-Largo | NLARGO3 | Supernova Silver |
| 2014 | Novitec Ferrari F12 N-Largo | NLARGO | Nero Daytona |
| 2004 | Gemballa Mirage GT | ? | Blue Metallic |
| 2002 | Ferrari Enzo | ? | Rosso Corsa |
| 2006 | Maserati MC12 Corsa | ? | MC Victory Blue |

{LG 00725330 6 }

| | | | |
|---|---|---|---|
| 2014 | Ferrari LaFerrari | ? | Rosso Corsa |

    C.    Pursuant to Fed. R. Civ. P. 64, enjoining Third-Party Defendants from transferring, selling, disposing or encumbering any real estate, personal property or other tangible assets in their possession or to which they hold title or any legal interest, which tangible assets were purchased with monies from the above-identified ICA Accounts, including but not limited to the following:

    a.    That certain real property known as 600 Linkhorn Drive, Virginia Beach, VA;

    b.    That certain property known as 40 North Road, Queensbury, NY;

    c.    A Richard Mille Skull 52-01 Tourbillon Skull wristwatch, purchased by Prime Capital Ventures from Platinum Times, for $2,275,000 (currently in the possession of the Receiver, Paul A. Levine, Esq.)

    d.    The additional items of personal property, vehicles (or vehicle related expenditures) identified in Paragraph "77" of the Third-Party Complaint, having been purchased from or through AI Design, Cars USA Shipping, Capital Ford, Scott Oliver Law, RENNtech Inc., Bonhams Butterfields Trust, Rockland Auto, RM Auctions Inc. (aka "RM Sotheby's"), CFR Classic LLC, Hunter Motorsports, Keeler Motor Car Co., Wrist Afficionado, 1st Dibs, Cedric Dupont, Prive Porter, Platinum Times LLC, Timepiece Trading, Giganti and Giganti, Luxury Bazaar and Richemont North.

    D.    Requiring Third-Party Defendants to return all funds withdrawn from the aforesaid ICA Accounts which were withdrawn for any purpose other than that provided for in the Line of Credit lending documents or agreements executed between a Borrower and Prime Capital Ventures, LLC, Prime Commercial Lending, LLC, Commercial Capital Training Group, The

Finance Marketing Group, National Alliance of Commercial Loan Brokers LLLC, or FUPME, LLC;

      E.      Authorizing the Receiver, pursuant to F.R.C.P. 26, 30, 31, 33, 34, 36 and 45, to take expedited discovery of Third-Party Defendants and necessary third-parties identified herein and in the Third-Party Complaint, without the requirement of a meeting pursuant to F.R.C.P. 26(f), and without regard to the limitation of F.R.C.P. 30(a)(2) and 30(d).

      **SUFFICIENT CAUSE APPEARING THEREFORE**, it is

      **ORDERED** that sufficient reason and good cause having been shown therefor, pending the hearing of this Order to Show Cause, Third-Party Defendants are hereby temporarily restrained from withdrawing or encumbering funds to themselves, to each other, or to their respective affiliates and/or family members, from any bank accounts where Third-Party Plaintiff Prime Capital Ventures, LLC, or any Third-Party Defendant herein deposited, held or received in connection with loan financing to Prime's Borrowers, specifically including the ICA Accounts, to wit:

      a.  CitiBank, account ending in 6945;

      b.  KeyBank, account ending in 2233;

      c.  KeyBank, account ending in 2878;

      d.  Farmers State Bank, account ending in 5665;

      e.  Interactive Brokers, account ending in 0095;

      f.  Interactive Brokers, account ending in 0712;

      g.  Interactive Brokers, account ending in 0067;

    h.  RBC, account ending in 0017;

**AND IT IS FURTHER ORDERED** that Third-Party Defendants are hereby temporarily restrained from transferring, selling, disposing or encumbering the vehicles listed below, shall immediately cease driving said vehicles or exposing them to any damage or depreciation, and shall immediately turn over to the Receiver the insurance policies, in connection with the following:

| Year | Make/Model | Tag | Color |
|---|---|---|---|
| 2017 | Novitec Ferrari 488 N-Largo | NLargo2 | Rosso Corsa |
| 2022 | Ferrari 812 Competizione | 812ZIONE | Blu Corsa |
| ? | Ford GT '69 Gulf Livery Heritage Edition | DPL987 | Gulf Blue |
| 2021 | Mercedez-Benz AMG GT Black Series | GTBLACK | Designo Graphite Grey Magno |
| 2020 | Lamborghini Aventador SVJ | SVJSHARK | Nero Aldebaran |
| 2014 | Mercedes-Benz SLS AMG Black Series | BKSERIES | Obsidian Black Metallic |
| 2019 | Novitec McLaren 720S N-Largo | NLARGO3 | Supernova Silver |
| 2014 | Novitec Ferrari F12 N-Largo | NLARGO | Nero Daytona |
| 2004 | Gemballa Mirage GT | ? | Blue Metallic |
| 2002 | Ferrari Enzo | S11GAR | Rosso Corsa |
| 2006 | Maserati MC12 Corsa | ? | MC Victory Blue |
| 2014 | Ferrari LaFerrari | ? | Rosso Corsa |

**AND IT IS FURTHER ORDERD** that Third-Party Defendants are hereby temporarily enjoined from transferring, selling, disposing of or encumbering any of the real estate, personal property or other tangible assets in their possession or to which they hold title, which were purchased with monies from the ICA Accounts, or modified or repaired with monies from the ICA Accounts, including but not limited to the following:

    a.  That certain real property known as 600 Linkhorn Drive, Virginia Beach, VA;

    b. That certain property known as 40 North Road, Queensbury, NY;

    c. A Richard Mille Skull 52-01 Tourbillon Skull wristwatch, purchased by Prime Capital Ventures from Platinum Times, for $2,275,000 (currently in the possession of the Receiver, Paul A. Levine, Esq.)

    d. The additional items of personal property identified in Paragraph "77" of the Third-Party Complaint, having been purchased from or through AI Design, Cars USA Shipping, Capital Ford, Scott Oliver Law, RENNtech Inc., Bonhams Butterfields Trust, Rockland Auto, RM Auctions Inc. (aka "RM Sotheby's"), CFR Classic LLC, Hunter Motorsports, Keeler Motor Car Co., Wrist Afficionado, 1st Dibs, Cedric Dupont, Prive Porter, Platinum Times LLC, Timepiece Trading, Giganti and Giganti, Luxury Bazaar and Richemont North.

**AND IT IS FURTHER ORDERED** the Third-Party Defendants shall not destroy, alter or conceal any records (including both physical and digital records);

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. 26, 30, 31, 33, 34, 36, and 45, and until further order of the Court, the Receiver is hereby authorized to take expedited discovery of Third-Party Defendants and those certain third-parties identified herein and in the Third-Party Complaint, without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitation of Fed. R. Civ. P. 30(a)(2) and 30(d) as follows:

1. Plaintiff may obtain the production of documents, within three (3) calendar days from service by facsimile, email or otherwise of a subpoena, from Third-Party Defendants and any non-party persons or entities in connection with the claims made in the Third-Party Complaint.

**AND IT IS FURTHER ORDERED** that service of a copy of the Verified Third-Party Complaint, this Order, and the underlying papers on which it has been granted, shall be deemed sufficient, as follows: by email to Kris Roglieri, at kris@primecommerciallending.com; to Kimberly ("Kimmy") Humphrey by email, at kimmy@primecommerciallending.com and via overnight courier to 600 Linkhorn Drive, Virginia Beach, Virginia; to Prime Capital Ventures, LLC, Prime Commercial Lending, LLC, Commercial Capital Training Group, The Finance Marketing Group, National Alliance Of Commercial Loan Brokers LLC, and FUPME, LLC, by personal service or overnight courier at 66 Pearl Street – 10th Floor, Albany, New York 12207, to Plaintiff Compass-Charlotte 1031, LLC by email to William Esser, at willesser@parkerpoe; and upon the Berone Defendants by email to Fabian Stone (stone@beronecapital.com) and Jeremiah Beguesse (jeremiah@beronecapital.com) and overnight courier to A Registered Agent, Inc., 8 The Green – Suite A, Dover, Delaware 19901 and Sunshine Corporate Filings LLC, 7901 4th Street, N. – Suite 300, St. Petersburg, Florida, 33702, on or before _____, shall be deemed good and sufficient service thereof.

**AND IT IS FURTHER ORDERED** that the Third-Party Defendants shall deliver any opposing papers in response to the Order to Show Cause no later than _____, at _____ p.m./a.m. Service shall be made by delivering the papers by email to Receiver's counsel and by filing on PACER. The Receiver shall have until _____, at _____ a.m./p.m. to serve any reply papers upon the Third-Party Defendants or their respective counsel, including by any form of service authorized in the foregoing paragraph.

IT IS SO ORDERED.

DATED: _____

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

{LG 00725330 6 }