

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

January 30, 2024

**<u>Via ECF</u>**

Honorable Mae A. D'Agostino
United States District Court
Northern District of New York
445 Broadway
Albany, NY 12207

Re:   *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.*, 24-cv-00055

Dear Judge D'Agostino:

On behalf of Defendant Prime Capital Ventures, LLC ("Prime Capital"), we respectfully submit this letter regarding the Order to Show Cause and related submissions by the receiver (the "Receiver") in this case in support of his emergency motion filed yesterday for a temporary restraining order attaching certain assets and related relief (the "Emergency Motion").

At the outset, we note that Prime Capital is not a defendant in the recently filed Third-Party Complaint to which the Emergency Motion relates, and that this firm does not (at this time) represent the Third-Party Defendants with respect to those claims.[1]  Prime Capital, however, has a direct interest in the Emergency Motion because (a) the Receiver purports to bring claims on behalf of Prime Capital; (b) many of the assets at issue are (or were) Prime Capital assets; and (c) the Receiver asserts wrongdoing by Prime Capital (through its sole member, Kris Roglieri).

The Emergency Motion suffers from a number of facial deficiencies:

*First*, the Third-Party Complaint arises out of the Complaint filed by Plaintiff Compass-Charlotte 103, LLC ("Compass") in this case and, as noted by Prime Capital in its earlier submissions, this action should be dismissed or stayed as to Prime Capital in light of the valid, binding and undisputed arbitration agreement between the parties.  Accordingly, the Receiver cannot bring third-party claims on behalf of Prime Capital because any underlying claims against Prime Capital in this action should be dismissed or stayed in favor of arbitration.

*Second*, the Court should not entertain the Emergency Motion because the Court was divested of jurisdiction over such matters relating to the receivership when Prime Capital appealed from the January 24, 2024 Order (the "January 24 Order") appointing the Receiver.  In *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (982), the U.S. Supreme Court noted that "a federal court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."

---

[1]   We are also unaware of any service of the Third-Party Complaint as of the time of this letter.

January 30, 2024

*Id.* at 58.  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Id.*  There can be no doubt that the Receiver's effort to attach assets through the Emergency Motion involves a central aspect of Prime Capital's appeal because Prime Capital is challenging the Receiver's appointment.  In an analogous case, *F.T.C. v. 1st Guar. Mortg. Corp.*, 2012 WL 1676746 (S.D. Fla. May 14, 2012), the court refused to hear a motion regarding the preservation of assets because an appeal from the receiver's appointment was pending.  *See id.* at *1.  The Court should do the same here.

*Third*, even if the Court determines that it is not divested of jurisdiction, the Receiver lacks the authority to file the Emergency Motion (and the related claims in the Third-Party Complaint).  The January 24 Order delineates the Receiver's "powers and duties," and they do not include the assertion of claims on Prime Capital's behalf.  (*See* Jan. 24 Order, 19-20.)  As the Court pointed out in the January 24 Order, "[a] receiver's 'authority is wholly determined by the order of the appointing court.'"  (*Id.*, 18 (quoting *Citibank, N.A. v. Hyland (CF8) Ltd.*, 839 F.2d 93, 98 (2d Cir. 1988) (internal citation omitted).)  Thus, the Receiver cannot rely on general powers or case law; his authority is limited by the January 24 Order.

*Fourth*, the request in the Emergency Motion for discovery is an attempt to skirt this Court's text order, entered yesterday, staying discovery pending Prime Capital's appeal.  (ECF #68.)  The undefined (and, hence, unlimited) discovery sought by the Receiver in the Emergency Motion will undoubtedly involve the same facts and issues covered in the now-stayed discovery, which focused on Prime Capital's assets.  The Court should not permit yet another attempt to evade the discovery limitations in the arbitration agreement.

*Fifth*, the Emergency Motion and the related Third-Party Complaint are further evidence that the Receiver is improperly acting as a stalking horse for Compass.  The Receiver has accepted, without question, Compass' interpretation of the credit agreement between Compass and Prime Capital, which is that its ICA deposit should have been segregated.  That interpretation is not supported by the language of the credit agreement.  At a minimum, whether the Compass ICA deposit should have been segregated and not used for other purposes is an issue to be determined in the arbitration.  Moreover, the Receiver continues to ignore the evidence showing that Berone defrauded Prime Capital, and he has not shown a similar interest in tracking down and marshalling the Berone assets.  Instead, in focusing on Prime Capital rather than Berone, the Receiver has been closely cooperating with Compass and doing its bidding, which is contrary to the purposes of receivership.  *See Eberhard v. Marcu*, 530 F.3d 122, 132 (2d Cir. 2008) (noting that the Second Circuit has "disapproved of district courts using receiverships as a means to process claim forms and set priorities among various classes of creditors").

Prime Capital reserves the right to raise other arguments with respect to the Emergency Motion or the Third-Party Complaint.  But the above issues, by themselves, demonstrate that the Emergency Motion should be rejected even before the merits (or other arguments) are considered.

Therefore, Prime Capital respectfully requests that the Court deny the Emergency Motion.

January 30, 2024

Respectfully submitted,

*/s/ Pieter Van Tol*

Pieter Van Tol

Partner

Hogan Lovells US LLP
pieter.vantol@hoganlovells.com
D 1 212 909 0661

cc:     Counsel of record (by ECF)