# Lemery Greisler LLC

Attorneys at Law

Paul A. Levine, Member

plevine@lemerygreisler.com
(518) 433-8800 ext. 313

January 30, 2024

**Via ECF**

Honorable Mae A. D'Agostino
United States District Court
Northern District of New York
445 Broadway
Albany, New York 12207

      Re: *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.*, 24-cv-00055

Dear Judge D'Agostino:

      I am the Permanent Receiver in this case.  I write to briefly respond to the letter filed earlier today on behalf of Prime Capital Ventures LLC ("Prime") by its attorneys Hogan Lovells (Doc. 74) with regard to the third party action I have commenced and the proposed order to show cause.

      I question the standing of Prime to raise any issue with regard to the Third Party Action I have commenced.   Prime itself is not a third party defendant and, as the letter acknowledges, the Hogan Lovells firm does not represent ("at this time") any third party defendant.  While the issue is premature, I would question whether Hogan Lovells agreeing to represent any third party defendant would possibly, yet again, put the firm in a conflict situation because the third party complaint seeks to recover monies and assets wrongfully transferred from Prime to its great detriment.

      As to the points in Hogan Lovells' letter which seem designed not to protect Prime but to shield the third party defendants from having to account for and, if the Court so rules, turn over ill-gotten monies and other assets of Prime, please consider the following.

January 30, 2024
Page -2-

In its first and third points Hogan Lovells contends that the dispute regarding arbitration deprives me of the ability to bring any claims on behalf of Prime. This attempt to impede and obstruct my efforts to marshal the assets of Prime runs directly counter to the plain language of the Court's January 24th Memorandum – Decision and Order which, among other powers, granted me the "exclusive dominion and control over all of the assets … of Defendants" and extended that authority over, among other interests, "all of Defendants' equitable property, tangible and intangible personal property, interest, or assets of any nature, wherever located." The claims asserted in the third party complaint are claims and interests belonging to Prime and represents many millions of dollars in monies and / or assets that could be recovered. The Court's order further authorized me to "take any and all actions … in [my] sole discretion [that I deem] appropriate to ascertain the amount and location of Defendants' assets." The third party action is designed to do precisely that. Given the conduct I have learned about and was detailed in my First Report (Doc #37) and in the third party complaint, I am fearful that without immediate court relief, Prime's assets will be further dissipated and squandered on purposes wholly unrelated to satisfying Prime's legitimate obligations as the courts or arbitrators may rule.

The second point addresses jurisdiction. The Court dealt with that issue in its text order at Doc. 68 which found that "the appointment of the receiver is not stayed. See Fed. R. Civ. P. 62(c)(1) (Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or receivership.)" Until this or the Circuit rules otherwise, that ruling is law of the case on the issue.

The fourth point is an attempt to hamstring the performance of my duties by denying me the tools I need; namely the ability to compel disclosure of assets transferred to insiders. Discovery between the parties is one thing and is clearly stayed by Rule 62. But not allowing a receiver to seek discovery as to, as Hogan Lovells' letter states, "Prime Capital's assets" would deprive me of any ability execute my office. What is my role if not to seek to ascertain Prime's assets? Indeed, a majority of the assets it has are those identified in the third party complaint. Afterall, this is not a case where the court appointed a receiver over a shopping center which is a tangible asset needing management. The argument is another transparent attempt to impede and obstruct my efforts while shielding parties that Hogan Lovells does not represent, namely the insiders named as third party defendants.

The fifth point is an *ad hominem* attack that I am acting as a "stalking horse" for the plaintiff by allegedly accepting Plaintiff's view of the parties' contract vis a vis the ICA deposit dispute. I leave the resolution of that dispute to either the Court or, as the Court may rule, an arbitration. Rather, my focus is on the undeniable fact that Kris Roglieri has used Prime's monies to buy for himself or in Prime's name incredibly expensive exotic automobiles, watches, private air travel, a luxury vacation home and he and his wife, and his affiliated

January 30, 2024
Page -3-

companies, have otherwise received substantial sums of Prime's monies derived from not only Plaintiff's ICA deposit but the deposits of others. Hogan Lovells asserts that I have been "doing its [Plaintiff's] bidding." It is certainly true that to fulfill my duties I have not ignored, indeed cannot ignore, the discovery that Plaintiff has obtained that shows many millions of dollars being improperly used by Mr. Roglieri. Hogan Lovells cannot expect me to turn a blind eye to what the discovery so clearly shows. In this regard, and despite my asking repeatedly, Prime has failed to produce any evidence to support its assertion that the missing $52 million was sent to Berone. And, Prime has not provided the many documents my email to its attorneys of January 14th requested. It cannot have it both ways – denying and objecting to any effort by myself to seek discovery or use the discovery that Plaintiff, by court order, was allowed to take and then to not provide the information that I have requested.

The proposed order to show cause simply preserves the status quo and should therefore be entered.

Thank you for the Court's kind attention.

Very truly yours,

LEMERY GREISLER LLC

Paul A. Levine

PAL:ph
cc: all counsel via ECF