UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
COMPASS-CHARLOTTE 1031, LLC,

                                          Plaintiff,

    -against-

PRIME CAPITAL VENTURES, LLC
BERONE CAPITAL FUND, LP
BERONE CAPITAL PARTNERS LLC
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital
Partners LLC

                                         Defendants.
------------------------------------------------------------------------X

Index No. 650231/2024

**ANSWER**

       Defendants Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (hereinafter referred to as the "Berone Defendants"), by their attorneys, Certilman Balin Adler & Hyman, LLP, allege as follows for their Answer to Plaintiff's Complaint :

       1.     Deny the truth of the allegations contained in paragraphs 2, 3, 16, 19, 30, 31, 61, 65, 92, 93, 94, 95, 96, 97, 98, 173, 174, 176, 177, 178, 179, 180, 185, 187, 189, 190, 191, 192, 193, 194, 198, and 199.

       2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 5, 6, 9, 11, 12, 13, 14, 15, 18, 28, 29, 32, 33, 34, 35, 36, 37, 38, 39, 40, 43, 44, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 99, 101, 102, 104, 105, 106, 107, 111, 112, 113, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 154, 155, 156, 157, 158, 159, 165, 167, 168, 169, 170, 172, 183, and 186.

3. Admit the allegations contained in paragraphs 17, 21, 22, 23, 26, 27, 41, 42, 46, 47, 48, 50, 51, 52, 53, 54, 60, 64, 66, 67, and 68 of the Complaint.

4. Deny the truth of the allegations contained in paragraph 4 of the Complaint, except refers the Court to the orders entered in the dismissed bankruptcy proceeding for the terms and content thereof.

5. Deny the truth of the allegations contained in paragraph 7 of the Complaint, except admits that when the Interim Trustee was appointed in the United States Bankruptcy Court both Jeremiah Beguesse and Fabian Stone, principals of the Berone Entities, were out of the country on vacation, that on December 27, 2023 Mr. Beguesse received an email from Interim Trustee, Christian Dribusch, advising Mr. Beguesse and directed that no funds were to leave Prime Capital Ventures, LLC, without his prior written consent, and on the very same day, Mr. Beguesse acknowledged receipt of the email as requested, and that on December 28, 2023 the Interim Trustee asked if he could confirm the amounts in the Prime account, and on December 29, 2023 Mr. Beguesse informed the Interim Trustee that he was currently overseas and did not have secure access to client accounts, admit that Berone Capital has a mailing address, in addition to its business address, and that two of the Berone Entities were dissolved in November, 2023 unrelated to this matter.

6. Deny the truth of the allegations contained in paragraph 8 of the Complaint and aver that Plaintiff's counsel has already advised this Court that: "(1) Prime never wired $50 million to Berone; and (2) there is no (and never has been any) account at RBC associated with Berone Capital with $50 million in it for the benefit of Prime."  (Docket # 30.)  Moreover, Plaintiff's counsel has advised this Court that: "Compass and the Interim Receiver now can rule

out RBC accounts in the name of Berone Capital as a possible source for the missing $50 + million in ICA deposits." *Id.*

7. Deny the truth of the allegations contained in paragraph 10 of the Complaint, except admit that Plaintiff seeks the recovery of the deposit it made with Prime.

8. Deny generally the truth of the allegations contained in paragraphs 55, 56, 57, 58, and 59 of the Complaint and state that Fabian Stone is 41 years of age, his business background started before 2010, that it is true that he held positions at Berone and Athena Health at the same time, admit that Fabian Stone does not have a CRD number and that he has not held himself out to the public as a registered broker or investment advisor, and that there is a mixture of individual and entity clients between Berone Capital LLC ( the RIA) and Berone Capital Fund.

9. Deny the truth of the allegations contained in paragraph 100 of the Complaint, and deny that Berone was ever party to a joint venture with Prime, and deny knowledge and information sufficient to form a belief as to what Plaintiff was "aware" of.

10. Deny the truth of the allegations contained in paragraph 114 of the Complaint and refer the Court to the video for the complete and correct contents thereof.

11. Deny the truth of the allegations contained in paragraph 175 of the Complaint, except deny knowledge or information sufficient to form a belief with respect to Defendant Prime.

12. Deny the truth of the allegations contained in paragraph 182 of the Complaint, except deny knowledge or information sufficient to form a belief with respect to Defendant Prime.

13. Deny, with respect to paragraph 184, that Berone Capital is holding Plaintiff's $15,902,250, and otherwise deny knowledge or information sufficient to form a belief as to

Defendant Prime.

14. Deny the truth of the allegations contained in paragraph 197 of the Complaint with respect to Defendant Berone, and otherwise deny knowledge or information sufficient to form a belief with respect to Defendant Prime.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint, except admit that Defendant Berone never made any loans or lines of credit available to anyone.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint, except refer the Court to the referenced lawsuit with respect to the allegations therein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint, except refer the Court to the referenced lawsuit with respect to the allegations therein.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint, and respectfully refer the Court to the referenced lawsuit for the allegations contained therein, but deny that Berone Capital was, at any time, a joint venture partner with Defendant Prime.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Complaint, and respectfully refer the Court to the bankruptcy case as to what the Interim Trustee informed the Bankruptcy Court, but admit that any statement showing that Berone Capital held $52 million for the benefit of Prime was fabricated.

20. Deny knowledge or information sufficient to form a belief as to the truth of the

4

8232686.1

allegations contained in paragraph 161, 162, 163, and 164 of the Complaint, and respectfully refer the Court to the bankruptcy case with respect to the proceedings therein, and state that when the Interim Trustee was appointed in the United States Bankruptcy Court both Jeremiah Beguesse and Fabian Stone, principals of the Berone Entities, were out of the country on vacation, that on December 27, 2023 Mr. Beguesse received an email from Interim Trustee, Christian Dribusch, and advised Mr. Beguesse that no funds were to leave Prime Capital Ventures, LLC, without his prior written consent, and on the very same day, Mr. Beguesse acknowledged receipt of the email as requested, and that on December 28, 2023 the Interim Trustee asked if he could confirm the amounts in the Prime account, and on December 29, 2023 Mr. Beguesse informed the Interim Trustee that he was currently overseas and did not have secure access to client accounts, admit that Berone Capital has a mailing address, in addition to its business address, and that two of the Berone Entities were dissolved in November, 2023 unrelated to this matter.

21. Admit the truth of the allegations contained in paragraph 20 of the Complaint that there are a number of Berone Capital entities, except deny that any of them are a "Managing Member" for Prime.

22. Admit the truth of the allegations contained in paragraph 24 of the Complaint, except refer the Court to the corporate records for the correct and actual dates thereof.

23. Admit the truth of the allegations contained in paragraph 25 of the Complaint, except states that the date of formation was November 4, 2021.

24. Admit the allegations in paragraph 45 of the Complaint that Berone Capital Entities were formed in 2021, but deny that Berone is "like" Prime, in any manner.

25. Admit the allegations contained in paragraph 49 of the Complaint, except deny

that Mr. Beguesse was employed at Merrill Lynch for less than one year.

26.     Admit so much of paragraph 62 of the Complaint that alleges that Berone Capital LLC has a mailing address, but state that that is in addition to its physical address.

27.     Admit so much of paragraph 63 of the Complaint that alleges that Berone Capital Partners LLC has a mailing address, but state that that is in addition to its physical address.

28.     Admit the truth of the allegations contained in paragraph 153 that Exhibit 39 to the Complaint is fabricated but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

29.     With regard to paragraph 196 of the Complaint, respectfully refer the Court to the motion itself referred to therein for the relief which it seeks.

30.     With regard to the allegations contained in paragraphs 166, 171, 181, 188, and 195, repeat, reiterate, and reallege each and every denial and admission heretofore made in response to the paragraphs referred to therein, as though fully set forth herein at length

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31.     This Court lacks personal jurisdiction over the Berone Defendants.  None of the Berone Defendants is a resident of the State of New York, nor are their two principals, Jeremiah Beguesse and Fabian Stone, residents of the State of New York.  Nor does the claim sued upon arise out of the transaction of business by the Berone Defendants in the state of New York.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32.     The fraud allegations, as against the Berone Defendants, have not been alleged with sufficient particularity in the Complaint as required by Fed. R. Civ. P. 9(b).

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

33. The purported joint venture agreement and $52 million account statement from RBC, upon which Plaintiff's Complaint against the Berone Defendants is based, are fabricated.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

34. Plaintiff improperly obtained the appointment of a receiver as against the Berone Defendants when they had done nothing wrong, without advising the Court that their principals were on vacation and out of the country, had responded to the Interim Bankruptcy Trustee's email, and advised him that they did not have secure access to their clients' accounts. Plaintiff has in effect, put the Berone Defendants out of business, having obtained a Receiver who has been granted exclusive dominion and control over all of the assets, books, and records, operations, and business affairs of the Berone Defendants, extending to all of their real, equitable, tangible, and intangible personal property, interest, or assets of any nature wherever located. The receivership relief granted to Plaintiff against the Berone Defendants is more drastic than an injunction or prejudgment order of attachment, and all obtained without the posting of a bond in order to attempt to secure a money judgment in an action at law.

35. Plaintiff has admitted in this action that:

> Importantly, in response to a subpoena sent to the Royal Bank of Canada ("RBC") seeking information about Defendant Berone Capital LLP, RBC has provided account statements that confirm, contrary to Prime's representations: (1) ***Prime never wired $50 million to Berone***; and (2) ***there is no (and never has been any) account at RBC associated with Berone Capital with $50 million in it for the benefit of Prime***. Whoever created the RBC account statement relied on by Prime, and whatever such statement is supposed to represent, the account was not held for benefit of Prime and never had $50 million in it. (Dkt. No. 1-39). (Emphasis supplied.)

See Docket #30 in this action.

36. Moreover, in the next paragraph of the letter from Plaintiff's counsel, Plaintiff's counsel informs the Magistrate that: "***Compass and the interim Receiver now can rule out RBC accounts in the name of Berone Capital as a possible source for the missing $50+ million in ICA deposits***." (Dkt. No. 30). (Emphasis supplied.)

37. Despite that the Berone Defendants have done nothing wrong, and that its Complaint is premised upon an admittedly fabricated joint venture agreement and $52 million bank statement, and that the Berone Defendants did not receive such funds from Compass, Plaintiff has failed to request that this Court vacate and discharge the Berone Defendants from the overbroad receivership order which it obtained, merely by falsely tarring the Berone Defendants with the same brush used against the true culprit, Prime Capital.

38. Plaintiff is guilty of unclean hands.

WHEREFORE, the Berone Defendants demand judgment dismissing the Complaint as against them and awarding the costs and disbursements of this action, together with such other and further relief as may be just and proper.

Dated: East Meadow, New York
February 6, 2024

                                                    CERTILMAN BALIN ADLER & HYMAN, LLP

By: */s/ Jaspreet S. Mayall*
      Jaspreet S. Mayall, Esq.
      NDNY Bar No. 507205
*Attorneys for Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC*
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
516-296-7000
jmayall@certilmanbalin.com

CERTILMAN BALIN ADLER & HYMAN, LLP
Thomas J. McNamara, Esq.
NDNY Bar No. 511660
*Attorneys for Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC*
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
516-296-7000
jmayall@certilmanbalin.com
