**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**COMPASS-CHARLOTTE 1031, LLC,**

<em>Plaintiff,</em>

    -against-

**PRIME CAPITAL VENTURES, LLC**
**BERONE CAPITAL FUND, LP**
**BERONE CAPITAL PARTNERS LLC**
**BERONE CAPITAL LLC**
**BERONE CAPITAL EQUITY FUND I, LP**
**405 MOTORSPORTS LLC f/k/a Berone Capital**
**Equity Partners LLC,**

<em>Defendants.</em>

**AFFIRMATION**

**Civil Action No.: 1:24-CV-55**
**(MAD)(CFH)**

---

**PAUL A. LEVINE, as RECEIVER of PRIME**
**CAPITAL VENTURES, LLC,**

<em>Third-Party Plaintiff,</em>

-against-

**KRIS D. ROGLIERI, TINA M. ROGLIERI,**
**KIMBERLY A. HUMPHREY a/k/a "KIMMY'**
**HUMPHREY, PRIME COMMERCIAL LENDING,**
**LLC, COMMERICAL CAPITAL TRAINING**
**GROUP, THE FINANCE MARKETING GROUP,**
**NATIONAL ALLIANCE OF COMMERICAL**
**LOAN BROKERS LLC, FUPME, LLC,**

<em>Third-Party Defendants.</em>

---

     BRIAN M. CULNAN, an attorney duly admitted to practice law before the Courts

of the State of New York, under penalties of perjury, affirms and states as follows:

     1.     I am an attorney admitted to practice law before the Courts of the State of

New York and the United States District Court of the Northern District of New York, and

I am "of counsel" to O'Connell & Aronowitz, P.C., attorneys for Third-Party Defendant Tina M. Roglieri in this action. This Affirmation is submitted on behalf of Tina Roglieri in response to the Order to Show Cause for Attachment and Expedited Delivery, dated January 30, 2024 (Docket No. 78).

2.      O'Connell & Aronowitz was only retained to serve as counsel for Third-Party Defendant Tina M. Roglieri in this matter within the past week.   Since the engagement, we have been able to review the pleadings underlying this action; we have been able to engage in a preliminary conversation with Third-Party Plaintiff Paul A. Levine, in his capacity as the receiver of Prime Capital Ventures, LLC ("Prime"); and we have been able to initiate a preliminary investigation  of our client's relationship, if any, to the events and circumstances raised in this proceeding.

3.      Upon information and belief, Tina Roglieri and Kris Roglieri were married in or about January 15, 2009.  They have two children, aged 13 and 11, both of whom currently reside with Tina Roglieri and for whom Kris Roglieri has provided some financial support and maintenance.

4.      Upon information and belief, on or about June 12, 2015, Tina Roglieri commenced a divorce action against Kris Roglieri in New York State Supreme Court, Warren County, asserting a cause of action for divorce pursuant to New York Domestic Relations Law  § 170(7). After the parties engaged in extensive discovery and motion practice, the parties agreed that it was in their best interest and in the best interest of their children to discontinue that divorce litigation.

5.      Upon information and belief, on or about November 30, 2016, Tina Roglieri and Kris Roglieri entered into a Post-Nuptial Agreement by which certain

monies were to be paid to Tina Roglieri as consideration for her discontinuance of the 2015 divorce litigation.  While the parties did not divorce, they have not lived together since at least 2019. From this point on, Kris Roglieri has provided some support and maintenance to Tina Roglieri and their two children.

6.     Upon information and belief, by reason of their marriage, Tina Roglieri and Kris Roglieri have maintained two joint checking accounts at KeyBank.  Most transactions within one of those accounts were deposits by Kris Roglieri to support/pay expenses of Tina Roglieri and their two children.

7.     Upon information and belief, since 2003, Tina Roglieri has been licensed to practice as a Registered Nurse within the State of New York.  Although she has not worked as a nurse for several years (serving instead as a "stay at home" mother), as a result of recent events, she is seeking to resume her professional career, submitting applications with several healthcare employers.

8.     Upon information and belief, at no time has Tina Roglieri been employed by any of the business entities owed or operated by Kris Roglieri nor has she knowingly served as a director, fiduciary, officer or agent of any of these entities, including Prime. She has never been in control of any of Kris Roglieri's business entities nor has she performed services for any of them.

9.     Upon information and belief, at no time prior to the commencement of the pending action did Tina Roglieri have actual or constructive knowledge that Kris Roglieri may have incurred debts beyond his ability to pay or that he and/or Prime may be insolvent.  She also has no knowledge of any transactions that were made in an effort to hinder, delay or defraud any creditor of Kris Roglieri or Prime.

10.     Upon information and belief, Tina Roglieri generally understands the issues in which she is currently embroiled, and she is prepared to cooperate with the Receiver.  That said, based upon our review of the pleadings in this action, it appears that the alleged wrongdoing of Kris Roglieri and/or Prime occurred in 2022-23.  Consequently, we do not believe that it would be appropriate to encumber, restrain or otherwise inhibit her use or transfer of most, if not all, of the assets that are exclusively hers.  Several of these assets were legitimately purchased by Tina Roglieri or on her behalf well before any of the alleged wrongdoing underlying this action occurred.  Furthermore, at all times, she has acted in good faith and any money that she has spent for herself or her children has been reasonable and necessary in the ordinary course of affairs.  We believe that she is likely to possess a variety of defenses under the New York Debtor and Creditor Law, the New York Uniform Voidable Transactions Act, and the New York common law (including defenses based upon principles of equity).

11.     Upon information and belief, in January 2024, Tina Roglieri again commenced a divorce action against Kris Roglieri in New York State Supreme Court, Warren County.  We believe that, pursuant to the New York Domestic Relations Law, payments that may be due to Tina Roglieri and her children from Kris Roglieri pursuant to a domenstic support order will enjoy a special preference over the unsecured claims of any of the potential creditors identified in the Receiver's Third-Party Complaint, and that the rights of Tina Roglieri and her children should be fully accounted for prior to the distribution, if any, of Kris Roglieri's assets to any of those creditors.

12.     Tina Roglieri has no objection to the Receiver's request for expedited discovery.

Dated:  February 7, 2024

_____
Brian M. Culnan, Esq.
Bar Roll No.  506300