# Lemery Greisler LLC

Attorneys at Law

Paul A. Levine, Member

plevine@lemerygreisler.com
(518) 433-8800 ext. 313

**AMENDED**

February 7, 2024

**Via ECF**

Honorable Mae A. D'Agostino
United States District Court
Northern District of New York
445 Broadway
Albany, New York 12207

      Re: *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.*, 24-cv-00055

Dear Judge D'Agostino:

      As the Court is aware, I am the Permanent Receiver in this case. I write in Opposition to Prime Capital's Emergency Motion for Stay of the Order appointing the Receiver. Due to the expedited briefing schedule, I ask the Court to consider this letter setting forth the Receiver's position.

      I note that in appointing me as the Permanent Receiver this Court has already found, based on a preponderance of the evidence, that "the whereabouts of Plaintiff's $15 million (let alone the more than $52 million from multiple entities) is unknown because it is not in RBC being held by Berone for the benefit of Plaintiff, nor is it in the now-closed Citibank account. See Dkt. Nos. 37, 40. Although Prime Capital contends that it was defrauded by Berone, it has not produced any records between Prime Capital and Berone to corroborate such a statement. See Dkt. No. 43. The evidence leans in Plaintiff's favor insofar as it indicates that the money has yet to be located and might continue to be lost." See, Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, 2024 WL 260507 (2024). Based on the foregoing, this Court has likewise ruled that "Plaintiff is likely to succeed on the merits … [t]he dispute seems to be only the amount of damages that Plaintiff can recover." Id.

      In light of the foregoing, I believe that there are no grounds to stay my appointment, or my activities which include discovering the full scope of transactions Prime entered into with borrowers who may have a claim on Prime's assets, identifying those assets, tracing assets that appear to have been misappropriated by the Roglieris and other Third-Party Defendants that have been joined to this case by the Receiver, and obtaining attachments and related injunctive relief from this Court, to prevent Prime's assets, wherever found, from being lost or dissipated in such a way as to render any final judgment in this case meaningless.

February 7, 2024
Page 2

---

      I do not believe the presence of an arbitration weighs in favor of staying my appointment or activities because: 1) the parties' rights under the arbitration agreement are not rendered a nullity by the Receivership, because all the Receivership does is identify and preserve the assets for final judgment, whether that comes from the Court or a JAMS arbitration; and 2) there has been a very strong, "clear and convincing" showing of fraud which supports the position that without a Receivership, the assets are likely to be lost or dissipated.  On this final point, my reports to the Court and my third-party complaint show the full-fledged looting of company assets that has occurred since very early in Prime's existence.

      Thank you for the Court's kind attention.

                               Very truly yours,

                               LEMERY GREISLER LLC

                               Paul A. Levine

cc:  all counsel via ECF

677 Broadway, 8th Floor
Albany, NY 12207
518.433.8800

www.LemeryGreisler.com