**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                               :
COMPASS-CHARLOTTE 1031, LLC,                                   :
                                                               :
                Plaintiff,                                  :
                                                               :
           v.                                              :    Case No. 24-cv-00055 (MAD/CJH)
                                                               :
PRIME CAPITAL VENTURES, LLC, *et al.*                          :
                                                               :
                Defendants.                                 :
---------------------------------------------------------------x
                                                               :
PAUL A. LEVINE, as Receiver of Prime Capital                   :
Ventures, LLC,                                                 :
                                                               :
                Third-Party Plaintiff,                      :
                                                               :
           v.                                              :
                                                               :
KRIS D. ROGLIERI, TINA M. ROGLIERI,                            :
KIMBERLY HUMPHREY a/k/a KIMMY                                  :
HUMPHREY, PRIME COMMERCIAL                                     :
LENDING, LLC, COMMERCIAL CAPITAL                               :
TRAINING GROUP, THE FINANCE                                    :
MARKETING GROUP, NATIONAL                                      :
ALLIANCE OF COMMERICIAL LOAN                                   :
BROKERS LLC and FUPME, LLC,                                    :
                                                               :
                Third-Party Defendants.                     :
---------------------------------------------------------------x

**THIRD-PARTY DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO THE RECEIVER'S MOTION FOR AN
<u>ATTACHMENT ORDER AND EXPEDITED DISCOVERY</u>**

*(Counsel listed on next page)*

HOGAN LOVELLS US LLP
Pieter Van Tol (Bar Roll No. #508405)
Christopher Bryant (admitted *pro hac vice*)
Peter Bautz (admitted *pro hac vice*)
390 Madison Avenue
New York, NY  10017
Tel: (212) 918-3000
Fax: (212) 918-3100
pieter.vantol@hoganlovells.com
chris.bryant@hoganlovells.com
peter.bautz@hoganlovells.com

*Attorneys for Third-Party Defendants*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .............................................................................................................................3

ARGUMENT...................................................................................................................................3

    I.    Relevant Standards................................................................................................3

        A.    Attachment Requirements......................................................................... 3

        B.    Expedited Discovery ................................................................................ 4

    II.    The Court Should Deny the Motion.......................................................................5

        A.    The Court Has No Subject-Matter Jurisdiction Over the Third-Party Claims and Thus No Jurisdiction to Decide the Motion ................... 5

        B.    The Receiver Has Not Shown That He Is Entitled to an Attachment Order ........................................................................................ 5

            1.    The Receiver Has Not Carried His Burden of Showing a Probability of Success on the Merits of the Third-Party Claims................................................................................................. 5

            2.    The Receiver Has Not Demonstrated That Any of the Third-Party Defendants Hid or Transferred Their Assets to Defraud Creditors or Frustrate the Receiver's Ability to Enforce a Judgment ........................................................................ 6

            3.    There Is No Need for Attachment in This Case ........................... 10

        C.    The Court Should Deny the Receiver's Request for Expedited Discovery ................................................................................................ 10

CONCLUSION..............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bailon v. Guane Coach Corp.*,
  912 N.Y.S.2d 188 (N.Y. App. Div. 2010) ................................................................................. 9

*Bank of China v. NBM LLC*,
  192 F. Supp. 2d 183 (S.D.N.Y. 2002) ...................................................................................... 7

*Brezenoff v. Vasquez*,
  433 N.Y.S.2d 553 (N.Y. Civ. Ct. 1980) ................................................................................ 6, 7

*Capital Ventures International v. Republic of Argentina*,
  443 F.3d 214 (2d Cir. 2006) ..................................................................................................... 9

*DLJ Mortgage Capital, Inc. v. Kontogiannis*,
  594 F. Supp. 2d 308 (E.D.N.Y. 2009) ................................................................................. 6, 7

*Eaton Factors Co. v. Double Eagle Corp.*,
  232 N.Y.S.2d 901 (N.Y. App. Div. 1962) ....................................................................... 4, 7, 8

*Encore Credit Corp. v. LaMattina*,
  2006 WL 148909 (E.D.N.Y. Jan. 18, 2006) ............................................................................. 6

*Fritch v. Bron*,
  157 N.Y.S.3d 867 (N.Y. Sup. Ct. 2021) ................................................................................... 3

*Hypnotic Taxi LLC v. Bombshell Taxi LLC*,
  543 B.R. 365 (Bankr. E.D.N.Y. 2016) ..................................................................................... 9

*North Atlantic Operating Co., Inc. v. Evergreen Distribs., LLC*,
  293 F.R.D. 363 (E.D.N.Y. 2013) ............................................................................................. 4

*Notaro v. Koch*,
  95 F.R.D. 403 (S.D.N.Y. 1982) ............................................................................................... 4

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
  208 F.R.D. 273 (N.D. Cal. 2002) ............................................................................................. 4

*Signal Capital Corp. v. Frank*,
  895 F. Supp. 62 (S.D.N.Y. 1995) ............................................................................................. 7

*Silverman Pr's, L.P. v. First Bank*,
  687 F. Supp. 2d 269 (E.D.N.Y. 2010) ..................................................................................... 8

*Walkovszky v. Carlton*,
  223 N.E.2d 6 (N.Y. 1966) ........................................................................................................ 9

*Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*,
  933 F.2d 131 (2d Cir. 1991) ................................................................................................ 8-9

**Statutes**

CPLR § 6201(1) .............................................................................................................................. 9

CPLR § 6201(3) ................................................................................................ 3, 5, 7, 8, 9

**Rules**

Fed. R. Bankr. P. 7064 ................................................................................................ 3

Fed. R. Civ. P. 8(a)(1) ................................................................................................ 2

Fed. R. Civ. P. 12(b)(1) .............................................................................................. 3

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 3

Fed. R. Civ. P. 64 ....................................................................................................... 3

N.Y.C.P.L.R. 6212(a) ................................................................................................. 4

**Treatises**

Vincent C. Alexander, MCKINNEY'S PRACTICE COMMENTARIES, C6201 ................................. 3, 4

Third-Party Defendants Kris D. Roglieri, Kimberly Humphrey (a/k/a Kimmy Humphrey), Prime Commercial Lending, LLC ("Prime Commercial"), Commercial Capital Training Group ("CCTG"), The Finance Marketing Group ("FMG")[1], National Alliance of Commercial Loan Brokers LLC ("NACLB"), and FUPME, LLC ("FUPME") (collectively, the "Third-Party Defendants"), by their counsel, respectfully submit this memorandum of law, along with the Declaration of Pieter Van Tol dated February 7, 2024 (the "Van Tol Declaration"), in opposition to the motion for attachment and expedited discovery (the "Motion") filed by the receiver in this case (the "Receiver") through an Order to Show Cause dated January 30, 2024 (the "January 30 Order"). (Dkt. No. 78.)[2]

## PRELIMINARY STATEMENT

The Receiver has not met the high standard for an attachment order, which New York courts have repeatedly characterized as a drastic remedy that should be used sparingly.

The Receiver seeks an attachment order on the theory that the Third-Party Defendants have hidden or transferred assets to defraud creditors or prevent the Receiver from satisfying a judgment against them in this case. The central problem for the Receiver is that his submissions are devoid of the required evidence that the Third-Party Defendants have hidden or transferred any assets. Instead, the Receiver only cites to the transfers by Defendant Prime Capital Ventures, LLC ("Prime Capital"). Prime Capital's transfers in 2022 and 2023 are not relevant to this Motion because, as noted above, the attachment statute requires evidence of transfers by the parties potentially subject to attachment. Also, the New York courts have held that <u>prior</u> transfers (even by parties that are

---

[1] FMG is not a corporation and is a trade name only. (*See* accompanying Corporate Disclosure Statement.)

[2] The definition of "Third-Party Defendants" here does not include Tina Roglieri, who has separate counsel.

the subject of the attachment motion) will not suffice as evidence of concealment or transfer for purposes of the attachment statute.

The Receiver similarly fails to meet the requirement of demonstrating a probability of success on the merits of his claims against the Third-Party Defendants. The Third-Party Defendants will show, in their submissions later today in support a motion to dismiss the Third-Party Complaint, that the Receiver cannot succeed on his claims. *First*, the Court lacks subject-matter jurisdiction over the Receiver's claims against the Third-Party Defendants because (1) the Third-Party Complaint fails to include a jurisdictional statement, in violation of Fed. R. Civ. P. 8(a)(1); (2) the Third-Party Complaint effectively seeks an adjudication of the same claims that are subject to valid and binding arbitration clauses; (3) Prime Capital's appeal divested the Court of jurisdiction to determine the issues that the Receiver has raised in the Third-Party Complaint, which are bound up with Prime Capital's appeal; and (4) the Receiver lacks standing to bring the Third-Party Complaint because the Court intentionally excluded the power to assert legal claims on Prime Capital's behalf from the Receiver's duties in the January 24, 2024 order (the "January 24 Order") appointing him. *Second*, even if the Court has subject-matter jurisdiction, the Receiver failed to state a claim in any of the three counts in the Third-Party Complaint and did not include the necessary party in one count. The Receiver fails to allege (or plausibly allege) the elements for fraudulent conveyances under the New York statute (Count I), for breach of fiduciary duty and related claims under Delaware law (which applies to Prime Capital-related claims) (Count II), or for veil-piercing under Delaware law (Count III), as well as failing to name the proper party. In short, the Third-Party Complaint is deficient in numerous ways.

Finally, expedited discovery is not warranted here. There is no reason to grant expedited discovery in light of the significant weaknesses in the Receiver's case. Even if this action continues, the Receiver has failed to show that he would suffer irreparable harm by conducting

discovery through the otherwise applicable procedures in the Federal Rules of Civil Procedure (the "Federal Rules").

Accordingly, the Court should deny the Motion.

## BACKGROUND

The Third-Party Defendants will be filing later today a motion to dismiss the Third-Party Complaint. To reduce the length of this filing, the Third-Party Defendants will incorporate, by reference, the arguments in the brief in support of the motion to dismiss (as indicated below).

## ARGUMENT

**I.     Relevant Standards**

    **A.     Attachment Requirements**[3]

"Attachment, which was not known at common law, is a drastic remedy because it deprives the defendant of the free use of his property before a final adjudication on the merits of defendant's liability. Thus, New York courts have consistently construed the attachment statutes narrowly in favor of the parties against whom the remedy is invoked." Vincent C. Alexander, MCKINNEY'S PRACTICE COMMENTARIES, C6201:0; *see also Fritch v. Bron*, 157 N.Y.S.3d 867, 869 (N.Y. Sup. Ct. 2021) ("Because attachment is a harsh remedy, CPLR 6201 is strictly construed in favor of those against whom it may be employed.") (citing cases).

The Receiver has moved for attachment pursuant to CPLR § 6201(3), and one commentator has summarized the requirements of that provision as follows:

> Plaintiff must show: (1) that the defendant has hidden or transferred his assets in one of the ways described in the statute or is about to do so, and (2) that defendant's intent in so acting is to defraud his creditors or frustrate the enforcement of a

---

[3]     The Receiver states that he may move for an attachment pursuant to Fed. R. Civ. P. 64, "made applicable in adversary proceedings by Bankruptcy Rule 7064." (Br. at 4.) The Receiver's standing is discussed below, but, contrary to the Receiver's assertion, the Bankruptcy Rules have no relevance here.

3

> judgment in plaintiff's favor. The necessary showing must be made with factual details in the plaintiff's moving affidavits.

MCKINNEY'S PRACTICE COMMENTARIES, C6201:3 (citing *Eaton Factors Co. v. Double Eagle Corp.*, 232 N.Y.S.2d 901, 903 (N.Y. App. Div. 1962)). CPLR 6212 also states that "the plaintiff shall show, by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." N.Y.C.P.L.R. 6212(a).

### B. Expedited Discovery

As the Court stated in the January 24 Order, the courts have applied two tests in determining whether a party may conduct expedited discovery. (*See* Dkt. No. 56 at 20-21.)

The first is the "good cause" test, under which the courts find good cause "when 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *North Atlantic Operating Co., Inc. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). The second test is the four-factor analysis from *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), which involves a showing of (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and avoidance of irreparable injury; and (4) some evidence that the injury that will result without the expedited discovery would be greater than the prejudice the defendant will suffer it expedited discovery is granted. *North Atlantic*, 293 F.R.D. at 367.

## II. The Court Should Deny the Motion

### A. The Court Has No Subject-Matter Jurisdiction Over the Third-Party Claims and Thus No Jurisdiction to Decide the Motion

In the papers in support of the motion to dismiss, Prime Capital demonstrates that there is no subject-matter jurisdiction over the claims in the Third-Party Complaint. For that reason alone, the Court should reject the Receiver's attachment request in the Motion.

### B. The Receiver Has Not Shown That He Is Entitled to an Attachment Order

To obtain an attachment order, the Receiver must show (by affidavit or written evidence) that (1) there is a cause of action; (2) it is probable that he will succeed on the merits; (3) that grounds for attachment under CPLR § 6201(3) exist, and (4) the amount demanded from the Third-Party Defendants exceeds all counterclaims known to the Receiver. *See supra*, 3. The fourth factor is not disputed here, and below we have discussed factors one and two together.

#### 1. The Receiver Has Not Carried His Burden of Showing a Probability of Success on the Merits of the Third-Party Claims

As demonstrated in the Third-Party Defendants' brief on the motion to dismiss, the Receiver is unlikely to prevail on the third-party claims.[4] At a minimum, the Receiver cannot show a probability of success on the merits.

The Receiver tacitly acknowledges these weaknesses in the Third-Party Complaint because he relies heavily on the allegations in the complaint (the "Complaint") filed by Plaintiff Compass-Charlotte 1031, LLC ("Compass"). (*See* Br. at 1-2; 6-7.) The Complaint only asserts claims against Prime Capital and the Berone entities, not the Third-Party Defendants. The Receiver cannot cite to the Compass claims against other entities to satisfy his burden; he must demonstrate

---

[4] The Receiver has no authority and/or standing to bring claims on behalf of Prime Capital. The discussion of the Receiver's claims in this brief, therefore, is for argument purposes only and the Third-Party Defendants reserve all rights.

5

that <u>his</u> purported claims against the Third-Party Defendants are likely to succeed on the merits. The Receiver cannot do so, and thus he fails to meet the first two requirements for attachment.

> **2.    The Receiver Has Not Demonstrated That Any of the Third-Party Defendants Hid or Transferred Their Assets to Defraud Creditors or Frustrate the Receiver's Ability to Enforce a Judgment**

The third factor requires the Receiver to show that (a) that the defendant has hidden or transferred his (or its) assets in one of the ways described in the statute or is about to do so, and (b) that defendant's intent in so acting is to defraud his (or its) creditors or frustrate the enforcement of a judgment in plaintiff's favor. *See supra*, 1, 3.

As an initial matter, the Receiver cannot rely on the allegations regarding the claims in the Third-Party Complaint to meet the foregoing requirement. For example, in one of the cases cited twice by the Receiver, *DLJ Mortgage Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308 (E.D.N.Y. 2009), the court stated that: "While proof of the merits of a plaintiff's claim, by definition, helps satisfy the first two elements for attachment (relating to whether plaintiff has stated a claim and the probability of success of that claim), it does not necessarily—nor often— speak to the third required element, *i.e.*, whether a defendant has disposed of assets (or soon will do so) with the intent to defraud his creditors or frustrate the enforcement of a judgment." *Id.* at 320; *see also Encore Credit Corp. v. LaMattina*, 2006 WL 148909, at *4 (E.D.N.Y. Jan. 18, 2006) (denying plaintiff's motion for attachment and stating that "proof that a defendant committed the underlying unlawful act is not, by itself, sufficient to establish" the third element for attachment); *Brezenoff v. Vasquez*, 433 N.Y.S.2d 553, 554 (N.Y. Civ. Ct. 1980) ("[P]laintiff's proffered proof must fail because it confuses the allegations that are the basis for the cause of action with the grounds necessary for attachment. … The alleged merits of the underlying action may not be used to mitigate the distinct and strict burden of proving the grounds for the prejudgment attachment."). Instead, the Receiver must demonstrate that each of the Third-Party Defendants has transferred

6

assets (or is about to do so) to defraud creditors or prevent the Receiver from enforcing a judgment on his claims. The Receiver fails to meet this heavy burden.

The Receiver presents <u>no</u> evidence that the Third-Party Defendants have hidden or transferred any assets. All the "evidence" cited by the Receiver relates to previous transfers made from <u>Prime Capital</u> to the Third-Party Defendants, <u>not</u> to any transfers from the Third-Party Defendants to others. (*See* Br. at 9-11.) Again, *DLJ Mortgage* is instructive on this point:

> Though DLJ's complaint and moving papers are long on allegations of his past wrongs and alleged current transgressions, entirely absent from these submissions are allegations—or, more to the point, evidentiary facts—demonstrating that Kontogiannis has intentionally attempted to secrete his assets to avoid his creditors or hinder a judgment in plaintiff's favor, or that he is on the verge of so doing.

594 F. Supp. 2d at 521; *see also Bank of China v. NBM LLC*, 192 F. Supp. 2d 183, 188 (S.D.N.Y. 2002) ("[a]bsent evidentiary facts demonstrating a fraudulent intent, the possibility that defendants will [secrete assets] is simply too remote to justify" pre-judgment attachment); *Signal Capital Corp. v. Frank*, 895 F. Supp. 62, 64-65 (S.D.N.Y. 1995) (intent to defraud element not satisfied where plaintiff "points to no actual or pending transfers or dispositions of assets that would frustrate a judgment in favor of [plaintiff] … but asks that the danger of this occurring be presumed from" past misconduct in a related action where intent to defraud was not found); *Brezenoff*, 433 N.Y.S.2d at 554 ("The alleged fact that defendant has in the past concealed a bank account in order to establish her eligibility for public assistance does not constitute proof that defendant will in the future conceal this account in order to defraud her creditors or to frustrate plaintiff's judgment."). The utter failure of the Receiver to show that the Third-Party Defendants have hidden or transferred assets is fatal to the attachment request.

This case is exactly like *Eaton Factors*. In that case, the defendants were sole stockholders and officers of a corporation and the plaintiff accused of them of transferring corporate assets. *See* 232 N.Y.S.2d at 902. The court held that such transfers do not suffice under CLPR § 6201(3)

7

because there must be a showing that the defendants have removed or secreted their own property. *Id.* Here, as in *Eaton Factors*, the Receiver cannot rely on the transfer of Prime Capital's assets to justify an attachment of property held by the Third-Party Defendants.

The Receiver also undercuts his own argument by referring to the $2.275 million RM Skull wristwatch multiple times. (*See, e.g.*, Br. at 10.) Mr. Roglieri complied with the Receiver's request and turned the wristwatch over to the Receiver, a fact he tries to bury in a footnote. (*Id.* at 10 n.4.) Thus, the only evidence of any recent transfers by the Third-Party Defendants is the return of the watch. That is hardly the behavior of a person seeking to hide or transfer assets.

The Receiver tries to satisfy Section 6201(3) by invoking six "badges of fraud." (*See* Br. at 8-12.) That attempt is unavailing because each "badge" relates to transfers by Prime Capital rather than transfers by any of the Third-Party Defendants. In addition, the factual or legal basis for several of the "badges" is faulty. For example, the Receiver asserts that the transfers listed in the Third-Party Complaint were without "reciprocal consideration being transferred to Prime Capital or its affiliates." (*Id.* at 9; *see also id*. at 11 (stating that the transfers were for "no apparent legitimate purpose").) However, the Receiver has admitted that the Virginia Beach, Virginia property was an investment for Prime Capital, and it stands to reason that Prime Capital purchased other items for the same purpose. The Receiver has similarly failed to show that other transfers had no corporate purpose, such as compensation for Mr. Roglieri or payment for business-related travel. *See Silverman Pr's, L.P. v. First Bank*, 687 F. Supp. 2d 269, 293-94 (E.D.N.Y. 2010) (denying motion for attachment where it was unclear whether the transfers had a business purpose).

In addition, the Receiver cites several "alter ego" cases without providing <u>any</u> evidence on why the veil of the four corporate entities (other than FMG) named in the Third-Party Complaint (PCL, CCTG, NACLB and FUPME) should be pierced. The three main cases cited by the Receiver in support of its "alter ego" argument are also inapposite. In *Wm. Passalacqua Builders,*

8

*Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131 (2d Cir. 1991), the Second Circuit held that—based on a full trial record—the jury could have held that the corporate veil should be pierced. *See id.* at 138-39. There is no such record here. Another case, *Walkovszky v. Carlton*, 223 N.E.2d 6 (N.Y. 1966), actually undermines the Receiver's argument because the Court of Appeals held that the plaintiff had not pled a claim for veil-piercing. *See id.* at 9-10. In the third case, *Bailon v. Guane Coach Corp.*, 912 N.Y.S.2d 188 (N.Y. App. Div. 2010), the court merely referred to the consequences of an alter ego theory, without making any finding that is relevant to this case. *Id.* at 189.

\*   \*   \*   \*   \*

At bottom, there is no evidence that the Third-Party Defendants hid or transferred assets in anticipation of the Receiver's claims or in reaction to them. The Court, therefore, should deny the Receiver's request for an attachment because he has not satisfied the requirements of Section 6201(3) and, moreover, has not shown a probability of success on the merits of his claims.

The Receiver ignores these fatal deficiencies and asserts that he is entitled to attachment order against the Third-Party Defendants because of two cases, *Capital Ventures International v. Republic of Argentina*, 443 F.3d 214 (2d Cir. 2006), and *Hypnotic Taxi LLC v. Bombshell Taxi LLC*, 543 B.R. 365 (Bankr. E.D.N.Y. 2016), which the Receiver describes as "instructive." (Br., 5.) Neither case supports an attachment order here.

In *Capital Ventures*, the Second Circuit reversed the denial of attachment where the plaintiff satisfied CPLR § 6201(1), which permits attachment against defendants that are non-domiciliaries. 443 F.3d at 219. This case involves Section 6201(3), not Section 6201(1). *Hypnotic* is similarly irrelevant because the plaintiff in that case presented evidence of transfers by the defendant <u>after</u> the action against him had begun. 543 B.R. at 369-70. By contrast, the Third-Party Complaint was filed on January 29, 2024, and the Receiver has not presented any evidence

9

of any transfers after that date (or, for that matter, after the filing of the Complaint on January 12, 2024). Thus, *Capital Ventures* and *Hypnotic* do not alter the conclusion that the Receiver has failed to meet his burden and that attachment is unwarranted here.

### 3. There Is No Need for Attachment in This Case

Even if the Court finds that the Receiver has met the requirements under Sections 6201 and 6212, it should deny the request for an attachment order because it is not necessary. The Receiver contends that he has satisfied the necessity requirement because the Court found that Prime Capital is insolvent and any award to the Receiver could be rendered meaningless because the ICA deposits have been dissipated. (*See* Br. at 13-14.)

Once again, the Receiver conflates Prime Capital and the Third-Party Defendants. The Receiver has not presented any evidence regarding the solvency of the Third-Party Defendants or the risk of dissipation of funds or assets that they received from Prime Capital. To the contrary, the Receiver has already identified and taken control of assets in the possession of third parties that he believes were purchased with Prime Capital funds. Under the circumstances, there is no need for the drastic remedy of attachment.

### C. The Court Should Deny the Receiver's Request for Expedited Discovery

The Receiver does not cite any case law in support of his request for expedited discovery, nor does he even attempt to satisfy the standards set forth above. *See supra*, 4. Instead, the Receiver argues that the Court should grant him expedited discovery from the Third-Party Defendants because (a) the Court "has already agreed that the Receiver should be given expedited discovery in connection with Defendants"; and (b) the arbitration agreement between Compass and Prime Capital provides for "very limited party discovery." (Br. at 13.)

The Receiver wholly mischaracterizes the Court's prior orders. The January 24 Order granted the request by Compass for expedited discovery. (*See* Dkt. No. 56 at 21.) Moreover, after

the entry of the January 24 Order, the Court stayed the expedited discovery order with respect to Prime. (*See* Dkt. No. 68.) Contrary to the Receiver's assertion, there is no order currently allowing him to take discovery from Defendants. In addition, while the January 30 Order authorized the Receiver to take expedited discovery, the Court denied the Receiver's request for temporary expedited discovery and noted that discovery is currently stayed pending the Second Circuit's decision on Prime Capital's appeal. (Dkt. No. 78 at 5 n.1.)

The Receiver also admits, with the reference to the limited discovery in arbitration, that the purpose of his request to take expedited discovery is to evade those limitations. This is consistent with the Receiver's ongoing disregard of Prime Capital's arbitral rights as well as his pattern of discovery abuses in relation to the Third-Party Defendants. As just one example, after Compass issued subpoenas that (among other things) called for the production of the personal bank records of Mr. Roglieri and Ms. Humphrey, Prime Capital filed a motion on January 17, 2024 asking the Magistrate Judge to enter a protective order quashing certain portions of those subpoenas. (*See* Dkt. No. 25.) KeyBank immediately responded on January 17 by stating that it would suspend the production of such documents pending the resolution of the motion for a protective order. (Van Tol Decl., Ex. 1.) Two days later, and without Prime Capital's knowledge, the Receiver and counsel for Compass contacted KeyBank to ask for information regarding the personal accounts. This, in turn, led KeyBank to believe that the parties' dispute had been resolved (when it had not) and, as a result, KeyBank thereafter produced the personal bank records. (*See* Van Tol Decl., Ex. 2.) Thus, through coordination with counsel for Compass, the Receiver improperly obtained personal bank records that were the subject of a pending motion for a protective order.

The Receiver has also skirted the Court's discovery orders. Immediately after the Court stayed discovery by Compass, the Receiver (and counsel for Compass) contacted subpoena recipients to advise them that they should still produce documents. (*See, e.g.*, Van Tol Decl., Exs.

11

3 and 4.) Many subpoena recipients have complied, providing documents to the Receiver and Compass. The Receiver, therefore, helped Compass circumvent the stay order, which was put in place to protect Prime Capital's arbitral rights and to enforce the discovery limitations in the arbitration agreement.

The Receiver's disregard for the rules and protections for individuals reached its nadir with the filing of the Third-Party Complaint on January 29 and the Supplemental Declaration of Paul Levine (the "Levine Supplemental Declaration") on February 2, 2024. (*See* Dkt. Nos. 71 and 90.) In both of those filings, the Receiver revealed the home addresses of Mr. Roglieri and Ms. Humphrey, in direct violation of Local Rule 5.2(a)(5) and the protections for personal information. Despite repeated requests, the Receiver has only partially corrected this disturbing error as of the date of this filing.

Lastly, an application of the "good cause" and *Notaro* standards demonstrate that the Receiver's request for expedited discovery should be denied. The Receiver cannot show irreparable injury or some success on the merits because, as discussed above, both the Receiver's underlying claims and his request for an attachment order fail to satisfy the legal requirements. The Receiver also cannot show that his need for the expedited discovery outweighs the prejudice to the Third-Party Defendants. The expedited discovery sought by the Receiver (which he does not describe in any way) will no doubt be as intrusive as the earlier discovery. Given the discovery abuses described above, the Court should be especially wary of granting expedited discovery to the Receiver. If this case continues, the Receiver should take discovery in the usual way and the Third-Party Defendants will be afforded the full protections of the Federal Rules.

## **CONCLUSION**

For the foregoing reasons, the Third-Party Defendants respectfully request that the Court deny the Motion.

Dated: February 7, 2024                              Respectfully submitted,

                                                    HOGAN LOVELLS US LLP

                                                    By: */s/ Pieter Van Tol*

Pieter Van Tol (Bar Roll No. #508405)
Chris Bryant (admitted *pro hac vice*)
Peter Bautz (admitted *pro hac vice*)
390 Madison Avenue
New York, NY  10017
Tel: (212) 918-3000
Fax: (212) 918-3100
pieter.vantol@hoganlovells.com
chris.bryant@hoganlovells.com
peter.bautz@hoganlovell.com

*Attorneys for Third-Party Defendants*

13