EXHIBIT 3

**Van Tol, Pieter**

| | |
|---|---|
| **From:** | Paul Levine <plevine@lemerygreisler.com> |
| **Sent:** | Tuesday, January 30, 2024 1:44 PM |
| **To:** | david.newman@rbc.com; sara.hayek@rbc.com; paul.rossi@rbc.com; Pfeifer, Katie KP (LAW); mjlevy@sykesbourdon.com; Michael A. Axel (michael_axel@keybank.com); mzfdds@gmail.com; Yehuda Morgenstern; homerentals206@gmail.com; paul.poles@flagstar.com; jennifer.stout@flagstar.com; deanna.dietz@flagstar.com; katie.francek@flagstar.com; mmeade@signatureNY.com; bhenshaw@myfsb.com; lsi@citi.com; Andres, Kim ; Segura, Courtney ; Armstrong, John Carter ; Protess, Amanda ; Saleem, Alisha ; khilbert@hilbertlaw.com; trevis@hilbertlaw.com; jhilbert@hilbertlaw.com; david.masssey@hoganlovells.com; tbaran@keeler.com; scott@scottoliverlaw.com; kerry@platinumtimesco.com; aennett@rmsothebys.com; jsulman@rmsothebys.com; website@aidesign.com; auerbach@auerbachlaw.com |
| **Cc:** | Van Tol, Pieter; Esser, Will; Fenlon, Christopher V. |
| **Subject:** | 24-cv-00055-MAD-CFH Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC et al |
| **Attachments:** | Memorandum-Decision and Order (Doc #56) (00725199xC66EC).pdf |

[EXTERNAL]
Dear Sir or Madam:

As you are likely aware by now, I am the permanent receiver for Prime Capital Ventures LLC ("Prime"), with my appointment being made permanent by Memorandum Decision and Order dated January 24, 2024.  A copy is attached for your convenience.

You also may be aware that Prime has appealed that decision and is seeking a stay pending appeal.

As a result of the notice of appeal being filed, the Court entered an order on the docket of the case providing as follows:

TEXT ORDER in response to Defendant Prime Capital Ventures, LLCs filing of an Interlocutory Appeal (Dkt. No. 60). Discovery is stayed pending the Second Circuits resolution of the appeal. See Coinbase, Inc. v. Bielski, 599 U.S. 736, 744 (2023) (explaining that an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal is required). However, the appointment of the receiver is not stayed. See Fed. R. Civ. P. 62 (Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or receivership). The Court also retains jurisdiction to decide Plaintiff Compass-Charlotte 1031, LLCs motion to disqualify (Dkt. No. 67) as it does not relate to the interlocutory appeal. Signed by U.S. District Judge Mae A. D'Agostino on 1/29/2024. (ban)

The text order makes clear that discovery is stayed.  This applies to any subpoenas served upon you by the attorneys for Plaintiff Compass-Charlotte 1031 LLC.

In the language highlighted above, the text order also makes clear that the "appointment of the receiver is not stayed."  Therefore, you should respond promptly to any of my pending requests for information and documents and any future requests that I may make until such time as the Court, if ever, orders otherwise.  I trust that you will cooperate so that I may fulfill my duties as directed by the Court.  Thank you for your attention to these serious matters.

Paul A. Levine, Esq.
*Member*
**LEMERY GREISLER LLC**
677 Broadway, 8th Floor
Albany, New York 12207
Tel: (518) 433-8800 x313 |
Direct Dial and Fax: (518) 831-5924
Cell No. (518) 331-7445
plevine@lemerygreisler.com
www.lemerygreisler.com



This message is intended for the exclusive use of the recipient and may contain privileged and confidential communications. If you are not the intended recipient, or a person responsible for delivering this message to the recipient, you are not authorized to read, copy, print, or transfer this message and any attachments.  If you inadvertently received this message, please notify us immediately by email and discard any paper copies and delete all electronic files of the message and any attachments.

Internal Revenue Service Circular 230 notice: Any discussion of a federal tax issue contained in this email, including attachments, is not intended to and cannot be used for the purpose of (i) avoiding penalties under federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters.