# EXHIBIT B

| | |
|---|---|
| **From:** | Esser, Will <willesser@parkerpoe.com> |
| **Sent:** | Tuesday, February 6, 2024 4:47 PM |
| **To:** | Van Tol, Pieter |
| **Cc:** | Bryant, Chris; Bautz, Peter; Hail, Brian; Cottrell, Eric H.; Halstead, Ellen; Fenlon, Christopher V.; Tuxbury, James L.; Murphy, Kieran T. |
| **Subject:** | RE: JAMS Arbitrator Selection |

**EXTERNAL EMAIL**

Pieter,

Your suggestion of Judge Katz is agreeable to Compass. Will you convey the parties' agreement on Judge Katz as arbitrator to JAMS?

Will

---

**Will Esser**
Partner



620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.9507 | Fax: 704.334.4706 | map

Visit our website at
www.parkerpoe.com

---

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Monday, February 5, 2024 9:12 PM
**To:** Esser, Will <willesser@parkerpoe.com>
**Cc:** Bryant, Chris <chris.bryant@hoganlovells.com>; Bautz, Peter <Peter.Bautz@HoganLovells.com>; Hail, Brian <BHail@crowell.com>; Cottrell, Eric H. <ericcottrell@parkerpoe.com>; Halstead, Ellen <EHalstead@crowell.com>; Fenlon, Christopher V. <cfenlon@hinckleyallen.com>; Tuxbury, James L. <jtuxbury@hinckleyallen.com>; Kieran T. Murphy <KMurphy@hinckleyallen.com>
**Subject:** RE: JAMS Arbitrator Selection
**Importance:** High

**\*\*\*Caution: External email\*\*\***

Will –

Coming back to this and in light of the upcoming deadline (which I think we could ask JAMS to extend), we were thinking of the following two arbitrators as potential candidates:

https://www.jamsadr.com/pitman/

https://www.jamsadr.com/katz/

Please let us know what you think and how you would like to proceed.

Regards,

Pieter

---

**From:** Van Tol, Pieter
**Sent:** Sunday, February 4, 2024 9:37 PM
**To:** Esser, Will <willesser@parkerpoe.com>
**Cc:** Bryant, Chris <chris.bryant@hoganlovells.com>; Bautz, Peter <Peter.Bautz@HoganLovells.com>; Hail, Brian <BHail@crowell.com>; Cottrell, Eric H. <ericcottrell@parkerpoe.com>; Halstead, Ellen <EHalstead@crowell.com>; Fenlon, Christopher V. <cfenlon@hinckleyallen.com>; Tuxbury, James L. <jtuxbury@hinckleyallen.com>; Kieran T. Murphy <KMurphy@hinckleyallen.com>; Paul Levine <plevine@lemerygreisler.com>; Robert Lippman <rlippman@lemerygreisler.com>; Peter Damin <pdamin@lemerygreisler.com>
**Subject:** RE: JAMS Arbitrator Selection

Will –

I realize that I still owe you a response on Point #4 below, including your follow-up. I agree that Rule 9 is not a good fit here because of the unusual procedural posture. I think it does make sense to come up with a schedule under which Compass has time to amend, Prime Capital answers, etc. We are amenable to suggestions on that front. As for your question about Berone, you have captured our position.

Regards,

Pieter

---

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Friday, February 2, 2024 1:50 PM
**To:** Esser, Will <willesser@parkerpoe.com>
**Cc:** Bryant, Chris <chris.bryant@hoganlovells.com>; Bautz, Peter <Peter.Bautz@HoganLovells.com>; Hail, Brian <BHail@crowell.com>; Cottrell, Eric H. <ericcottrell@parkerpoe.com>; Halstead, Ellen <EHalstead@crowell.com>; Fenlon, Christopher V. <cfenlon@hinckleyallen.com>; Tuxbury, James L. <jtuxbury@hinckleyallen.com>; Kieran T. Murphy <KMurphy@hinckleyallen.com>; Paul Levine <plevine@lemerygreisler.com>; Robert Lippman <rlippman@lemerygreisler.com>; Peter Damin <pdamin@lemerygreisler.com>
**Subject:** Re: JAMS Arbitrator Selection

Yes; I am counting it from yesterday because, under the JAMS rules, service is not commencement. And I also agree with the last sentence in that we either agree or go with the JAMS "striking and ranking" approach.

On a related note, we may be contacting you later today or on Monday to discuss (along with Paul, whom I have put back on this chain briefly) about extending upcoming deadlines in all matters, while maintaining the status quo. I will get back to you shortly on that.

> On Feb 2, 2024, at 1:08 PM, Esser, Will <willesser@parkerpoe.com> wrote:

2

**[EXTERNAL]**
Thanks, that is helpful. So for counting purposes on that and other items in the JAMS Rules, are you counting yesterday's email from JAMS opening the case as the date of "service"? Just want to get on the same page since Section 13.8 has that three day period run from service of the "notice of such demand pursuant to the notice requirements set forth in Section 14.5 herein". If we considered what you sent on January 24 to be "service", then we are already past the three days. So if you think we should just treat the case opening email yesterday as "service" for Section 13.8 and for the JAMS rules, just let me know. I haven't thought through that entirely, but that is probably fine for arbitrator selection. The point being the parties either agree on an arbitrator or JAMS appoints one under its procedures.

Will

**Will Esser**
Partner



620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.9507 | Fax: 704.334.4706 | map

Visit our website at
www.parkerpoe.com

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Friday, February 2, 2024 12:57 PM
**To:** Esser, Will <willesser@parkerpoe.com>
**Cc:** Bryant, Chris <chris.bryant@hoganlovells.com>; Bautz, Peter <Peter.Bautz@HoganLovells.com>; Hail, Brian <BHail@crowell.com>; Cottrell, Eric H. <ericcottrell@parkerpoe.com>; Halstead, Ellen <EHalstead@crowell.com>; Fenlon, Christopher V. <cfenlon@hinckleyallen.com>; Tuxbury, James L. <jtuxbury@hinckleyallen.com>; Kieran T. Murphy <KMurphy@hinckleyallen.com>
**Subject:** RE: JAMS Arbitrator Selection

**\*\*\*Caution: External email\*\*\***

Will –

I will reply on the points below soon, but I wanted to get back to you right away on point #3. That comes from the arbitration clause (Section 13.8) in the agreement.

Regards,

Pieter

**From:** Esser, Will <willesser@parkerpoe.com>
**Sent:** Friday, February 2, 2024 12:16 PM
**To:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>

3

**Cc:** Paul Levine <plevine@lemerygreisler.com>; Peter Damin <pdamin@lemerygreisler.com>; Robert Lippman <rlippman@lemerygreisler.com>; Bryant, Chris <chris.bryant@hoganlovells.com>; Bautz, Peter <Peter.Bautz@HoganLovells.com>; Hail, Brian <BHail@crowell.com>; Cottrell, Eric H. <ericcottrell@parkerpoe.com>; Halstead, Ellen <EHalstead@crowell.com>; Fenlon, Christopher V. <cfenlon@hinckleyallen.com>; Tuxbury, James L. <jtuxbury@hinckleyallen.com>; Kieran T. Murphy <KMurphy@hinckleyallen.com>
**Subject:** RE: JAMS Arbitrator Selection

**[EXTERNAL]**
Pieter,

One other point on #4 below.  Amendment by Compass may make sense for the arbitration because the federal court lawsuit includes claims against Berone which are obviously not in arbitration.  I understand that the counsel that Berone had retained do not intend to appear in the lawsuit at all.  If no counsel appear for Berone in the lawsuit, I expect we may be looking at motions for default as to the Berone entities in the federal lawsuit once their response period has run.  Based upon prior comments, it is my understanding that Prime does not oppose and in fact supports claims against Berone and its assets.

Will

_____

**Will Esser**
Partner



620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.9507 | Fax: 704.334.4706 | map

Visit our website at
www.parkerpoe.com

---

**From:** Esser, Will
**Sent:** Friday, February 2, 2024 12:03 PM
**To:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Cc:** Paul Levine <plevine@lemerygreisler.com>; Peter Damin <pdamin@lemerygreisler.com>; Robert Lippman <rlippman@lemerygreisler.com>; Bryant, Chris <chris.bryant@hoganlovells.com>; Bautz, Peter <Peter.Bautz@HoganLovells.com>; Hail, Brian <BHail@crowell.com>; Cottrell, Eric H. <ericcottrell@parkerpoe.com>; Halstead, Ellen <EHalstead@crowell.com>; Fenlon, Christopher V. <cfenlon@hinckleyallen.com>; Tuxbury, James L. <jtuxbury@hinckleyallen.com>; Kieran T. Murphy <KMurphy@hinckleyallen.com>
**Subject:** RE: JAMS Arbitrator Selection

Thank you.  A few questions / points (one for Paul and the rest for Pieter):

1.  For future communications about the arbitration, please copy the other counsel for Compass that I have included on this email. I anticipate some or all of them will be filing appearances in the arbitration.

4

2.  As to the receiver, Paul, please let counsel for Prime and Compass know whether you wish to be included in communications related to this arbitration or not.  I copied you on the email to the JAMS administrator so that you were aware of it, but will defer to whatever you prefer as to being included on further emails about it or not.  I don't want to burden your inbox if you prefer not to be copied.

3.  Could you point me to anything that specifies the 3 business days you mention below?  I see the February 8 date in the letter for the strike lists, but don't see anything specific to the 3 business days.  The timeline of trying to reach mutual agreement on arbitrator by February 6 seems reasonable in light of the strike lists deadline of February 8, but I'd just like to know if the three business days comes from a JAMS rule that I'm missing or is just your proposed schedule to see if we can reach agreement before moving to the strike lists.

4.  I welcome your thoughts on how you propose the parties should proceed under JAMS Rule 9, particularly in light of the fact that the arbitration has been opened up with Prime designated as Claimant and Compass as Respondent.  That designation does not fit neatly with the discussion in Rule 9(b) and (c) about the Claimant being the one with claims and the Respondent being the one that must set forth any affirmative defense or counterclaims.  It also does not fit neatly with the timing aspects as Rule 9(c) talks about affirmative defenses and counterclaims being served within 14 calendar days.  Compass' claims as stated in the federal court action are obviously laid out in the complaint which you filed with the arbitration demand, although we reserve the right to amend for purposes of arbitration.  However, at this time, there is nothing which lays out any affirmative defenses or counterclaims by Prime.  You served the arbitration demand on January 24, and 14 days from then is February 7.  I welcome your thoughts on that timing and what you might propose with regard to dealing with Rule 9 submissions in this arbitration.  Those Rule 9 issues will then also obviously play into timing regarding the required Rule 17(a) exchange of information.

Regards,

Will

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Friday, February 2, 2024 9:53 AM
**To:** Esser, Will <willesser@parkerpoe.com>; Cottrell, Eric H. <ericcottrell@parkerpoe.com>
**Cc:** Paul Levine <plevine@lemerygreisler.com>; Peter Damin <pdamin@lemerygreisler.com>; Robert Lippman <rlippman@lemerygreisler.com>; Bryant, Chris <chris.bryant@hoganlovells.com>; Bautz, Peter <Peter.Bautz@HoganLovells.com>
**Subject:** JAMS Arbitrator Selection
**Importance:** High

**\*\*\*Caution: External email\*\*\***

Dear Counsel –

Now that JAMS has issued the Commencement Letter, we have until Tuesday, February 6, 2024 (3 business days) to agree upon an arbitrator.  We plan to send you a suggestion for the arbitrator by Monday morning.  If the parties cannot agree, then the JAMS selection method set forth in the attached would seem to be the way to go.

Regards,

**Pieter Van Tol**
Partner

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017
Tel:      +1 212 918 3000
Direct:   +1 212 909 0661
Email:    pieter.vantol@hoganlovells.com
          www.hoganlovells.com

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.