UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
COMPASS-CHARLOTTE 1031, LLC

                    Plaintiff,

  - against -                                    Case No. 24-cv-55 (MAD/DJS)

PRIME CAPITAL VENTURES, LLC, BERONE
CAPITAL FUND, LP, BERONE CAPITAL
PARTNER, LLC, BERONE CAPITAL LLC,
BERONE CAPITAL EQUITY FUND I, LP,
405 MOTORSPORTS LLC F/K/A BERONE
CAPITAL EQUITY PARTNERS, LLC,

                    Defendants.
-----------------------------------------------------------------

## THIRD REPORT OF PERMANENT RECEIVER

To:    Hon. Mae D'Agostino, United States District Court Judge

Paul A. Levine, Esq, Permanent Receiver (the "Receiver"), for Defendants Prime Capital Ventures LLC ("Prime") Berone Capital Fund, LP, Berone Capital Partner, LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP and 405 Motorsports LLC f/k/a Berone Capital Equity Partners, LLC (collectively "Berone") (Prime and Berone are collectively the "Defendants") respectfully submits his Third Report to the Court as follows.

1.    In order to keep the Court and parties advised, the Receiver reports on the following events since the filing of his Second Report.

        a.    **The $2,275,000 Watch**

2.    With regard to the Richard Mille Skull Tourbillon wristwatch purchased by Kris Roglieri for $2,275,000.00 with Prime's funds, the watch was surrendered to the Receiver by Mr. Roglieri and has been secured in a safe deposit box at a local bank. The Receiver has agreed

1

with counsel for Prime that no disposition of the watch will be made absent further order of the Court.

    b.  **The Virginia Beach House**

  3.  Insurance on Prime's luxury home located in Virginia Beach, Virginia has been secured (the existing policy was set to expire on January 31st). The Receiver's law firm paid the premium of more than $8,000 and will be reimbursed by the Receiver as monies come into his possession.

  4.  Through a local Virginia attorney, the Receiver has filed a notice of pendency to encumber the title to the house. That attorney will be paid by the Receiver's law firm which will similarly be reimbursed.

    c.  **Establishment of Receiver's Accounts and Transfer of Funds**

  5.  The Receiver has opened up accounts at M&T Bank for both Prime Capital Ventures LLC and for the Berone entities.

  6.  He is taking steps to transfer Defendants' funds and investments from the following institutions: Citibank, N.A.; KeyBank, N.A.; Farmers State Bank; TD Bank; Royal Bank of Canada (RBC); and Interactive Brokers. This has involved substantial time and written and verbal communications with officers of the various institutions and, in some cases, in person visits to local branch offices to close accounts and expedite the transfer of monies.

    d.  **Third-Party Litigation in other Courts**

  7.  The receiver is aware of a number of lawsuits pending against one or more of the defendants in other courts. See Exhibit "A."

  8.  It is the Receiver's intent to very shortly make a motion for an anti-litigation injunction.

9. The Receiver's present primary focus is to locate and secure assets and to otherwise preserve the status quo in this complex case involving several entities, far flung assets in the nature of real and personal property, financial transactions across several banking and other financial institutions and, we have recently learned, a parallel criminal investigation.

10. The Receiver is concerned that having to respond to litigation in several different courts will divert his attention from such paramount activities[1]. Also, having to participate in such activities will be a drain on assets which, eventually, could be used to address claims against the Defendants.

11. For example, the Receiver has already had to appear in an action against Prime and Berone Capital LLC very recently commenced by ER Tennessee LLC in New York State Supreme Court, New York County to oppose a motion for the appointment of a receiver. ER Tennessee has sued seeking to recover $7,000,000 in deposit funds.

12. The Receiver reviewed pleadings and has spoken to attorneys for B&R Acquisition Partners, LLC with regard to confirming an arbitration award.

13. The Receiver has reviewed pleadings and spoken to an attorney for Caruso Builders which just commenced an action in New York State Supreme Court, Saratoga County.

14. This is but a sampling of the litigations and threatened litigations that Prime and Berone face.

    e.   **Loans Actually Closed**

15. When he met with Mr. Roglieri and Prime's counsel on January 16th, Mr. Roglieri indicated that the firm of Sheppard Mullin represented Prime when it came time for a "hard

---

[1] Since his appointment on January 12th, the Receiver has, literally, devoted substantial time and effort on this case every day; including Saturdays and Sundays. Other attorneys and paraprofessionals in the Receiver's law firm are also devoting very significant time to assisting the Receiver in his duties. The Receiver's law firm has disbursed monies and incurred expenses to insure the house in Virginia Beach, for counsel fees relating to filing a notice of pendency against that house, for a private investigator to investigate vehicle titles and for service of process.

closing" on a loan deal; meaning, as the Receiver understands, that the firm would get involved once the borrower had satisfied diligence requirements and it came time for an actual loan closing with documents being executed and liens being recorded.

16.     In response to my inquiry on the loans that the firm actually closed, Sheppard Mullins recently provided loan files for three deals.  The Receiver's counsel is currently abstracting the loan files to determine the extent, nature and amount of any loan receivables that may be owed to Prime such that he can contact the borrowers to obtain more information from a base of knowledge and to ensure the loan payments come to the Receiver.

17.     In addition, at my meeting with Mr. Roglieri and Prime's counsel, I was advised that Barclay Damon LLP did the "soft closings" on the loans meaning the initial agreements before the borrowers satisfied diligence requirements.  I have asked the Barclay Damon firm for details regarding such matters, and it is reviewing my inquiry with its ethics counsel before responding.

        f.     **Third-Party Action Commenced**

18.     The Receiver commenced a Third-Party Action in this court to assert claims on behalf of Prime against Kris Roglieri, Tina Roglieri, Kimberly Humphrey, Prime Commercial Lending, LLC, Commercial Capital Training Group, The Finance Marketing Group, National Alliance of Commercial Loan Brokers LLC and FUPME LLC for the recovery of millions of dollars in hard assets in the nature of exotic automobiles, luxury watches and otherwise in monies for such things as private jet air travel.

19.     The Receiver also sought and obtained an order to show cause restraining a transfer of the Third-Party Defendants' assets pending a hearing on the Receiver's motion for a prejudgment attachment.

20.     The Third-Party Action is out for service.

21.     Since the filing of the Third-Party Action, the Trustee's investigation revealed that four of the exotic automobiles set forth in the Order to Show Cause for Attachment Pursuant to Rule 64, and the five automobiles identified in my Supplemental Declaration in support thereof, are in fact owned by an entity known as Shark Ventures LLC; a company organized under Montana law.  The Receiver's investigation has shown that Mr. Roglieri formed Shark Ventures LLC in order to save very substantial sales tax had the automobiles been purchased and owned by a New York entity.  As a result, the Receiver will be seeking to amend the Third-Party Complaint to add Shark Ventures LLC as a Third-Party defendant.

22.     The Receiver would also like to note that in my Supplemental Declaration I noted that on December 12, 2022, Mr. Roglieri purchased five items from RM Auctions, Inc. ("RM") using Prime money, and that one of those items was a Ferrari V-12 Engine for $260,810. Upon closer inspection, it appears that Mr. Roglieri did not actually purchase an engine, instead he purchased a Ferrari V-12 Engine **Table**.[2] So, Mr. Roglieri purchased a piece of furniture with $260,810 of Prime's money.

g.      **Continued Investigations**

23.     The Receiver has continued to make inquiries to various parties including auction houses, vendors who modify exotic automobiles, banks, law firms that provided services to Prime and counter parties to Prime's activities.

24.     The Receiver has received numerous phone calls from various parties claimed to have been financially injured by Prime's alleged fraud or otherwise inquiring about the case. Those include calls from either the principals or attorneys for, among others:

a.      135 Railroad LLC

---

[2] Here is a link to RM for this outrageously pricey table https://rmsothebys.com/en/auctions/mi22/miami/lots/n0002-ferrari-v-12-engine-table/1305461.

  b.  1800 Park Ave.

  c.  Brightsmith Capital Partners

  d.  CoNextions

  e.  ER Tennessee

  f.  HCW Biologics

  g.  PTR Prime

  h.  Indigo

  i.  Keeler Motors

  j.  Luker

  k.  Motos America

  l.  Piper

  m.  SP harbor

  n.  Star Sight

  h.  **<u>Berone</u>**

25. With respect to Berone, and to augment the Receiver's earlier reports:

  a. Berone's accounts at RBC, TD Bank, Interactive Brokers were frozen and, as set forth above, the Receiver is in the process of liquidating those accounts and transferring the funds to accounts established by the Receiver at M&T Bank.

  b. The Receiver has reached out to counsel for Reign Financial International, Inc. a party that was sued by Prime Capital Ventures LLC with regard to the $20,000,000 that was allegedly transferred by Prime to Berone. The Receiver was advised that the attorney for Reign is moving to withdraw for lack

of payment and that the attorney would reach out to try to put the Receiver in direct contact with Martin Karon, Reign's principal to facilitate the Receiver's attempt to investigate these matters.

  c. The Receiver has had several discussions with John Harwick, Esq. who, for a brief time, was representing the Berone entities with respect to the Receiver's inquires.  The Receiver provided an extensive list of documents and information that he needed to receive from Berone.  Attorney Harwick stated that while Berone would provide documents its principals would not speak with the Receiver given the criminal overlay to the case.   Mr. Harwick has since advised the Receiver that he no longer is representing Berone.  To date Berone has not provided any information or documents to the Receiver.

  d. The Receiver has also spoken to an attorney appearing for Berone in the New York County (Supreme Court) action commenced by ER Tennessee. In that action, Berone denies wrongdoing and its principals, by affidavit evidence, deny that the alleged Joint Venture Agreement with Prime asserted as genuine by Mr. Roglieri is, in fact, genuine and assert that it is forgery.  That attorney, Thomas McNamara, Esq. and his colleague Jaspreet S. Mayall, Esq. of Certilman Balin Adler & Hyman have now appeared and answered for Berone in this case and the Receiver anticipates further discussion.

  i. **The Maybach and the Mercedes**

26. The Receiver's investigation revealed that on or about October 18, 2023, Mr. Roglieri caused Prime to purchase, in its name and for cash with Prime's monies, a new 2023 Mercedes – Maybach S680Z4.  With tax and other charges, the total price was $449,672.93.

27. The Receiver's investigation showed that the vehicle is at Keeler Motor Car Company because it had, apparently, been side-swiped and required approximately $30,000 in repairs; a bill which has not been paid. The Receiver was advised that an insurance check for $24,000 was issued to Mr. Roglieri but had not been remitted for the repairs.

28. The Receiver inquired of Prime's attorney as to the insurance check and was advised that the insurance was allegedly in Mr. Roglieri's name personally and inquired of the Receiver as to the impact of that alleged fact. The Receiver indicated that since Mr. Roglieri damaged company property, the monies should be used to pay for the repairs. He has not yet received a response on that point.

29. The Receiver has asked that Keeler not release the Maybach and it is the Receiver's intent to seek permission to sell it.

30. The Receiver's investigation also revealed that on about November 2, 2023, with Prime's money, Mr. Roglier's wife purchased a 2021 Mercedes GLS SUV for a total purchase price of $91,206.00. The Receiver has already spoken to counsel for Mrs. Roglieri and stated that the Mercedes GLS SUV needs to be delivered to the Receiver for, as the Court may allow, sale.

31. The Receiver notes that these very substantial purchases, with company funds, were made later in 2023 when it was clear that creditors were bearing down on Prime.

    j. **Other Matters**

32. The Receiver intends to seek permission from the Court to begin selling assets, including the Skull Watch, the Virginia Beach House and certain vehicles.

33. As indicated above, the Receiver will shortly file a motion seeking a broad anti – litigation injunction.

34. The Receiver is also beginning to formulate, if the Court allows and to be submitted at the appropriate time, a proposal and plan with regard to the eventual disposition of funds; after a claims' noticing, submission and review process[3].

35. Given the lack of cooperation given by Prime, its principal[4], Kimberly Humphrey and Berone and its principals, the Receiver is considering seeking contempt remedies from the Court. However, the fact that the FBI, as indicated by Prime's attorney, has executed search warrants in the case likely will cause such parties to assert the fifth amendment rights with respect to any further requests for information from the Receiver. Berone's new attorney advised the Receiver today that they are working on providing the information the Receiver has requested. The Receiver continues to consider such matters.

36. Finally, given the very substantial number of hours expended on this case, not to mention out of pocket expenses, it is the Receiver's intent to make his first fee application in the near future.

---

[3] In no manner is the Receiver attempting to usurp any function of the Court. Rather, he has received numerous inquiries from injured parties and, as a result, and based on his prior experience in such matters and in bankruptcy court, the Receiver has begun to think about such things and shares those thoughts in this report.

[4] For example, despite numerous requests, and aside from the $20 million apparently mired in the Reign litigation, Prime has failed to provide any proof that the total of $52 million allegedly sent to Berone was, in fact, sent to Berone.

WHEREFORE it is respectfully requested that the Court consider this Third Report and grant such other and further relief as is just, necessary and proper.

Dated: February 7, 2024

                                          Respectfully submitted,

                                          /s/Paul A. Levine
                                          Paul A. Levine, Esq.
                                          RECEIVER
                                          LEMERY GREISLER LLC
                                          Office and P.O. Address
                                          677 Broadway, 8th Floor
                                          Albany, New York 12207
                                          Ph:  (518) 433-8800
                                          Fax:  (518) 433-8823

                                          plevine@lemerygreisler.com

# EXHIBIT "A"

# PENDING LITIGATION/ARBITRATION CASES AGAINST PRIME CAPITAL VENTURES, LLC

| Case Name: | CV/Index No.: | Jurisdiction: | Amount Sought to be Recovered: | Current Status: | Claimant/Creditor Attorney Name: | Email: | Telephone: | Address: |
|---|---|---|---|---|---|---|---|---|
| Onward Holding, LLC v. Prime Capital Ventures, LLC and Kris Roglieri | 2:23-cv-00833-JCB | United States District Court for the District of Utah, Central Division | Per Complaint: Remaining ICA Payment ($4 million) and consequential damages, exceeding $50 million | Default Judgment Entered 2/5/24 Against Prime and K. Roglieri for $3 Million, Seeking to Recoup $5,000,000 | George W. Pratt and Jack L. Darrington // George W. Pratt and Jack L. Darrington, Buchalter P.C. | gpratt@buchalter.com // jdarrington@buchalter.com | (801) 401-8625 | 60 E. So. Temple, Suite 1200, Salt Lake City, Utah, 84111 |
| Compass-Charlotte 1031,LLC v. Prime Capital Ventures, LLC, Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC | 1:24-cv-00055-MAD-CFH | United States District Court, Northern District of New York | Per Complaint: Damage believed to be in excess of $15,902,250.00, plus interest | Affidavit and Memorandum of Law in Opposition of Motion to Disqualify filed by Attorneys for Non-Party Hogan Lovells | Will Esser, Esq. // Parker Poe Attorneys & Counselors at Law | willesser@parkerpoe.com | (704) 335-9507 | 630 South Tryon Street, Suite 800, Charlotte, North Carolina 28202 |
| ER Tennessee LLC v. Prime Capital Ventures LLC and Berone Capital LLC | 650231/2024 | New York County Supreme Court, State of New York | Per Complaint Four Counts - (1) $15 million (2) $7 million (3) $13 million and (4) $7 million | Deadline for Prime Capital Ventures to Respond to Complaint Extended to 2/23/24 | David T.B. Audley (pro hac vice pending), Joseph P. Lombardo and Michael Samuels // Chapman and Cutler LLP | lombardo@chapman.com | (312) 845-3000 | 320 S Canal St, Chicago, IL 60606 |
| B&R Acquisition Partners, LLC and JHM Lending Ventures, LLC v. Prime Capital Ventures, LLC | 900844-24 | Albany County Supreme Court, State of New York | Per Petition (Also Confirms Arbitration) - Never Returned $4.3 Million Deposit | Order Issued by Court on 2/6/24 - Application was Granted for Award of $4.3 Million, plus Interest and Costs | Richard L. Burstein // Whiteman Osterman & Hanna LLP | rburstein@woh.com | (518) 487-7635 | One Commerce Plaza, 11th Floor, Albany, New York 12260 |
| Caruso Home Builders, LLC and Sage Estates Malta, LLC v. Prime Capital Ventures, LLC | EF2024312 | Saratoga County Supreme Court, State of New York | Per Complaint: Paid $2.6 million Deposit and Never Received Rest of Loan or Deposit | Complaint Filed 1/29/24 - Need to Serve Defendants | Elliot Aaron Hallak // Harris Beach PLLC | ehallak@harrisbeach.com | (518) 701-2748 | 677 Broadway, Suite 1101, Albany, New York 12207 |
| Camshaft CRE 1, LLC v. Prime Capital Ventures, LLC | 2023-023173-CA-01 | CA43 - Downtown Miami - Florida - Judge Rebull, | Per Third-Party Complaint: Failed to Return | **PENDING:** Plaintiff Filed Motion for Entry of Final Judgment on 12/19/2023 Seeking | David B Massey // Hogan Lovells US LLP | david.massey@hoganlovells.com | (305) 459-6678 | 600 Brickell Ave, Suite 2700, Miami, Florida 33131 |

{LG 00729626 1 }

# PENDING LITIGATION/ARBITRATION CASES AGAINST PRIME CAPITAL VENTURES, LLC

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | Thomas Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida | $12,400,000 Deposit | Final Judgment Against Prime in the Amount of $12,400,000. Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories on 2/1/24. | | | | |
| 1800 Park Avenue LLC v. Prime Commercial Lending, et al. | TBD | TBD | Per Third-Party Complaint: Provided $5 million Deposit, Learned of K. Roglieri Bankruptcy Case and Deposit was Never Returned | Case to be Commenced Soon | Chad Miesen // Carpenter, Hazlewood, Delgado and Bolen LLP | chad.miesen@carpenterhazlewood.com | (800) 743-9324 | 1400 East Southern Avenue, Suite 400, Tempe, Arizona 85282 |
| **TOTAL KNOWN CLAIMS: 7** | | | | | | | | |

{LG 00729626 1 }

# CASES WHERE VOLUNTARY NOTICE OF DISMISSAL WAS FILED BY PLAINTIFF

| Case Name: | CV/Index No.: | Jurisdiction: | Amount Sought to be Recovered: | Current Status: | Claimant/Creditor Attorney Name: | Email: | Telephone: | Address: |
|---|---|---|---|---|---|---|---|---|
| Robert Sturm v. Prime Capital Ventures, LLC | 1:23-cv-1033 | United States District Court, Northern District of New York | *Pacer would not load document image properly* | Entry of Default 9/15/23 // Notice of Voluntary Dismissal Filed by Plaintiff 10/18/23 | Christopher V. Fenlon // Hinckley, Allen and Snyder LLP | cfenlon@hinckleyallen.com | (518) 396-3100 | 30 South Pearl Street, Suite 901, Albany, New York 12207 |
| Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC | 1:23-cv-1588 | United States District Court, Northern District of New York | *Pacer would not load document image properly* | Notice of Voluntary Dismissal was filed on 12/26/23 | Christopher V. Fenlon and Kieran T. Murphy // Hinckley, Allen and Snyder LLP | cfenlon@hinckleyallen.com | (518) 396-3100 | 30 South Pearl Street, Suite 901, Albany, New York 12207 |
| 526 Murfreesboro, LLC v. Prime Capital Ventures, LLC | 3:2023cv01239 | United States District Court for the Middle District of Tennessee, Nashville Division | Per 12/4/23 Order - $4,312,500.00 Deposit was Not Returned, TRO Denied | Notice of Voluntary Dismissal Filed 12/27/23 with Order to Confirm | Michael G. Abelow (No. 26710) and Frances W. Perkins (No. 40534) // SHERRARD ROE VOIGT & HARBISON, PLC | mabelow@srvhlaw.com and fperkins@srvhlaw.com | (615) 742-4532 | 150 3rd Avenue South, Suite 1100, Nashville, Tennessee 37201 |
| **TOTAL KNOWN CLAIMS: 3** | | | | | | | | |

# **DISCONTINUED CASES**

| Case Name: | CV/Index No.: | Jurisdiction: | Amount Sought to be Recovered: | Current Status: | Claimant/Creditor Attorney Name: | Email: | Telephone: | Address: |
|---|---|---|---|---|---|---|---|---|
| Truss Financial, LLC v. Prime Capital Ventures, LLC | 510389/2023 | Kings County Supreme Court, State of New York | Per Summons with Notice: Loss of $13,4000,000 | Filed Notice of Discontinuance 5/22/23 | Yeshaya Gorkin // Ainsworth Gorkin PLLC | shaya@ainsworthgorkin.com | (718) 501-7533 | P.O. Box 605, New York, New York 10272 |
| The Lion Group DFW, LLC v. Prime Capital Ventures, LLC | 23DCV341617 | 146th District Court in and for Bell County, Texas | Application for Emergency Temporary Restraining Order and Request for Temporary Restraining Orders Filed on 9/21/23 | Order on Plaintiff's Non-Suit with Prejudice Signed by Judge Jones, and Four Notice of Non-Suits Were Filed on 10/3/23 | Carl Allred, Aaron T. Gankofskie and Bukowski // Bukowski Law Firm, P.C. | *Cannot find available e-mails* | (512) 543-2515 | 1601 Rio Grande Street, Suite 345, Austin, Texas 78701 |
| **TOTAL KNOWN CLAIMS: 2** | | | | | | | | |

# **PENDING LITIGATION/ARBITRATION CASES AGAINST THIRD-PARTY DEFENDANT BY PRIME**

| Case Name: | CV/Index No.: | Jurisdiction: | Amount Sought to be Recovered: | Current Status: | Claimant/Creditor Attorney Name: | Email: | Telephone: | Address: |
|---|---|---|---|---|---|---|---|---|
| Prime Capital Ventures, LLC v. Reign Financial International, Inc., Reign Financial International, Inc., Georgio Johnson, Gary Mills and Martin Karo | 1:23-cv-00207-FJS-DJS | United States District Court, Northern District of New York | Per Reply Memorandum of Law Filed 9/25/23 - Prime is claiming Reign Financial International and others stole $20 million | TBD | Patrick J. Fitzgerald, III, Daniel Rubin and Bonnie Rose Watson // Girvin & Ferlazzo, P.C. | pjf@girvinlaw.com | (518) 462-0300 | 20 Corporate Woods Boulevard Albany, New York 12211 |
| **TOTAL KNOWN CLAIMS: 1** | | | | | | | | |

# PENDING LITIGATION/ARBITRATION CASES AGAINST KRIS D. ROGLIERI

| Case Name: | CV/Index No.: | Jurisdiction: | Amount Sought to be Recovered: | Current Status: | Claimant/Creditor Attorney Name: | Email: | Telephone: | Address: |
|---|---|---|---|---|---|---|---|---|
| Onward Holdings, LLC v. Prime Capital Ventures, LLC and Kris D. Roglieri | 2:23-cv-00833-JNP-JCB | United States District Court, District of Utah, Central Division | Per Motion for Entry of DJ - Recouping $5,000,000 Deposit | Memorandum Decision Issued 2/6/24 // Motion for Entry of DJ filed 2/6/24 | George W. Pratt and Jack L. Darrington // Buchalter, P.C. | gpratt@buchalter.com // jdarrington@buchalter.com | (801) 401-8625 | 60 E. So. Temple, Suite 1200, Salt Lake City, Utah, 84111 |
| Miriam Gubnitsky, Individually, D.G. a minor under the age of fourteen years of age by her mother and natural guardian, Miriam Gubnitsky; and R.G., a minor under the age of fourteen years of age by her mother and natural guardian, Miram Gubnitsky v. Kris Daniel Roglieri | 530917/2021 | Kings County Supreme Court, State of New York | Negligent Motor Vehicle Operations - Seeking an Amount to be Determined Based on Severe/Serious Injuries Sustained by the Minor | Order Entered for Plaintiff to Produce Records (Due 1/19/24), Plaintiff to Appear for Continued EBT on/before 3/21/24, Kris Shall Appear for Continued EBT on/before 4/4/24, Plaintiff Shall Report for IME on/before 4/30/24 and Kris to Designate on/before 3/29/24 | Stephen B. Tiger and Richard S. Jaffe // Law Office of Cohen & Jaffee, LLP | sbt@cohenjaffe.com // attorneymedic@gmail.com | (516) 358-6900 | 2001 Marcus Ave Suite W 295, Lake Success, New York 11042 |
| **TOTAL KNOWN CLAIMS: 2** | | | | | | | | |