UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COMPASS-CHARLOTTE 1031, LLC,

        Plaintiff,

-against-

PRIME CAPITAL VENTURES, LLC
BERONE CAPITAL FUND, LP
BERONE CAPITAL PARTNERS LLC
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital Equity Partners LLC

        Defendants.

Case No.: 1:24-cv-55 (MAD/DJS)

---

PAUL A. LEVINE, AS RECEIVER OF PRIME CAPITAL VENTURES, LLC,

        Third-Party Plaintiff,

-against-

KRIS D. ROGLIERI, TINA M. ROGLIERI, KIMBERLY A. HUMPHREY a/k/a KIMMY HUMPHREY, PRIME COMMERCIAL LENDING, LLC, COMMERCIAL CAPITAL TRAINING GROUP, THE FINANCE MARKETING GROUP, NATIONAL ALLIANCE OF COMMERCIAL LOAN BROKERS LLC and FUPME, LLC,

        Third-Party Defendants,

---

## PERMANENT RECEIVER'S JOINDER TO PLAINTIFF'S MOTION TO DISQUALIFY HOGAN LOVELLS US LLP

Paul A. Levine, Esq., Permanent Receiver (the "Receiver"), through his attorneys Lemery Greisler LLC respectfully joins the motion of Plaintiff Compass – Charlotte 1031, LLC for an

order disqualifying Hogan Lovells US LLP ("Hogan") (Doc. 67, the "Motion") and, with respect to the Motion, states as follows:

1. The Receiver had not intended to weigh in with respect to the Motion believing that the issues were being ably presented to the Court by the respective counsel for Plaintiff and Hogan.

2. However, late yesterday and into the evening, Hogan appeared as attorneys for Kris D. Roglieri, Kimberly Humphrey, Prime Commercial Lending LLC, Commercial Capital Training Group, The Finance Marketing Group, National Alliance of Commercial Loan Brokers LLC and FUPME LLC, all who are Third-Party Defendants in the Third-Party action the Receiver has commenced in this case[1].

3. Hogan appeared on behalf of these Third-Party Defendants first in opposition to the Receiver's motion for a prejudgment attachment (see Docs. 78 and 103) and, if that was not bad enough, on a motion to dismiss the Third-Party Complaint (Docs. 71 and 109)[2]. The opposition was filed at approximately 4:40 pm and the motion to dismiss was filed at approximately 6:38 p.m. The Receiver therefore respectfully requests that the Court consider this brief joinder even though it is filed one day beyond the deadline for filing replies on the Motion.

4. To be clear, what Hogan is aggressively doing is **opposing the Receiver's efforts to protect Hogan's other client Prime Capital Ventures LLC ("Prime")** by seeking the recovery of many millions of dollars in cash, exotic cars and other assets that derived from funds

---

[1] Wisely on her part, Mr. Rolgieri's estranged wife Tina Roglieri (see Doc. 101) is separately represented.
[2] Due to a failure to comply with the Court's Individual Rules of Practice, the motion was stricken by Text Order entered February 8, 2024. Doc. 110.

deposited by third party borrowers with Prime and were then improperly diverted and / or spent by Kris Roglieri as detailed in the Third-Party Complaint.

5. The Court's Memorandum – Decision and Order Entered January 24, 2024 (Doc. 56) made the Receiver's appointment permanent and, among other things, granted the Receiver "exclusive dominion and control over all of the assets, books and records, operations and business affairs of the Defendants."

6. Business affairs certainly includes the waiver of any conflicts of interest by an attorney for Prime.

7. Hogan did not seek, and at no time, has the Receiver consented to waive Hogan's obvious multiple conflicts of interest in undertaking representation of the several Third-Party Defendants in direct conflict with the interests of Prime.

8. How Hogan believes it can ethically represent the Third-Party Defendants by opposing the efforts of the Receiver who is trying to benefit **its other client Prime** by prosecuting his Third-Party action is a mystery.

9. The Receiver agrees completely with the grounds for disqualification of Hogan set forth in Plaintiff's Motion and its reply on the Motion.

10. By opposing the Motion, Hogan made clear that it intends to plow ahead in this case notwithstanding the ethical gordian knot it has created for itself.

11. With the Motion, Hogan's opposition and Plaintiff's reply, the Receiver was content to let the record speak for itself and to rely on the Court's sound judgment on the matter.

12. But, if it were even possible to make the situation worse, Hogan has done just that by undertaking representation of the Third-Party Defendants.

13. As a result, the Receiver is compelled by his duties as Receiver, as an attorney and as an officer of the Court to file this joinder to the Motion.

14. For the reasons set forth in the Motion and the reply and for the astounding additional fact of Hogan's representation of the Third-Party Defendants, the Receiver urges the Court to grant the Motion and disqualify Hogan from further participation in this case.

15. The Receiver reserves his right to seek an award of attorney's fees to reimburse the Receivership Estate for the costs of having to address these issues. The Receiver further reserves his right to investigate the sources and uses of retainer funds paid to the Hogan firm.

WHEREFORE, it is respectfully requested that the Court grant the Motion and such other and further relief as may be deemed just, necessary and proper.

Dated: February 8, 2024

Respectfully submitted,

 /s/Paul A. Levine
Paul A. Levine, Esq.
RECEIVER
LEMERY GREISLER LLC
Office and P.O. Address
677 Broadway, 8th Floor
Albany, New York 12207
Ph:  (518) 433-8800
Fax:  (518) 433-8823

plevine@lemerygreisler.com