UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COMPASS-CHARLOTTE 1031, LLC,

                          Plaintiff,

  -against-

PRIME CAPITAL VENTURES, LLC
BERONE CAPITAL FUND, LP
BERONE CAPITAL PARTNERS LLC
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital Equity Partners LLC

                          Defendants.

Case No.:1:24-cv-55 (MAD/DJS)

**<u>ORDER TO SHOW CAUSE FOR A STAY OF LITIGATION AGAINST RECEIVERSHIP ASSETS</u>**

---

PAUL A. LEVINE, as RECEIVER of PRIME CAPITAL VENTURES, LLC,

                         Third-Party Plaintiff,

  -against-

KRIS D. ROGLIERI, TINA M. ROGLIERI, KIMBERLY A. HUMPHREY a/k/a "KIMMY" HUMPHREY, PRIME COMMERCIAL LENDING, LLC, COMMERCIAL CAPITAL TRAINING GROUP, THE FINANCE MARKETING GROUP, NATIONAL ALLIANCE OF COMMERCIAL LOAN BROKERS LLC, FUPME, LLC,

                         Third-Party Defendant,

---

      Upon the Declaration of Robert A. Lippman, Esq., sworn to on February 9, 2024, the Third Report of the Permanent Receiver, dated February 7, 2024, the Memorandum of Law in Support of a Stay of Litigation Against the Receivership Assets, dated February 9, 2024, and all the pleadings and proceedings heretofore had herein in support of interim relief pursuant to F.R.C.P.

64, and upon Receiver/Third-Party Plaintiff having complied with Local Rule 7.1(e), and due deliberation having been had thereon and sufficient cause appearing:

Let Plaintiff, Compass-Charlotte 1031 LLC, Defendants Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (the "Barone Defendants"), and Third-Party Defendants Kris D. Roglieri, Tina M. Roglieri, Kimberly A. Humphrey a/k/a Kimmy Humphrey, Prime Commercial Lending, LLC, Commercial Capital Training Group, LLC, The Finance Marketing Group, National Alliance of Commercial Loan Brokers, FUPME, LLC, and, pursuant to the Amended Third-Party Complaint, Shark Ventures LLC (hereinafter collectively "Third-Party Defendants"), and additional known Prime creditors set forth below, who may wish to appear, to whom notice of this Order shall be given, **SHOW CAUSE** before this Court, to be heard at _____, on the \_\_\_\_ day of _____, 2024, at \_\_\_\_\_ am, or as soon thereafter as counsel can be heard, why an Order should not be granted to further effectuate and prevent the frustration of orders this Court has previously issued, in its exercise of jurisdiction pursuant to the All Writs Act, as follows:

1. Extending the Temporary Restraining Order in this action, issued on January 30, 2024, to enjoin Shark Ventures LLC, until further order of the Court, from transferring, selling, disposing or encumbering any vehicles that it holds title to or has possession over, including but not limited to the following assets:

    a. 1987 Mercedes-Benz 560 SEC AMG 6.0 Wide Body (VIN: WDB1260451A315331);

    b.    1982 Mercedes-Benz 500 SLT AMG 5.0 (VIN: WDB10704612001675);

    c.    2007 Mercedez-Benz SLR McLaren 722 Editon (VIN: WDDAJ76F27Moo1391);

    d.    1989 Mercedes-Benz 560 SEL AMG 6.0 (VIM: WDB1260391A497466);

    e.    A Ferrari V-12 Engine Table; and

    f.    2006 Maserati MC12 Corse (VIN: ZAMDF44B000029626)

and ordering that Shark Ventures LLC immediately cease allowing any person to drive the aforesaid vehicles or expose them to any damage or depreciation, and immediately turn over to the Receiver all insurance policies in connection with all such vehicles;

2.    Except by leave of this Court, during pendency of the receivership ordered herein, Defendants, Third-Party Defendants, and all other persons and entities be and hereby are stayed and enjoined from taking any action related to Prime Capital Ventures LLC, the Berone Defendants, the Third-Party Defendants, and any of their subsidiaries, affiliates, partners, their assets, documents, or against the receiver or the receiver's duly authorized agents (the "Relevant Parties and Property"), including, without limitation:

1. Any action to establish or enforce any claim, right, or interest against the Relevant Parties and Property: or

2. Commencing, prosecuting, continuing, entering or enforcing any suit or proceeding or judgments resulting therefrom against the Relevant Parties and Property, except that such actions may be filed to toll any applicable statute of limitations.

This injunction shall not apply to (a) any governmental investigation, action or prosecution related to violations of criminal laws; (b) the JAMS arbitration between Plaintiff and Defendant

{LG 00728702 4 }

Prime Capital Ventures, LLC; (c) any matters in the bankruptcy case of Prime Capital Ventures, LLC; or (d) proceedings in the divorce action between Kris Roglieri and Tina Roglieri, other than to the enforcement of any order or judgment against the receivership estate.

**SUFFICIENT CAUSE APPEARING THEREFORE, it is**

**ORDERED** that sufficient reason and good cause having been shown therefor, pending the hearing of this Order to Show Cause, Extending the Temporary Restraining Order in this action, issued on January 30, 2024, to enjoin Shark Ventures LLC, until further order of the Court, from transferring, selling, disposing or encumbering any vehicles that it holds title to or has possession over, including but not limited to the following assets:

  a. 1987 Mercedes-Benz 560 SEC AMG 6.0 Wide Body (VIN: WDB1260451A315331);
  b. 1982 Mercedes-Benz 500 SLT AMG 5.0 (VIN: WDB10704612001675);
  c. 2007 Mercedez-Benz SLR McLaren 722 Editon (VIN: WDDAJ76F27Moo1391);
  d. 1989 Mercedes-Benz 560 SEL AMG 6.0 (VIM: WDB1260391A497466);
  e. A Ferrari V-12 Engine Table; and
  f. 2006 Maserati MC12 Corse (VIN: ZAMDF44B000029626)

and ordering that Shark Ventures immediately cease allowing any person to drive the aforesaid vehicles or expose them to any damage or depreciation, and immediately turn over to the Receiver all insurance policies in connection with all such vehicles;

{LG 00728702 4 }

**AND IT IS FURTHER ORDERED THAT** Defendants, Third-Party Defendants, and all other persons and entities be and hereby are stayed and enjoined from taking any action related to Prime Capital Ventures LLC, the Berone Defendants, the Third-Party Defendants, and any of their subsidiaries, affiliates, partners, their assets, documents, or against the receiver or the receiver's duly authorized agents (the "Relevant Parties and Property"), including, without limitation:

1. Any action to establish or enforce any claim, right, or interest against the Relevant Parties and Property: or

2. Commencing, prosecuting, continuing, entering or enforcing any suit or proceeding or judgments resulting therefrom against the Relevant Parties and Property, except that such actions may be filed to toll any applicable statute of limitations.

This temporary restraining order shall not apply to: (a) any governmental investigation, action or prosecution related to violations of criminal laws; (b) the JAMS arbitration between Plaintiff and Defendant Prime Capital Ventures, LLC; (c) any matters in the bankruptcy case of Prime Capital Ventures, LLC; or (d) proceedings in the divorce action between Kris Roglieri and Tina Roglieri, other than to the enforcement of any order or judgment against the receivership estate.

**AND IT IS FURTHER ORDERED** that service of a copy of the Verified Third-Party Complaint, this Order, and the underlying papers on which it has been granted, shall be deemed sufficient, as follows: by email to Kris Roglieri, at kris@primecommerciallending.com and to his counsel, William J. Dryer, Esq. at wjdreyer@dblawny.com; to Tina Roglieri at tschiavo@gmail.com and to her counsel, Peter A. Pastore, Esq., at papastore@oalaw.com, and Brian Culnan, Esq., at bculnan@oalaw.com, to Kimberly ("Kimmy") Humphrey by email, at

{LG 00728702 4 }

kimmy@primecommerciallending.com and via overnight courier to 600 Linkhorn Drive, Virginia Beach, Virginia; to Prime Capital Ventures, LLC, Prime Commercial Lending, LLC, Commercial Capital Training Group, The Finance Marketing Group, National Alliance Of Commercial Loan Brokers LLC, and FUPME, LLC, by personal service or overnight courier at 66 South Pearl Street – 10th Floor, Albany, New York 12207, to Plaintiff Compass-Charlotte 1031, LLC by email to William Esser, at willesser@parkerpoe.com; and upon the Berone Defendants by email to Certilman Balin Adler & Hyman, attn Jaspreet S. Mayall, Esq., at jmayall@certilmanbalin.com, on or before _____, shall be deemed good and sufficient service thereof;

**AND IT IS FURTHER ORDERED** that service of this Order and the papers upon which it has been granted be made to counsel for the following additional known Prime creditors who have been identified to date: Onward Holding LLC, at gpratt@buchalter.com & jdarrington@buchalter.com; ER Tennessee LLC, at lombardo@chapman.com; B&R Acquisition Partners, LLC, at rburstein@woh.com; Caruso Home Builders, LLC, at ehallak@harrisbeach.com; Camshaft CRE 1, LLC, at david.massey@hoganlovells.com, and 1800 Park Avenue LLC, at chad.miesen@carpenterhazlewood.com;

**AND IT IS FURTHER ORDERED** that the Third-Party Defendants shall deliver any opposing papers in response to the Order to Show Cause no later than _____, at \_\_\_\_\_ p.m./a.m. Service shall be made by delivering the papers by email to Receiver's counsel and by filing on PACER. The Receiver shall have until _____, at \_\_\_\_ a.m./p.m. to serve any reply papers upon the Third-Party Defendants or their respective counsel, including by any form of service authorized in the foregoing paragraph.

IT IS SO ORDERED.

DATED: _____

                                            _____
                                            UNITED STATES DISTRICT JUDGE