UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
COMPASS-CHARLOTTE 1031, LLC,

                                 Plaintiff,

    -against-

PRIME CAPITAL VENTURES, LLC
BERONE CAPITAL FUND, LP
BERONE CAPITAL PARTNERS LLC
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital Equity
Partners LLC

                                 Defendants.
-------------------------------------------------------------------------X

Case No. 24-cv-00055
(MAD/CJH)

**DECLARATION IN PARTIAL OPPOSITION TO ANTI-LITIGATION INJUNCTION WITH RESPECT TO THE BERONE DEFENDANTS**

PAUL A. LEVINE, as RECEIVER OF PRIME CAPITAL
VENTURES, LLC,

                             Third-Party Plaintiff,

    -against-

KRIS D. ROGLIERI, TINA M. ROGLIERI,
KIMBERLY HUMPHREY a/k/a KIMMY
HUMPHREY, PRIME COMMERCIAL
LENDING, LLC, COMMERCIAL CAPITAL
TRAINING GROUP-, THE FINANCE
MARKETING GROUP, NATIONAL
ALLIANCE OF COMMERCIAL LOAN
BROKERS LLC and FUPME, LLC,

                             Third-Party Defendants.

-------------------------------------------------------------------------X

      JEREMIAH BEGUESSE, under penalty of perjury, declares as follows:

      1.     I am the Chief Investment Officer of Defendant Berone Capital LLC ("Berone Capital"). Berone Capital is a Securities Exchange Commission Registered Investment Advisor with its principal place of business located in Marietta, Georgia. Berone Capital Partners is the

general partner of Berone Capital and the two partners of Berone Capital Partners are myself and Fabian Stone.  Fabian Stone is the Chief Operating Officer of Defendant Berone Capital.  Other than Fabian Stone and myself, there are no other principals or employees of Defendant Berone Capital.

2. I have personal knowledge of the facts hereinafter stated.  This Declaration is submitted on behalf of Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (the "Berone Defendants") in partial opposition to the Receiver's Order to Show Cause (Dkt. #118) for an anti-litigation injunction, as explained further herein.

**THE BERONE DEFENDANTS SHOULD NOT BE PRECLUDED FROM MOVING TO SEEK TO MODIFY THE RECEIVERSHIP ORDER SO AS TO RELEASE THE BERONE DEFENDANTS FROM THE RECEIVERSHIP**

3. The Proposed Order sought by the Receiver (Dkt. #118) is extremely broad.  The Proposed Order (Dkt. #118) would preclude the Berone Defendants from "taking any action related to… the Berone Defendants," and would restrain the Berone Defendants from taking any "action to establish or enforce any claim, right, or interest as against the Relevant Parties and Property."  Dkt. #118 at pp. 3, 5.

4. The Berone Defendants intend to move to modify the Receivership Order so as to release the Berone Defendants from the Receivership.  This is not that motion.  The Berone Defendants do not want to be precluded from even making such a motion on the ground that it would allegedly violate an anti-injunction order if Plaintiff obtains the relief sought.  Accordingly, any anti-litigation injunction entered herein should not apply to any attempts to modify the Receivership Order  obtained by Plaintiff against the Berone Defendants herein.

## BERONE DEFENDANTS DID NOT OBTAIN ANY MONEY FROM PLAINTIFF IN THIS ACTION, AND THERE IS NO BASIS FOR CONTINUING A RECEIVERSHIP AGAINST THE BERONE DEFENDANTS

5. The Berone Defendants have good grounds to seek to modify the Receivership Order, as it was clearly premised upon erroneous information supplied to the Court by Plaintiff.

6. As mentioned above, Berone Capital is a registered investment advisor, and Prime Capital was one of its clients. Berone Capital is **not** party to any joint venture agreement with Prime Capital. The purported joint venture agreement between Prime Capital and Berone Capital referenced at ¶93 of the Complaint, and annexed as Exhibit 25 to Plaintiff's Verified Complaint in Support of Order to Showe Cause is, simply, a fake. That is not the signature of Fabian Stone on behalf of Berone Capital, and that is not how Fabian electronically signs documents. See Stone Declaration, Ex. C. Prime Capital first became a client of Berone Capital on October 14, 2022. Not only had Prime Capital not been a client of Berone Capital on the August 16, 2022 date of the fake joint venture agreement, Berone Capital had not been introduced to Kris Roglieri or Prime Capital until after the August 16, 2022 date.

7. Similarly, the purported $52 million account statement referred to in ¶152 of the Complaint, and annexed thereto as Ex. 39, is a fabrication.

## BERONE DID NOT RECEIVE ANY OF THE FUNDS IN QUESTION FROM PRIME

8. In a letter dated January 17, 2024 (a copy of which is annexed hereto as Exhibit A), from counsel for Plaintiff Compass-Charlotte 1031, LLC, which obtained the appointment of the Receiver in this Action, Plaintiff's counsel informed the Court of the following:

> Importantly, in response to a subpoena sent to the Royal Bank of Canada ("RBC") seeking information about Defendant Berone Capital LLP, RBC has provided account statements that confirm, contrary to Prime's representations: (1) ***Prime never wired $50 million to Berone***; and (2) ***there is no (and never has been any) account at RBC associated with Berone Capital with $50 million in it***

> *for the benefit of Prime*. Whoever created the RBC account statement relied on by Prime, and whatever such statement is supposed to represent, the account was not held for benefit of Prime and never had $50 million in it. (Dkt. No. 1-39).

(Dkt. #30, at 3, first paragraph.) (Emphasis supplied.)

9.  In the next paragraph of the letter from Plaintiff's counsel, Plaintiff's counsel informs the Magistrate that: "***Compass and the interim Receiver now can rule out RBC accounts in the name of Berone Capital as a possible source for the missing $50+ million in ICA deposits***." Dkt. #30, second paragraph. (Emphasis supplied.)

10. In the First Report of the Receiver filed January 24, 2024 (Dkt. #37), in which the Receiver details, among other things, his conversations with me, the Receiver indicates that he was advised that Mr. Beguesse had been out of the country when the Interim Trustee was appointed in the involuntary bankruptcy proceeding, and that Mr. Beguesse told him that Prime Capital was merely a client and that Berone Capital did not start doing business with Prime Capital until after the date of the [fake] joint venture agreement, that Fabian Stone had also confirmed that there was no joint venture agreement between Berone Capital and Prime Capital, and that was not his signature thereon. Dkt. #37, ¶¶31-38.

11. Berone Capital did not receive any of Plaintiff's money from Defendant Prime Capital. Unfortunately, when the Interim Trustee was appointed in the bankruptcy proceeding both Fabian Stone and I were out of the country and did not have access to secure contents of Berone's books and records and advised the Interim Trustee of such, but nonetheless were improperly included as defendants in this Action due to the forged joint venture agreement.

12. Annexed hereto as Exhibit B is an email which I received from the Interim Trustee in the now dismissed involuntary bankruptcy petition dated December 27, 2023 in which I was notified of the Interim Trustee's appointment and asked to acknowledge receipt of the

Interim Trustee's email. On the same day, December 27, 2023 I acknowledged receipt of the Interim Trustee's message and told him that I was currently out of the country. (I was in Trinidad and Tobago visiting my family.) On December 28, 2023 the Interim Trustee asked if I could confirm the amount in Prime's account at Berone. The next morning, on December 29, 2023 I advised the Interim Trustee that I was overseas and did not have secure access to client accounts. See Exhibit B.

13. On January 17, 2024 I came back to the United States, and spoke with Paul Levine on January 18, 2024, who was the Temporary Receiver at the time, and I was shocked to learn that the Berone Defendants had been named as Defendants by Plaintiff herein and that a Receiver had already been appointed for the Berone Defendants.

14. I have attempted to provide information and documents to the Receiver and Plaintiff to assist them in their efforts to recover their loss. In the meantime, however, all of the accounts of the Berone Defendants were frozen and I was unable to retain counsel in this action until February 6, 2024, the same day that the Answer of the Berone Defendants was due, and filed. (Dkt. #97.)

15. What the Berone Defendants are seeking is an opportunity to make a motion to this Court explaining in detail why the Berone Defendants should not be included in the Receivership Order, and the continuing harm it has caused not just to the Berone Defendants but to its investment clients.

**THE RECEIVERSHIP ORDER HAS CAUSED DEVASTATING HARM AND DAMAGE TO THE BERONE DEFENDANTS AND THEIR PRINCIPALS**

16. As indicated above, Berone Capital LLC is a registered investment advisor which holds client assets and has a fiduciary responsibility to service its legitimate clients. In addition, Berone Capital Fund, LP holds client funds unrelated to Prime Capital that we are being

prevented from servicing due to the Receivership Order. We have lost business phone service, as we are now two months in arrears due to the freezing of Berone's bank accounts. We have lost access to New York Stock Exchange market data and Bloomberg market data, which are critical components to our operational capabilities, and are both in arrears due to the Receivership Order.

17. Our relationship with RBC (Royal Bank of Canada) Capital Markets, our custodian bank which holds client assets has also been irreparably damaged. We have also been notified that our TD Bank relationship was terminated due to the Order to Show Cause sent by Plaintiff. The Berone Defendants have, in effect, been put out of business as a result of false statements of Plaintiff, such as that in paragraph 4 of the Complaint that Berone Capital had taken over $50 million of ICA deposits from unsuspecting victims like Plaintiff. As reflected in paragraphs 8 and 9 above, as well as Exhibit A hereto (Dkt. #30), from Plaintiff's counsel itself, Prime never wired $50 million to Berone, there is no (and never has been any) account at RBC associated with Berone Capital with $50 million in it for the benefit of Prime, and that the Receiver can rule out RBC accounts in the name of Berone Capital as a possible source for the missing $50 million in ICA deposits.

18. The Berone Defendants have also suffered reputational damage and have been contacted by media entities due to false allegations contained in Plaintiff's Complaint against the Berone Entities.

19. The equity assets of Berone Capital Partners LLC have been force liquidated due to this Receivership, causing financial damage. Potential losses continue to mount due to the lack of operational functionality and not being able to pursue new business opportunities.

20. On a personal level, the principals of the Berone Defendants, myself and Fabian Stone, have suffered personally due to the freezing of the TD Bank payroll account closure and seizure. The principals have had to go into debt to survive without ongoing income, and also have the burden of paying legal fees which they should not have had to incur.

### PLAINTIFF SHOULD HAVE CORRECTED TO THE COURT THE FALSE STATEMENTS WHICH IT HAS MADE ABOUT THE BERONE DEFENDANTS BASED UPON ITS OWN ADMISSIONS IN DOCKET #30

21. Even if Plaintiff believed in the authenticity of the Joint Venture Agreement and $52 million account statement when they were originally submitted to the Court, Plaintiff should have attempted to mitigate the damage caused to the Berone Defendants at the time they submitted Docket #30 to the Court.

### CONCLUSION

22. The Berone Defendants should be permitted an opportunity to move to modify the Receivership Order without risking an alleged violation of any proposed anti-litigation injunction.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of February, 2024.

_____
Jeremiah Beguesse