UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COMPASS-CHARLOTTE 1031, LLC,                         Case No.: 1:24-cv-55 (MAD/CFH)

                                      Plaintiff,

      -against-

PRIME CAPITAL VENTURES, LLC, BERONE
CAPITAL FUND, LP, BERONE CAPITAL PARTNERS
LLC, BERONE CAPITAL LLC, BERONE CAPITAL
EQUITY FUND I, LP, 405 MOTORSPORTS LLC f/k/a
Berone Capital Equity Partners LLC,

                                      Defendants.
------------------------------------------------------------------X
PAUL A. LEVINE, as Receiver of Prime Capital
Ventures, LLC,

                                Third-Party Plaintiff,

      -against-

KRIS D. ROGLIERI, TINA M. ROGLIERI, KIMBERLY
HUMPHREY a/k/a KIMMY HUMPHREY, PRIME
COMMERCIAL LENDING, LLC, COMMERCIAL
CAPITAL TRAINING GROUP-, THE FINANCE
MARKETING GROUP, NATIONAL ALLIANCE OF
COMMERCIAL LOAN BROKERS LLC and FUPME,
LLC,

                                  Third-Party Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO ANTI-LITIGATION INJUNCTION WITH RESPECT TO THE BERONE DEFENDANTS

                                      CERTILMAN BALIN ADLER & HYMAN, LLP
                                      *Attorneys for Defendants Berone Capital Fund,*
                                      *LP, Berone Capital Partners LLC, Berone Capital*
                                      *LLC, Berone Capital Equity Fund I, LP, and 405*
                                      *Motorsports LLC f/k/a Berone Capital Equity*
                                      *Partners LLC*
                                      90 MERRICK AVENUE, 9TH FLOOR
                                      EAST MEADOW, NY 11554
                                      (516) 296-7000

OF COUNSEL:
Thomas J. McNamara, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

   POINT I ................................................................................................................................. 3

      THE BERONE DEFENDANTS SHOULD BE PERMITTED TO
      MOVE TO MODIFY THE RECEIVERSHIP ORDER .......................................................... 3

   POINT II ................................................................................................................................ 7

      THE BERONE DEFENDANTS SHOULD NOT BE PREVENTED FROM AMENDING
      THEIR ANSWER OR INTERPOSING COUNTERCLAIMS OR CROSSCLAIMS ........... 7

CONCLUSION .......................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Baliga v. Link Motion Inc.*,
  No. 18CV11642 (VM) (DF), 2022 WL 2531535 (S.D.N.Y. Mar. 9, 2022), rep*ort and recommendation adopted, N*o. 18 CIV. 11642 (VM), 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022) .................................................................................................................................. 4

*Chambers v. Blickle Ford Sales, Inc.*,
  313 F.2d 252 (2d Cir. 1963) ..................................................................................................... 4

*Citibank, N.A. v. Nyland (CF8) Ltd.*,
  839 F.2d 93 (2d Cir. 1988) ....................................................................................................... 4

*Ferguson v. Tabah*,
  288 F.2d 665 (2d Cir. 1961) ..................................................................................................... 4

*Melnick v. Press*,
  No. 06-CV-6686 JFB ARL, 2007 WL 2769490 (E.D.N.Y. Sept. 21, 2007) ............................. 5

*Nken v. Holder*,
  556 U.S. 418, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) .................................................... 4, 6

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
  356 F. Supp. 3d 287 (S.D.N.Y. 2018) ...................................................................................... 4

*S.E.C. v. Byers*,
  609 F.3d 87 (2d Cir. 2010) ............................................................................................... 1, 4, 6

*Varsames v. Palazzolo*,
  96 F. Supp. 2d 361 (S.D.N.Y. 2000) ........................................................................................ 6

*Wilmington PT Corp. v. Tiwana*,
  No. 19-CV-2035 (DLI), 2020 WL 13158288 (E.D.N.Y. Mar. 25, 2020) ................................. 5

**Federal Rules**

F.R.C.P. Rule 13 ............................................................................................................................ 7

F.R.C.P. Rule 15 ............................................................................................................................ 7

**PRELIMINARY STATEMENT**

Defendants Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (hereinafter referred to as the "Berone Defendants") respectfully submit this Memorandum of Law, together with the Declaration of Jeremiah Beguesse, dated February 13, 2024 (the "Beguesse Dec.") and the Declaration of Fabian Stone, dated February 13, 2024 (the "Stone Dec."), in partial opposition to the Receiver's request for an anti-litigation injunction.

By way of the instant Order to Show Cause, the Receiver seeks an anti-litigation injunction with respect to Receivership assets under the rationale of *S.E.C. v. Byers*, 609 F.3d 87, 91 (2d Cir. 2010). The Berone Defendants partially oppose this motion on the grounds that, should the broad order sought by the Receiver be granted, the Berone Defendants might arguably be prevented from: (1) filing a motion/order to show cause to modify the Receivership Order to release the Berone Defendants from the Receivership Order; and (2) amending their answer, or interposing compulsory counterclaims or permissive crossclaims (or seeking an extension of the time in which to amend their answer or interpose such claims). The Berone Defendants have good grounds to seek to modify the Receivership Order, as to the Berone Defendants only, for the reasons set forth in the Beguesse Dec. and Stone Dec.

## **STATEMENT OF FACTS**

The relevant facts in partial opposition to the present Order to Show Cause are fully set forth in the accompanying Beguesse Dec. and Stone Dec., to which the Court is respectfully referred.

## ARGUMENT

### POINT I

### THE BERONE DEFENDANTS SHOULD BE PERMITTED TO MOVE TO MODIFY THE RECEIVERSHIP ORDER

The Receiver seeks a broad anti-litigation injunction based on allegations that Prime has engaged fraudulent conduct that may jeopardize the return of Plaintiff's approximately $15 million in ICA Deposits. The Berone Defendants did not receive any of Plaintiff's money from Prime. (Beguesse Dec. ¶11.) Prime previously alleged that the Berone Defendants held over $50 million in a Royal Bank of Canada ("RBC") fund on its behalf, but it has been established by the Receiver's First Report and confirmed in this Court's order granting Plaintiff's motion for a permanent receiver that Plaintiff's funds are not being held in an RBC fund by the Berone Defendants. (Dkt. No. 56, p. 14 ["the whereabouts of Plaintiff's $15 million (let alone the more than $52 million from multiple entities) is unknown because it is not in RBC being held by Berone for the benefit of Plaintiff, nor is it in the now-closed Citibank account."])  Indeed, in the Receiver's current motion seeking an anti-litigation injunction, the Receiver does not mention the Berone Defendants at all except to reiterate that Berone does not have Prime's money in an RBC account and that Prime has alleged it was defrauded by Berone, but has not provided any evidence for this claim. (Dkt. No. 118-1, pp. 2, 8 n. 8) The only relevance Plaintiff alleges that Berone Defendants have to this dispute is the joint venture agreement between Prime and Berone, but that agreement is a fake. (Beguesse Dec. ¶6; Stone Dec. ¶1) Prime is merely a client of the Berone Defendants – and Berone has been attempting to cooperate with the Receiver to the best of its ability. (Beguesse Dec. ¶¶6, 13-14)

The Second Circuit cautions that an "anti-litigation injunction" (such as the kind sought by the Receiver at bar) is "to be used sparingly[.]" *S.E.C. v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010). Given the lack of evidence before the Court that the Berone Defendants are in possession of any funds belonging to the Plaintiff (or any other evidence of wrongdoing against Berone), the Receiver's request for a litigation stay - to the extent it arguably precludes the Berone Defendants from seeking to modify the Receivership Order as to the Berone Defendants only – should not be taken lightly. *See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 356 F. Supp. 3d 287, 298 (S.D.N.Y. 2018) *citing Nken v. Holder*, 556 U.S. 418, 427, 129 S. Ct. 1749, 1757, 173 L. Ed. 2d 550 (2009) (a stay is an "intrusion" into the normal judicial process and administration and is "not a matter of right").

The Berone Defendants should be given permission to seek to modify the Receivership Order insofar as it applies to the Berone Defendants only. The appointment of a receiver has long been held by the Second Circuit as an "extraordinary remedy to be resorted to only where some injury to property can be avoided in no other way." *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252, 260 (2d Cir. 1963), *see also Citibank, N.A. v. Nyland* (CF8) Ltd., 839 F.2d 93, 97 (2d Cir. 1988); *Baliga v. Link Motion Inc.*, No. 18CV11642 (VM) (DF), 2022 WL 2531535, at *16–17 (S.D.N.Y. Mar. 9, 2022), *report and recommendation adopted*, No. 18 CIV. 11642 (VM), 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022), *quoting Ferguson v. Tabah*, 288 F.2d 665, 674 (2d Cir. 1961) (appointment of a receiver is a "drastic remedy usually imposed only where no lesser relief will be effective").

In determining whether a receivership order should be vacated or modified, courts will consider the original circumstances under which the receivership was granted in the first place and determine whether such justification no longer exists. *Baliga* at *16. Thus, the following

factors may be considered by the Court: (1) fraudulent conduct on the part of the defendants; (2) imminent danger of the defendants' property being lost or diminished; (3) inadequacy of available legal remedies against the defendants; (4) probability that harm to plaintiff would be greater than injury to defendants by denying appointment; or, (5) plaintiff's probable success in the action and possibility of irreparable injury to plaintiff's interests in defendants' property. *Baliga* at *16-17.

As set forth more fully in the Beguesse Dec. and supported by the Receiver's own motion papers, there has been no evidence of fraudulent conduct on the part of the Berone Defendants, the fraudulent conduct is asserted against Prime and the third-party defendants. (Beguesse Dec. ¶¶5-15; Dkt. No. 118-1, pp. 1-5) Further, as this Court has stated, Prime has submitted no evidence to support its claim that it was defrauded by Berone. (Dkt. No. 56, p. 14) There has been no showing of imminent danger to Plaintiff if the Berone Defendants were not in receivership – indeed, there is no evidence that the Berone Defendants received Plaintiff's $15 million – which the Receiver has discredited, and this Court noted, that the Berone Defendants are not holding Plaintiff's funds in the RBC account. *Id.* Where there is "nothing in the record [to] suggest…that the…defendants engaged in fraudulent conduct when dealing with the [plaintiff], nor does th[e] Court have reason to believe that the [funds are] diminishing in value under the stewardship of the…defendants," a request for the appointment of a receiver will be denied. *Wilmington PT Corp. v. Tiwana*, No. 19-CV-2035 (DLI), 2020 WL 13158288, at *5 (E.D.N.Y. Mar. 25, 2020); *see also Melnick v. Press*, No. 06-CV-6686 JFB ARL, 2007 WL 2769490, at *2 (E.D.N.Y. Sept. 21, 2007) (denying motion to appoint receiver where movant failed to establish imminent danger that assets will be lost and failed to establish fraudulent activity on part of defendant). Such is the case at bar with respect to the Berone Defendants.

"The purpose of a receivership is to protect a party's interest in property pending resolution of a dispute over ownership or control between it and another party with a claim to the property." *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 366 (S.D.N.Y. 2000). Where neither the Plaintiff nor the Receiver has come forth with any evidence that would suggest that the Berone Defendants are in possession of any funds sent by the Plaintiff to Prime for which protection is sought, the purpose of this Receivership as against the Berone Defendants is clearly not being met. As pointed out by the Court in its Decision and Order appointing the Receiver: "Plaintiff's counsel argued that the $20 million related to other entities, Onward and Reign, and was irrelevant to its ICA payment. Plaintiff's counsel also argued that the bank records indicate that the $52 million is nowhere to be found." (Dkt. No. 56, at p. 7)

Given the above factors militating against the appropriateness of the continuation of the Receivership as against the Berone Defendants, along with the harm[1] that the Receivership has caused to the Berone Defendants to date (Beguesse Dec. ¶¶16-20), it is likely that Berone will succeed in a motion to modify the Receivership. Thus, the Berone Defendants should not be prevented from seeking such relief by way of the overarching litigation stay currently sought by the Receiver.

---

[1] It is well-settled that the appointment of a receiver is an equitable remedy for which such considerations of harm to the parties may be weighed by the court in assessing the appropriateness of a receivership. *Baliga*, at *17.

## POINT II

### THE BERONE DEFENDANTS SHOULD NOT BE PREVENTED FROM AMENDING THEIR ANSWER OR INTERPOSING COUNTERCLAIMS OR CROSSCLAIMS

As set forth in Point I, an anti-litigation injunction is to be used "sparingly" and is an "intrusion" into the judicial process. *Byers*, 609 F.3d at 92; *Nken*, 556 U.S. at 427. Thus, the Receiver's overly broad request for a litigation stay must be viewed carefully.

The requested relief on its face could be construed as precluding the Berone Defendants from timely amending its answer as of right to plead any compulsory counterclaims it may have against the Plaintiff as well as any permissive crossclaims against Prime. Pursuant to F.R.C.P. Rule 15, the Berone Defendants have 21 days (or until February 27, 2024) to amend their answer as of right. In accordance with F.R.C.P. Rule 13, the Berone Defendants <u>must</u> plead any counterclaims against Plaintiff that arise out of the same transaction at issue, and it may plead any crossclaims it has against Prime as well to the extent it relates to the issues at bar. An anti-litigation injunction is intended to be used as a shield, and not as a sword to deprive the Berone Defendants of these statutory rights.

This Court should exercise its discretion and tailor the requested stay relief to permit the Berone Defendants to either: (a) amend their answer as of right or interpose any compulsory counterclaims or permissive crossclaims as necessary; or (b) have the benefit of a tolling or extension of their deadline in which to amend their answer as of right and to interpose such claims until 21 days from such time as the anti-litigation stay may be lifted.

## CONCLUSION

Based on the foregoing, the Receiver's Order to Show Cause should be partially denied insofar as it may prevent the Berone Defendants from: (1) filing a motion/order to show cause to modify the Receivership Order to release the Berone Defendants only; and (2) amending their answer or interposing compulsory counterclaims or permissive crossclaims (or tolling the time in which to do so, pending further order of this Court).

Dated: East Meadow, New York
February 13, 2024

**CERTILMAN BALIN ADLER & HYMAN, LLP**

By:   /s/ Thomas J. McNamara
Thomas J. McNamara, Esq.
NDNY Bar No. 5116600
*Attorneys for Defendants Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC*
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7000
tmcnamara@certilmanbalin.com