# Lemery Greisler LLC

Attorneys at Law

Paul A. Levine, Member

plevine@lemerygreisler.com
(518) 433-8800 ext. 313

February 13, 2024

**Via ECF**

Honorable Mae A. D'Agostino
United States District Court
Northern District of New York
445 Broadway
Albany, New York 12207

      **Re:** *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.*, **24-cv-00055**

Dear Judge D'Agostino:

      As the Court is aware, I am the Permanent Receiver in this case.

      I write in reply to the letter docketed by Hogan Lovells US LLP this evening on behalf of their additional clients, the Third-Party Defendants (not including Tina Roglieri), objecting to the declaration I filed in support of my motion for a prejudgment attachment. Doc. 130.

      The Third-Party Defendants wish to keep from the Court the facts set forth in my declaration and its attachments which, as Receiver, I am obligated to report to the Court in furtherance of my duties.

      Portions of the opposition to my motion object to how I have conducted my investigation in this case. The opposition alleges an improper violation of the present stay on discovery; an ongoing investigation which has produced the facts I have presented in my declaration. The opposition also raises the issue of pleadings my attorneys have filed that contain information that, absent waiver of the local rule by the Court, should have been redacted.

      Because I am ordered by the Court to be "answerable and [to] account to the Court for the Receiver's activities," I am constrained to promptly respond to these allegations when they are raised as well as to explain why I am pursuing the course of action I have chosen with respect to the Third-Party Defendants to which they so mightily object. The declaration also reports to the Court on very recent events in this sprawling case; such as the Hogan Lovells firm filing an amended Bankruptcy Rule 2016 statement yesterday in the related bankruptcy case disclosing the payment of $450,000 in retainer monies by certain of the Third-Party Defendants, in addition to the $400,000 the firm was already paid in the bankruptcy case, a fact which I believe is important for the Court to know given all that is before it for decision.

February 13, 2024
Page 2

      Stated another way, when the Third-Party Defendants forcefully allege that I have acted improperly, I respectfully assert that I have the right to respond with equal force in my own words. When new facts become known, I believe I am obligated to inform the Court.

      Because: (i) the declaration presents facts rebutting statements made in the Third-Party Defendants' opposing memorandum; (ii) a substantial portion of the declaration accounts to the Court for my activities of which the Third-Party Defendants complain; and (iii) the opposition alleges I have acted improperly, I respectfully submit that the declaration has not violated any Court rule and, in fact, is in furtherance of my Court ordered duties and my right to defend how I am executing my office.

      Thank you for the Court's kind attention.

                                       Very truly yours,

                                       LEMERY GREISLER LLC

                                       Paul A. Levine

cc:   all counsel via ECF

677 Broadway, 8th Floor
Albany, NY 12207
518.433.8800

www.LemeryGreisler.com