# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPASS-CHARLOTTE, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　　- vs -<br><br>PRIME CAPITAL VENTURES, LLC, *et al.*,<br><br>　　　　　　　Defendant. | Civil Action No.: 1:24-cv-00055-MAD-CFS |
| CONEXTIONS MEDICAL INC.,<br>　　　　Intervenor - Plaintiff,<br><br>　　　- vs -<br><br>PRIME CAPITAL VENTURES, LLC,<br><br>　　　Intervenor - Defendant. | **[Proposed] Verified Intervenor Complaint** |

　　　　Intervenor Plaintiff CoNextions Medical Inc. ("CoNextions") hereby brings this Verified Intervenor Complaint against Intervenor Defendant Prime Capital Ventures, LLC ("Prime") as follows:

## PARTIES

　　　　1.　　　CoNextions is a Delaware corporation whose principal place of business is in Salt Lake City, Utah.

　　　　2.　　　Prime is a Delaware limited liability company whose principal place of business is Albany, New York.

## FACTS

　　　　3.　　　CoNextions is a victim of the fraud that Prime and its principal, Kris Roglieri ("Roglieri"), perpetrated against it and apparently many others.

4. CoNextions is a leader in innovative tendon repair technology. CoNextions' business has grown rapidly, creating the need for funding to keep track with its expansion.

5. As a result, CoNextions approached Prime for a business line of credit. Prime promised favorable terms and quick delivery of that credit, so long as CoNextions made an "Interest Credit Account" ("ICA") deposit, supposedly for the purpose of prepaying interest that would be due on the promised line of credit.

6. CoNextions and Prime entered into a Letter of Intent dated November 30, 3022 (the "LOI"), a true and accurate copy of which is attached hereto as <u>Exhibit A</u>.

7. The LOI represented that CoNextions was pre-approved for a line of credit in the amount of $28,000,000.

8. As part of that transaction, CoNextions was obligation to make an ICA payment in the amount of $5,800,000.00, expressly denominated as "pre-paid interest."

9. The parties also entered into a Deposit Agreement dated October 27, 2023, a true and accurate copy of which is attached hereto as <u>Exhibit B</u>. The salient terms of the Deposit Agreement were:

- ■ "The Lender [*i.e.* Prime] has approved the Borrower [*i.e.* CoNextions] for a Business Expansion Line of Credit … in the amount of $28,000,000.00"; and,

- ■ "The Business Expansion Line of Credit … requires the Borrower to deposit with Lender an amount equal to $5,800,000.00 in [ICA] maintained by Lender for the benefit of Borrower and for the purpose of the Borrower's payment of interest due and payable over the term of the [Line of Credit]."

10. After execution of the LOI and Deposit Agreement, Prime and its principals pressured CoNextions and its investors into making the ICA payment. Specifically, Prime set an artificial deadline for payment of the ICA payment under the guise that Prime could not extend the favorable terms contained in the LOI after that date. Prime also represented that it would

- 3 -

needs a five percent (5%) increase in the ICA payment because the deadline lapsed, for a total of approximately $7,200.000.00.

11.     Based upon these representations by Prime, CoNextions and its investors provided $6,150,000.00 of the ICA deposit through a series of wire transfers to Prime's account (and ceased funding the balance upon learning of Prime's fraud). An itemization of those payments are attached hereto as Exhibit C.

12.     Thereafter, Prime disappeared. Specifically, Prime failed to return any communications from CoNextions.

13.     More significantly, Prime never provided the promised loan to CoNextions, while retaining the ICA deposit.

### FIRST CAUSE OF ACTION – Fraud

14.     CoNextions repeats and realleges Paragraphs 1-13 above as if fully set forth herein.

15.     Prime made material misrepresentations of fact regarding its intention and ability to deliver the loan contained in the LOI and as part of its communications, detailed above, regarding payment of the ICA deposit.

16.     Prime knew that the representations were false, and made those statements to induce reliance by CoNextions.

17.     CoNextions justifiably relied on Prime's fraudulent statements in making the payment of the ISA deposit.

18.     CoNextions has been damages as a result of Prime's fraud.

### SECOND CAUSE OF ACTION – Conversion

19.     CoNextions repeats and realleges Paragraphs 1-18 above as if fully set forth herein.

20.     Prime has converted and retained CoNextions' ICA deposit.

- 4 -

21.     Prime's conversion of CoNextions' ICA deposit has directly and proximately caused CoNextions damage.

WHEREFORE, Intervenor Plaintiff CoNextions Medical Inc. respectfully seeks the following relief:

1.     Enter judgment in CoNextions' favor on all counts of the Complaint;

2.     Award CoNextions' attorneys' fees and costs; and,

3.     Grant such other relief as the Court deems just and proper.

Dated:  February 15, 2024                              **NIXON PEABODY LLP**

                                                       By: /s/ Richard McGuirk
                                                       Richard A. McGuirk, Esq.
                                                       1300 Clinton Square
                                                       Rochester, New York 14604
                                                       Tel.: (585) 263-1644
                                                       rmcguirk@nixonpeabody.com

                                                       *Attorneys for Intervenor Plaintiff*

## VERIFICATION

STATE OF __NC__     )
                   ) ss.
COUNTY OF __Wake__ )

__Jeffrey Barnes__, being duly sworn, deposes and says:

I am the __Chairman__ of Intervenor Plaintiff CoNextions Medical Inc. in this proceeding. I have read the foregoing Verified Intervenor Complaint and know the contents thereof, and state that the same is true to the best of my knowledge and belief based on my personal knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

Sworn to before me this
__12__ day of February, 2024

_____
Notary Public

[Notary Seal: DELINDA K WHEELER, NOTARY PUBLIC, WAKE COUNTY, NC, My Commission Expires 02-15-28]

4862-6582-7235.1

# EXHIBIT A



## Terms and Contingent Letter of Intent

November 30, 2022

("Project"):  Medical device development and deployment; Salt Lake City, UT

Dear Sirs,

Conextions Medical Inc. ("Client") is PRE-APPROVED for funding via non-recourse, asset-backed Line of Credit ("LOC") with Prime Capital Ventures, LLC ("Provider") to be used at the Client's discretion within the scope of the agreement.  Funds are to be used for the acquisition and/or development of the Project.

**Debt:**
| | | |
|---|---|---|
| *Est. Principal Amount:* | $29,400,000 | |
| Project LOC Amount: | $28,000,000 | |
| Interest Credit Account (ICA): | $5,800,000 | *(pre-paid interest)* |
| Term: | 60 months with option for additional 12 months | |
| Rate: | 6.5% | I/O |
| Pre-Payment Penalty: | None | |

**Sponsor Contribution:**
| | | |
|---|---|---|
| Contribution Amount: | $5,800,000 | *cash* |

**Equity:**
| | |
|---|---|
| Equity Contribution Amount: | $0 |
| Preferred Rate: | NA |
| Equity Split: | None |
| Promote Fee: | NA |
| Additional Terms: | 1 Board Seat - non-active, observatory in nature |

**Deposit:** Due upon execution of this Agreement
| | | |
|---|---|---|
| Underwriting/Due Diligence: | $30,000 | See <u>Addendum A</u> for conditions. |

**Other Fees:** Paid out of loan proceeds.
| | |
|---|---|
| Lender Fee: | 5% |

**Schedule:**
| | |
|---|---|
| Delivery: | TBD; 60 to 90 banking days after ICA payment & contract completion per draw schedule |



This approval expires on December 12, 2022 at 5pm ET and is subject to the following:

- Client Information Summary (CIS) completion, in full.
- Terms and Contingent Letter of Intent signed by primary decision executor.
- Confirmation of Underwriting and Due Diligence Deposit. See Addendum A for conditions.
- Funding is subject to our complete review of the transaction and collateral.
- Provider reserves the right to amend or add any requirements or LOC conditions at its sole discretion.
- Borrower agrees to wire deposit within 24 hours of signing This Letter

Terms & Conditions

This Letter is intended solely as a basis for negotiation between Provider and Client of mutually satisfactory definitive documentation relating to a potential LOC by Provider to Client.  The LOC is subject to the foregoing; and the parties agree to as follows:

1. Definitive Documentation. As promptly as reasonably practicable following the execution and delivery of this letter, the parties (and their respective legal counsel, if necessary) will commence preparation of definitive documents for the LOC. The definitive agreements and other documentation for the LOC (collectively, the "LOC Documents") will be based upon the terms set forth in this document.

2. Due Diligence. Provider will continue to engage in underwriting and due diligence of Client and the scope related to the LOC. Client shall provide information to Provider relevant to the LOC in order that Provider may have the opportunity to conduct customary and appropriate underwriting and due diligence as Provider may deem necessary or desirable in connection with its evaluation of the LOC. In the event that information contained in this letter is found to be inaccurate, the Provider at its sole discretion may update the terms or void this letter completely.

3. Non-Binding. This Letter has been prepared and executed to serve as an aid to the negotiation, preparation and execution of the LOC Documents. Client and Provider have mutually discussed the proposed terms of the LOC Documents without Provider's benefit of complete underwriting and due diligence investigation. Therefore, the terms and conditions of this letter are subject to, among other things, further due diligence investigation by Provider. Except for the provisions of Sections 2, 3, 4, and 5, hereof (which are intended to be legally binding on the parties hereto), this letter is not intended to constitute a binding contract on either party, and neither party will be liable to the other party due to any failure to enter into any LOC Document. No past or future action, course of conduct or failure to act relating to the LOC, or relating to the negotiation of the terms of the LOC or the LOC Documents will give rise to or serve as a basis for any obligation or other liability on the part of either party.

4. Governing Law. This letter is governed by the laws of the State of New York, in Albany County without regard to its conflicts of law rules.

5. Legal Authority. Client and Provider each represents that the respective person executing this Letter on its behalf has the legal authority to enter into this Letter based on the relevant governing documents of each party.

Regards,

By: *Kris Roglieri*
Kris Roglieri
CEO
Prime Capital Ventures, LLC

By: *Daniel Gruppo*
Name: Daniel L. Gruppo
Title: President and CEO
Company: CoNextions Medical
Date: December 5, 2022



## Addendum A: Deposit Conditions

You are required to provide a Deposit of $30,000 with this signed *Terms and Contingent Letter of Intent* Agreement.

The Deposit will be held by Prime Capital Ventures and disbursed to pay third-party costs incurred by Prime Capital Ventures (i.e., appraisal and legal fees, costs of environmental and other assessments and inspections, etc.), as well as the overhead absorbed by Prime Capital Ventures in continuing its underwriting and approval process.

To the extent not disbursed, the balance of the Deposit will be returned to Client if Prime Capital Ventures elects not to issue a formal *Commitment to Fund*. If Clients elects not to move forward, prior to Commitment to Fund, the deposit is non-refundable. If a *Commitment to Fund* is issued, the Deposit will be retained by Prime Capital Ventures and applied to the extent available to ongoing third-party costs. If third-party costs exceed the funds available in the Deposit, you will be obliged to provide sufficient additional funds.

By: _____

Name: Daniel L. Gruppo
Title: President and CEO
Company: CoNextions Medical
Date: December 5, 2022



**Prime Capital Ventures Wire Instructions**

| | |
|---|---|
| **Bank:** | Key Bank |
| **Address:** | 127 Public Square |
| | Cleveland, OH, 44114 |
| **Account Holder:** | Prime Capital Ventures, LLC |
| **Account #:** | 324231002233 |
| **Routing #:** | 021300077 |
| **SWIFT:** | KEYBUS33ALB |
| **IBAN:** | KEYBUS33 |

# EXHIBIT B

# DEPOSIT AGREEMENT

THIS DEPOSIT AGREEMENT (this "Agreement") is made and entered into as of October 27, 2023, by and between CoNextions Medical Corporation, a Delaware corporation, (the "Borrower"), and **PRIME CAPITAL VENTURES, LLC**, a Delaware limited liability company, (the "Lender" and, together with the "Borrower", sometimes referred to individually as a "Party" and collectively as the "Parties")

## RECITALS

A.  The Lender has approved the Borrower for a Business Expansion Line of Credit (the "**LOC**") in the amount of $28,000,000.00.

B.  The Business Expansion Line of Credit (the "**LOCA**") requires the Borrower to deposit with the Lender an amount equal to $5,800,000.00 in an Interest Credit Account (the "**ICA**") maintained by the Lender for the benefit of Borrower and for the purpose of the Borrower's payment of interest due and payable over the term of the LOCA.

C.  The Lender and Borrower have agreed to a Deposit Schedule for purposes of satisfying the ICA requirement per the LOCA, as follows:

1. Borrower will deposit SIX HUNDRED THOUSAND DOLLARS ($600,000.00), on or before 5:00 PM EST on October 27, 2023.

2. Borrower will deposit FIVE MILLION TWO HUNDRED THOUSAND DOLLARS ($5,200,000.00), on or before 5:00 PM EST on November 1, 2023.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth above.

Borrower:

By: *Dan Gruppo* (DocuSigned)
Name: Dan Gruppo
Its:

Lender:

By: *[signature]* (DocuSigned)
Name: Kris Roglieri
Its:    CEO

# EXHIBIT C

**ICA Wire Transfer to Prime Capital Ventures (fbo CoNextions Medical)**

| Amount | Sender | Sending Bank | Beneficiary | Benficiary Bank | Beneficiary Bank Acct.# | Reference |
|---|---|---|---|---|---|---|
| $600,000 | CoNextions Medical | Zions Bank | Prime Capital Ventures, LLC | KeyBank | 324231002233 | Fed Ref. 2023102700009474 |
| $200,000 | Keystone | Key Bank | Prime Capital Ventures, LLC | KeyBank | 324231002233 | |
| $500,000 | Kalypso | Bank of Amer. | Prime Capital Ventures, LLC | KeyBank | 324231002233 | Fed Ref. 2023110300418665 |
| $100,000 | Ward-Moran | First National Bank | Prime Capital Ventures, LLC | KeyBank | 324231002233 | Fed Ref. 20231103MMQFMPWD005215 |
| $1,500,000 | SP Alpha Opp. Fund | | Prime Capital Ventures, LLC | KeyBank | 324231002233 | |
| $500,000 | Rancho Co-Op Water | Chase | Prime Capital Ventures, LLC | KeyBank | 324231002233 | Fed Ref. 1109MMQFMP2N030455 |
| $1,200,000 | Jean-Pierre Masson | Banc Cantonale de Geneve | Prime Capital Ventures, LLC | KeyBank | 324231002233 | |
| $200,000 | Rancho Co-Op Water | Chase | Prime Capital Ventures, LLC | KeyBank | 324231002233 | Fed Ref. 1114MMQFMP2M023013 |
| $1,000,000 | Jeff Peterson | Key Bank | Prime Capital Ventures, LLC | KeyBank | 324231002233 | |
| $350,000 | CoNextions Medical | Zions Bank | Prime Capital Ventures, LLC | KeyBank | 324231002233 | Fed Ref. 2023121500007399 |
| **$6,150,000** | | | | | | |