UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

COMPASS-CHARLOTTE 1031, LLC,            Case No.: 1:24-cv-55 (MAD/CFH)

                        Plaintiff,

     -against-

PRIME CAPITAL VENTURES, LLC, BERONE
CAPITAL FUND, LP, BERONE CAPITAL PARTNERS
LLC, BERONE CAPITAL LLC, BERONE CAPITAL
EQUITY FUND I, LP, 405 MOTORSPORTS LLC f/k/a
Berone Capital Equity Partners LLC,

                        Defendants.
-------------------------------------------------------------------X
PAUL A. LEVINE, as Receiver of Prime Capital
Ventures, LLC,

                        Third-Party Plaintiff,

     -against-

KRIS D. ROGLIERI, TINA M. ROGLIERI, KIMBERLY
HUMPHREY a/k/a KIMMY HUMPHREY, PRIME
COMMERCIAL LENDING, LLC, COMMERCIAL
CAPITAL TRAINING GROUP-, THE FINANCE
MARKETING GROUP, NATIONAL ALLIANCE OF
COMMERCIAL LOAN BROKERS LLC and FUPME,
LLC,

                        Third-Party Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE THE RECEIVERSHIP ORDER SOLEY WITH RESPECT TO THE BERONE DEFENDANTS**

                                     CERTILMAN BALIN ADLER & HYMAN, LLP
                                     *Attorneys for Defendants Berone Capital Fund,*
                                     *LP, Berone Capital Partners LLC, Berone Capital*
                                     *LLC, Berone Capital Equity Fund I, LP, and 405*
                                     *Motorsports LLC f/k/a Berone Capital Equity*
                                     *Partners LLC*
                                     90 MERRICK AVENUE, 9TH FLOOR
                                     EAST MEADOW, NY 11554
OF COUNSEL:                       (516) 296-7000
Thomas J. McNamara, Esq.
Nicole L. Milone, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

STATEMENT OF FACTS ................................................................................................................2

ARGUMENT .....................................................................................................................................3

THE RECEIVERSHIP ORDER SHOULD BE VACATED
AS TO THE BERONE DEFENDANTS ONLY ...............................................................................3

CONCLUSION..................................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Baliga v. Link Motion Inc.*,
   No. 18CV11642 (VM) (DF), 2022 WL 2531535 (S.D.N.Y. Mar. 9, 2022), re*port and recommendation adopted, No.* 18 CIV. 11642 (VM), 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022) .................................................................................................................................. 3

*Chambers v. Blickle Ford Sales, Inc.*,
   313 F.2d 252 (2d Cir. 1963) ..................................................................................................... 3

*Citibank, N.A. v. Nyland (CF8) Ltd.*,
   839 F.2d 93 (2d Cir. 1988) ....................................................................................................... 3

*Ferguson v. Tabah*,
   288 F.2d 665 (2d Cir. 1961) ..................................................................................................... 3

*Melnick v. Press*,
   No. 06-CV-6686 JFB ARL, 2007 WL 2769490 (E.D.N.Y. Sept. 21, 2007) ............................. 5

*Varsames v. Palazzolo*,
   96 F. Supp. 2d 361 (S.D.N.Y. 2000) ........................................................................................ 5

*Wilmington PT Corp. v. Tiwana*,
   No. 19-CV-2035 (DLI), 2020 WL 13158288 (E.D.N.Y. Mar. 25, 2020) ................................. 5

**PRELIMINARY STATEMENT**

Defendants Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (hereinafter referred to as the "Berone Defendants") respectfully submit this Memorandum of Law, together with the Declaration of Jeremiah Beguesse, dated March 7, 2024 (the "Beguesse Dec.") and the Declaration of Fabian Stone, dated March 6, 2024 (the "Stone Dec."), in support of their motion, brought by Order to Show Cause, to vacate the Receivership Order (Dkt. No. 56) as to the Berone Defendants only.

Movants have good grounds to seek to vacate the Receivership Order, as to the Berone Defendants only, due to the Plaintiff's admission that the Berone Defendants are not in possession of Plaintiff's $15 million that it gave to Prime, which serves as the entire basis for this action. Lacking any other basis to suspect that the Berone Defendants are in possession of Plaintiff's funds – none of which have been alleged by Plaintiff – the Receivership Order should be vacated as to the Berone Defendants.

## **STATEMENT OF FACTS**

The relevant facts in support of the present Order to Show Cause are fully set forth in the accompanying Beguesse Dec. and Stone Dec., to which the Court is respectfully referred.

## ARGUMENT

## THE RECEIVERSHIP ORDER SHOULD BE VACATED AS TO THE BERONE DEFENDANTS ONLY

The appointment of a receiver has long been held by the Second Circuit as an "extraordinary remedy to be resorted to only where some injury to property can be avoided in no other way." *Chambers v. Blickle Ford Sales, Inc.,* 313 F.2d 252, 260 (2d Cir. 1963), *see also Citibank, N.A. v. Nyland* (CF8) Ltd., 839 F.2d 93, 97 (2d Cir. 1988); *Baliga v. Link Motion Inc.,* No. 18CV11642 (VM) (DF), 2022 WL 2531535, at *16–17 (S.D.N.Y. Mar. 9, 2022), *report and recommendation adopted,* No. 18 CIV. 11642 (VM), 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022), *quoting Ferguson v. Tabah,* 288 F.2d 665, 674 (2d Cir. 1961) (appointment of a receiver is a "drastic remedy usually imposed only where no lesser relief will be effective").

In determining whether a receivership order should be vacated or modified, courts will consider the original circumstances under which the receivership was granted in the first place and determine whether such justification no longer exists. *Baliga* at *16. Thus, the following factors may be considered by the Court: (1) fraudulent conduct on the part of the defendants; (2) imminent danger of the defendants' property being lost or diminished; (3) inadequacy of available legal remedies against the defendants; (4) probability that harm to plaintiff would be greater than injury to defendants by denying appointment; or, (5) plaintiff's probable success in the action and possibility of irreparable injury to plaintiff's interests in defendants' property. *Baliga* at *16-17.

As set forth more fully in the Beguesse Dec. and Stone Dec. and supported by the Receiver's own reports and other filings cited therein, there has been no evidence of fraudulent conduct on the part of the Berone Defendants, the fraudulent conduct is asserted against Prime

3

and the third-party defendants. (Beguesse Dec. ¶¶12-16) There has been no showing of imminent danger to Plaintiff if the Berone Defendants were not in receivership – indeed, there is no evidence that the Berone Defendants received Plaintiff's $15 million – which the Receiver has discredited, and this Court noted, that the Berone Defendants are not holding Plaintiff's funds in the RBC account. (Dkt. No. 56, p. 14)

The fact that the Berone Defendants never received Plaintiff's money was recently confirmed by Plaintiff in Prime's involuntary bankruptcy proceedings wherein counsel for Plaintiff stated that: "Prime's bank records show that Prime never sent any funds to Berone in calendar year 2023…" (Beguesse Dec. ¶8, Ex. F, p. 8) Plaintiff has alleged that it sent its $15 million to Prime in April 2023. (Dkt. No. 1, ¶130) Thus, Plaintiff agrees that the Berone Defendants could not be in possession of Plaintiff's funds.

Prime previously alleged that the Berone Defendants held over $50 million in a Royal Bank of Canada ("RBC") fund on its behalf, but it has been established by the Receiver's First Report and confirmed in this Court's order granting Plaintiff's motion for a permanent receiver that Plaintiff's funds are <u>not</u> being held in an RBC fund by the Berone Defendants. (Dkt. No. 56, p. 14 ["the whereabouts of Plaintiff's $15 million (let alone the more than $52 million from multiple entities) is unknown because it is not in RBC being held by Berone for the benefit of Plaintiff, nor is it in the now-closed Citibank account."]) Indeed, the Plaintiff has admitted that the basis upon which its request for a receiver was made, as to the Berone Defendants, was incorrect. (Dkt. No. 30)

Where there is "nothing in the record [to] suggest…that the…defendants engaged in fraudulent conduct when dealing with the [plaintiff], nor does th[e] Court have reason to believe that the [funds are] diminishing in value under the stewardship of the…defendants," a request for

4

the appointment of a receiver will be denied. *Wilmington PT Corp. v. Tiwana*, No. 19-CV-2035 (DLI), 2020 WL 13158288, at *5 (E.D.N.Y. Mar. 25, 2020); *see also Melnick v. Press*, No. 06-CV-6686 JFB ARL, 2007 WL 2769490, at *2 (E.D.N.Y. Sept. 21, 2007) (denying motion to appoint receiver where movant failed to establish imminent danger that assets will be lost and failed to establish fraudulent activity on part of defendant). Such is the case at bar with respect to the Berone Defendants given the lack of evidence that Berone Defendants ever received Plaintiff's $15 million, and Plaintiff's explicit admissions that establish Berone could not be in possession of those funds. (Ex. F)

"The purpose of a receivership is to protect a party's interest in property pending resolution of a dispute over ownership or control between it and another party with a claim to the property. *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 366 (S.D.N.Y. 2000). Where the Plaintiff has not come forth with any evidence that the Berone Defendants are in possession of any funds sent by the Plaintiff to Prime for which protection is sought (indeed, the evidence supports the opposite conclusion), the purpose of this Receivership as against the Berone Defendants is clearly not being met.[1] The financial harm to the Berone Defendants, on the other hand, threatens their existence.

It is well-settled that the appointment of a receiver is an equitable remedy for which considerations of harm to the parties may be weighed by the court in assessing the appropriateness of a receivership. *Baliga*, at *17. Given the above factors militating against the appropriateness of the continuation of the Receivership as against the Berone Defendants, along

---

[1] As pointed out by the Court in its Decision and Order appointing the Receiver: "Plaintiff's counsel argued that the $20 million related to other entities, Onward and Reign, and was irrelevant to its ICA payment. Plaintiff's counsel also argued that the bank records indicate that the $52 million is nowhere to be found." (Dkt. No. 56, at p. 7)

5

with the harm that the Receivership has caused to the Berone Defendants to date (Beguesse Dec. ¶¶21-26), the Receivership Order should be vacated as to the Berone Defendants only.

Furthermore, as the Berone Defendants are not New York companies or residents of New York, as Plaintiff acknowledges in its Complaint (Dkt. No. 1, ¶¶21-27), the sole basis for personal jurisdiction is the purported joint venture agreement with Prime, a New York company according to Plaintiff's complaint (Dkt. No. 1, ¶¶17, 30). However, the joint venture agreement is a fake, as set forth more fully in the Beguesse Dec. and the Stone Dec. Without the joint venture agreement, there is no basis upon which to exercise personal jurisdiction over the Berone Defendants (Plaintiff alleges none in its Complaint). This is another valid and compelling reason to vacate the receivership as to the Berone Defendants.

## **CONCLUSION**

Based on the foregoing, the Receivership Order (Dkt. No. 56) should be vacated solely with respect to the Berone Defendants.

Dated: East Meadow, New York
      March 8, 2024

**CERTILMAN BALIN ADLER & HYMAN, LLP**

By: /s/ Nicole L. Milone
    Thomas J. McNamara, Esq.
    NDNY Bar No. 511660
    Nicole L. Milone, Esq.
    NDNY Bar No. 705183
*Attorneys for Defendants Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC*
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7000
tmcnamara@certilmanbalin.com
nmilone@certilmanbalin.com

OF COUNSEL:
Thomas J. McNamara, Esq.
Nicole L. Milone, Esq.