UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

COMPASS-CHARLOTTE 1031, LLC,                    **Case No.: 1:24-cv-55 (MAD/CFH)**

                                              Plaintiff,

-against-

PRIME CAPITAL VENTURES, LLC, BERONE
CAPITAL FUND, LP, BERONE CAPITAL PARTNERS
LLC, BERONE CAPITAL LLC, BERONE CAPITAL
EQUITY FUND I, LP, 405 MOTORSPORTS LLC f/k/a
Berone Capital Equity Partners LLC,

                                              Defendants.
------------------------------------------------------------------X
PAUL A. LEVINE, as Receiver of Prime Capital
Ventures, LLC,

                              Third-Party Plaintiff,

-against-

KRIS D. ROGLIERI, TINA M. ROGLIERI, KIMBERLY
HUMPHREY a/k/a KIMMY HUMPHREY, PRIME
COMMERCIAL LENDING, LLC, COMMERCIAL
CAPITAL TRAINING GROUP-, THE FINANCE
MARKETING GROUP, NATIONAL ALLIANCE OF
COMMERCIAL LOAN BROKERS LLC and FUPME,
LLC,

                            Third-Party Defendants.
------------------------------------------------------------------X

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO VACATE THE RECEIVERSHIP ORDER SOLEY WITH RESPECT TO THE BERONE DEFENDANTS

CERTILMAN BALIN ADLER & HYMAN, LLP
*Attorneys for Defendants Berone Capital Fund,*
*LP, Berone Capital Partners LLC, Berone Capital*
*LLC, Berone Capital Equity Fund I, LP, and 405*
*Motorsports LLC f/k/a Berone Capital Equity*
*Partners LLC*
90 MERRICK AVENUE, 9TH FLOOR
EAST MEADOW, NY 11554
(516) 296-7000

OF COUNSEL:
Thomas J. McNamara, Esq.
Nicole L. Milone, Esq.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF FACTS .....................................................................................................1

ARGUMENT ...........................................................................................................................2

THE RECEIVERSHIP AGAINST BERONE IS NOT
NECESSARY TO PROTECT PLAINTIFF'S INTEREST...................................................2

A. The Berone Defendants Have Met the Standards for Vacating the Receivership
   As to Berone Defendants Only...........................................................................................3

B. Plaintiff is Judicially Estopped from Taking Inconsistent Positions...........................5

C. The Dissolution of Berone Capital is a Red Herring .................................................6

D. Neither the Plaintiff Nor the Receiver Address the Lack of Jurisdiction as
   To Berone Defendants..........................................................................................................7

CONCLUSION.........................................................................................................................8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Baliga v. Link Moti*on Inc.,
 No. 18CV11642 (VM) (DF), 2022 WL 2531535 (S.D.N.Y. Mar. 9, 2022), *report and
 recommendation adopted,* No. 18 CIV. 11642 (VM), 2022 WL 3699339 (S.D.N.Y. Aug. 25,
 2022) .................................................................................................................................... 4

*Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd.*,
 74 F.R.D. 621 (S.D.N.Y. 1977) ........................................................................................... 3

*JDP Mortg. LLC* v. Gosman,
 No. 19-CV-5968 (JS)(SIL), 2020 WL 8082390 (E.D.N.Y. Dec. 21, 2020), report and
 recommendation adopted, No. 19-CV-5968(JS)(SIL), 2021 WL 66290 (E.D.N.Y. Jan. 7,
 2021) .................................................................................................................................... 3

*Kitrosser v. CIT Grp./Factoring, Inc.*,
 No. 93 CIV. 5699(DLC), 1995 WL 567115 (S.D.N.Y. Sept. 25, 1995) ................................. 5

*Rosen v. Siegel*,
 106 F.3d 28 (2d Cir. 1997)..................................................................................................... 3

*Varsames v. Palazzolo*,
 96 F. Supp. 2d 361 (S.D.N.Y. 2000)...................................................................................... 4

**State Statutes**

Fla. Stat. Ann. § 605.0708 ............................................................................................................ 6

Fla. Stat. Ann. §§ 605.0707 and 605.0717.................................................................................... 6

**Federal Rules**

FRCP 60........................................................................................................................................ 3

FRCP 66........................................................................................................................................ 3

## PRELIMINARY STATEMENT

Defendants Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (hereinafter referred to as the "Berone Defendants") respectfully submit this Reply Memorandum of Law, together with the Declaration of Jeremiah Beguesse, dated March 15, 2024 (the "Beguesse Reply Dec."), in reply to the opposition papers filed by the plaintiff, Compass-Charlotte 1031, LLC ("Plaintiff") (Dkt. No. 156) and the Receiver, Paul A. Levine, Esq. (the "Receiver") (Dkt. No. 153), and in further support of their motion, brought by Order to Show Cause, to vacate the Receivership Order (Dkt. No. 56) as to the Berone Defendants only.

In sum, the Plaintiff and Receiver's opposition papers do not address the crux of the Berone Defendants' argument: Plaintiff's admission, based on the Receiver's findings, that the Berone Defendants never had Plaintiff's $15 million that is at issue in this action. The entire basis upon which the Receiver was appointed has been proven to be erroneous with respect to the Berone Defendants and thus the Receivership should be vacated with respect to these defendants before further damage is done.

## STATEMENT OF FACTS

The relevant facts in support of the present reply are fully set forth in the accompanying Beguesse Reply Dec., to which the Court is respectfully referred.

## ARGUMENT

### THE RECEIVERSHIP AGAINST BERONE IS NOT
### NECESSARY TO PROTECT PLAINTIFF'S INTERESTS

The opposition papers both fail to respond to the Berone Defendants' main contention in its moving papers: the Plaintiff has already admitted that the Berone Defendants do not have Plaintiff's $15 million that is at issue in this action. According to Plaintiff: "Prime's bank records show that Prime never sent any funds to Berone in calendar year 2023…" (Dkt. Nos. 148-1 ¶8, 148-8, p. 8) Plaintiff apparently sent its $15 million to Prime in April 2023. (Dkt. No. 1, ¶130) Thus, the contentions raised by the Receiver and Plaintiff in opposition with respect to alleged actions of Berone *prior* to April 2023 have no bearing on the instant action.[1]

Plaintiff's complaint in this action sets forth the following causes of action: (1) breach of contract against Prime; (2) fraudulent inducement to enter into that contract against Prime and the Berone Defendants, with alleged liability against Berone based not on any conduct of Berone, but instead, entirely on the purported existence of the joint venture agreement with Prime that is flatly denied by Beguesse and Stone; (3) conversion of Plaintiff's $15 million against Prime and the Berone Defendants, despite Plaintiff's admission that Prime never sent Berone any of Plaintiff's funds; (4) unfair and deceptive trade practices against Prime and Berone Defendants, again based entirely on the same basis as the prior claims; and, (5) the appointment of a receiver. (Dkt. No. 1) Nothing in the above-referenced causes of action relate to the actions of the Berone Defendants prior to Prime's relationship with Plaintiff that commenced in or around April 2023 according to the Complaint. (Dkt. No. 1 ¶126) Given the limited nature

---

[1] The contentions raised with respect to alleged actions of Berone after April 2023 are also irrelevant in light of Plaintiff's clear statement that there are no records that Prime sent Berone any funds in 2023. (Dkt. No. 148-8, p. 8)

2

of the Plaintiff's claims before the Court (that relate only to the Plaintiff's $15 million given to Prime in April 2023) any claim that the Receivership over the Berone Defendants is necessary to determine what happened to any funds *prior* to April 2023 must fail.

It is well-settled that the appointment of a receiver should only be granted where "clearly necessary to protect plaintiff's interests in the property." *JDP Mortg. LLC v. Gosman*, No. 19-CV-5968 (JS)(SIL), 2020 WL 8082390, at *2 (E.D.N.Y. Dec. 21, 2020), report and recommendation adopted, No. 19-CV-5968(JS)(SIL), 2021 WL 66290 (E.D.N.Y. Jan. 7, 2021), *citing Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997).  At bar, Plaintiff has admitted that the Berone Defendants do not have possession of Plaintiff's property – the $15 million sent in April 2023 – and further says that Prime did not send funds to Berone in 2023. (Dkt. No. 148-8, p. 8) Thus, there can be no basis for the continuation of the receivership against the Berone Defendants since it is no longer "clearly necessary to protect plaintiff's interests…"

### A. *The Berone Defendants Have Met the Standards for Vacating the Receivership as to Berone Defendants Only*

Plaintiff argues in opposition that the Berone Defendants are improperly trying to ask this Court to reconsider its Receivership Order in violation of the law of the case doctrine. (Dkt. No. 156, p. 11) Plaintiff also seems to imply that because the Berone Defendants did not appear in opposition to the motion to appoint the receivership that they have no legal authority to seek to vacate the receivership. (Dkt. 156, p. 12) Their legal support for this position is inapposite. *Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd.*, 74 F.R.D. 621 (S.D.N.Y. 1977) regards a preliminary injunction pursuant to FRCP 60, not the appointment of a receiver pursuant to FRCP 66.

This is a motion to vacate a receivership and as set forth in the moving papers, in determining whether a receivership order should be vacated or modified, courts will consider the

3

original circumstances under which the receivership was granted in the first place and determine whether such justification no longer exists. *Baliga v. Link Motion Inc.,* No. 18CV11642 (VM) (DF), 2022 WL 2531535, at *16 (S.D.N.Y. Mar. 9, 2022), *report and recommendation adopted,* No. 18 CIV. 11642 (VM), 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022). (Dkt. 148-11, p. 3) The justification upon which Plaintiff first sought a receiver as to the Berone Defendants (that they believed Prime had given Berone Plaintiff's $15 million) ***no longer exists*** – based not on Berone's claims but on Plaintiff's own admissions based on the Receiver's findings. (Dkt. No. 148-8, p. 8)

Moreover, the appointment of a receiver is based, at least in part, on the "plaintiff's probable success in the action …" (Dkt. 56, p. 12, *quoting Varsames v. Palazzolo,* 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000)) In the decision appointing a Receiver in this action, Plaintiff's likely success in its breach of contract claim over Prime was the sole basis given supporting Plaintiff's probable success on the merits. (Dkt. 56, pp. 16) Plaintiff has not brought its claim for breach of contract against the Berone Defendants – because Berone is not liable on Prime's contract. (Dkt. 1) Plaintiff alleged in its complaint that "this is not a case about liability" because Prime admits that it owes Plaintiff $15 million. (Dkt. No. 1, ¶9) Yet Plaintiff skirts the issue of the Berone Defendants' liability and its probable success on the merits on its claims against the Berone Defendants. In the time that the appointment of the Receiver was granted and the Berone Defendants have appeared in this action, it has become clear based on the evidence and sworn statements submitted by Berone, the lack of evidence and the lack of any sworn statements submitted by Prime, and the Plaintiff's and Receiver's findings and admissions laid out more clearly in the Beguesse Decl., that the justification for the receivership over the Berone Defendants no longer exists. *Baliga*, at *16.

4

Accordingly, the Berone Defendants have satisfied the requirements necessary to vacate the receivership as to them only.

### B.  Plaintiff is Judicially Estopped from Taking Inconsistent Positions

Plaintiff cannot argue in bankruptcy proceedings that Prime is lying and there is no evidence that Prime gave Berone any money in 2023, and then take an inconsistent position before this Court to continue the receivership against Berone Defendants on the basis that Berone may be holding money for Prime on behalf of Plaintiff. It is well-settled that a party who "assumes a certain position in a legal proceeding may not thereafter, simply because his interests have changed, assume a contrary position." *Kitrosser v. CIT Grp./Factoring, Inc.*, No. 93 CIV. 5699(DLC), 1995 WL 567115, at *2 (S.D.N.Y. Sept. 25, 1995). In fact, Plaintiff in the bankruptcy proceedings laid out about five pages of lies identifying instances of Prime and Roglieri making false representations to the court. (Dkt. 148-8, pps. 6-11) Plaintiff put forth evidence of the following lies from Prime: Prime lied about sending $52 million to Berone that was held at RBC, Prime lied about Berone providing Prime with a line of credit in which to fund its obligations to third parties, Prime lied about ICA deposits being held in Prime accounts, Prime lied about having $2 million in its accounts at KeyBank, Prime lied about having $2 million in its account at CitiBank, Prime lied about having ICA deposits held at an RBC account, Prime lied about the identity of its accountant and custodian of its financial records, and Prime lied about having 26 employees. (*Id.*) Plaintiff explicitly states to the bankruptcy court that "there is no evidence that Prime ever gave the ICA deposits to Berone, there is no evidence that Berone ever agreed to provide Prime with a 'line of credit' at any time." (Dkt. 148-8, p. 9) Plaintiff cannot now take an inconsistent position before this Court: it is judicially estopped from doing so. *Kitrosser*, at *2.

Moreover, the Plaintiff's position is based on the Receiver's findings: "Roglieri told the Court that Prime's business was based on giving Berone the ICA deposits, which Berone then used to borrow a multiple of that amount and then made those borrowings available for Prime to fund its obligations to borrowers. ***The Receiver has investigated that claim and it is a fiction.***" (Dkt. 148-9, p. 9; emphasis added) Thus, the Receiver's position currently in opposition to the instant motion that Berone has allegedly failed to "make a line of credit available which Prime could use to meet its obligations to its borrowers" has already been contradicted by the Receiver's investigation as confirmed by Plaintiff in the bankruptcy proceedings. (*Id*.; Dkt. 153, p. 10) There is absolutely no evidence to support Prime's lies against Berone – and the Receiver and Plaintiff know this as explicitly stated in Dkt. 148-8, and other filings before this Court referred to in the Beguesse Decl.

### C.  The Dissolution of Berone Capital is a Red Herring

Plaintiff also argues that the dissolution of Berone Capital Partners LLC is somehow relevant to this motion to vacate. (Dkt. 156, pp. 7-8) To the contrary, the rules governing dissolution of a limited liability company in Florida, similar to that in New York, permit the company to continue "solely for the purpose of winding up its affairs" and, importantly, does not prevent a company from paying its creditors or participating in a lawsuit either for or against the dissolved company. Fla. Stat. Ann. §§ 605.0707 and 605.0717. Thus, there is no merit to Plaintiff's position as Berone Capital may continue to wind up its affairs.

Alternatively, pursuant to Fla. Stat. Ann. § 605.0708, a limited liability company may revoke its dissolution within 120 days after the effective date of its dissolution. It is still within 120 days of Berone Capital Partners LLC's dissolution, and revocation is thus permissible by Florida statute. Plaintiff's argument holds no water.

6

**D.** ***Neither the Plaintiff Nor the Receiver Address the Lack of Jurisdiction as to Berone Defendants***

In its moving papers, the Berone Defendants argue that the sole basis for personal jurisdiction against the Berone Defendants lies in the purported joint venture agreement with Prime: no other basis is proffered by Plaintiff for the exercise of personal jurisdiction over Berone. (Dkt. No. 148-11, p. 6; Dkt. No. 1, ¶¶17, 30) The Berone Defendants have provided sworn statements to this Court that the JVA is a fake (Dkt. Nos. 148-1, 148-2); Prime has provided no such sworn statements and Plaintiff uses this failure of Prime to support its position that Prime is lying in the bankruptcy proceedings, going as far as to call Roglieri's testimony about Prime's business "an imaginary tale of fiction". (Dkt. 148-8, p. 10, n. 8) Plaintiff cannot prop up Prime's lies as the basis for jurisdiction against the Berone Defendants. In fact, the opposition of Plaintiff is unsupported by a client affidavit or declaration based upon personal knowledge.

The lack of personal jurisdiction against the Berone Defendants provides another basis upon which this Court may vacate the receivership as to the Berone Defendants only.

## <u>CONCLUSION</u>

Based on the foregoing and the arguments previously set forth in the moving papers, the

Receivership Order (Dkt. No. 56) should be vacated solely with respect to the Berone

Defendants.

Dated: East Meadow, New York
       March 15, 2024

          **CERTILMAN BALIN ADLER & HYMAN, LLP**

          By: */s/ Thomas J. McNamara*
              Thomas J. McNamara, Esq.
              NDNY Bar No. 511660
              Nicole L. Milone, Esq.
              NDNY Bar No. 705183
          *Attorneys for Defendants Berone Capital Fund, LP, Berone*
          *Capital Partners LLC, Berone Capital LLC, Berone*
          *Capital Equity Fund I, LP, and 405 Motorsports*
          *LLC f/k/a Berone Capital Equity Partners LLC*
          90 Merrick Avenue
          East Meadow, NY 11554
          (516) 296-7000
          tmcnamara@certilmanbalin.com
          nmilone@certilmanbalin.com

OF COUNSEL:
Thomas J. McNamara, Esq.
Nicole L. Milone, Esq.