# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COMPASS-CHARLOTTE, LLC,

                               Plaintiff,

                - vs -                       Civil Action No.: 1:24-cv-00055-MAD-CFS

PRIME CAPITAL VENTURES, LLC, *et al.*,

                               Defendant.

## REPLY IN SUPPORT OF MOTION TO INTERVENE

### Introduction

Prospective Intervenor CoNextions Medical Inc. ("CoNextions") submits this Reply in support of its Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a), or alternatively 24(b). Like Plaintiff Compass-Charlotte, LLC ("Plaintiff"), CoNextions is a victim of the large-scale fraud perpetrated by Defendant Prime Capital Ventures, LLC ("Prime"), and its principal, Kris Roglieri ("Roglieri"). The Court should grant CoNextions' Motion to Intervene so that CoNextions can protect its interest in the limited funds available to the multiple victims of the Prime fraud.

Plaintiff has brought claims against Prime that are currently pending before this Court, in which CoNextions has an interest. The Court has subject-matter jurisdiction over CoNextions' claims because all requirements of diversity jurisdiction are satisfied. The pending issue regarding the effect of the automatic stay in Roglieri's bankruptcy proceedings only underscores CoNextions' strong interests in this litigation. The Court should permit CoNextions to intervene so that it can protect those interests.

**Argument**

I. **The Court has Subject Matter Jurisdiction Over CoNextions' Intervenor-Complaint.**

The Court has diversity jurisdiction over CoNextion's claims against Prime pursuant to 28 U.S.C. § 1332. The citizenship of a corporation is determined by its place of incorporation and its principal place of business. *Id*. § 1332(c). CoNextions is a Delaware corporation with its principal place of business in Utah. (*See* Proposed Intervenor Complaint ("Prop. Compl."), ¶ 1; Doc. No. 138-3). For the purposes of diversity jurisdiction, the citizenship of limited liability companies is determined by the citizenship of its members. *E.g.*, *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Plug Power Inc. v. Worthington Indus., Inc.*, No. 121CV00946BKSTWD, 2022 WL 252104, at *2 (N.D.N.Y. Jan. 27, 2022) (contrasting method of determining citizenship for corporations with that pertaining to LLCs). Prime is a Delaware limited liability company whose sole member is Roglieri. (*See* Prime Corporate Disclosure Statement, Doc. No. 14). Roglieri is a citizen of New York. (*Id.*). The requirements for diversity jurisdiction under 28 U.S.C. § 1332 are therefore satisfied, because Prime is a citizen of New York, CoNextions is a citizen of Delaware and Utah, and the amount in controversy well exceeds $75,000.

II. **CoNextions Has an Interest in the Subject Matter of the Litigation.**

As detailed more fully in CoNextions' Motion to Intervene and the attached Proposed Verified Intervenor Complaint, CoNextions paid a $6,150,000.00 deposit to Prime which Prime unlawfully retained. CoNextions has an interest in recovering those funds, which are ostensibly a part of Prime's assets that the Receiver is marshalling. Prime's claim that CoNextion's interest is not "readily identifiable" and amounts to no more than the interest any litigant may have in bringing a fraud claim is unavailing. (*See* Opp'n to Mot. to Intervene ("Opp'n"), Doc. No. 147,

at 5-6).  To intervene as a matter of right, CoNextions must demonstrate an "interest in the action" that may be impaired by the disposition of the action, and that the interest is not "protected adequately by the parties to the action."  *In re Bank of New York Derivative Litigation*, 320 F.3d 291, 300 (2d Cir. 2003).  CoNextions has an interest in recovering its property.  That interest will not be adequately protected by Plaintiff, because it is likely that the assets under receivership will not be sufficient to make all claimants whole.  In such circumstances, courts have permitted intervention as of right.  *See In re September 11 Litig.*, 649 F. Supp. 2d 171, 176 (S.D.N.Y. 2009) (citing *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 146 (1967)).

Prime's argument that CoNextions' interest is somehow inadequate relies almost entirely on a single case from the District of New Jersey, *Emqore Envesecure Priv. Cap. Tr. v. Singh*, No. CV2007324KMJBC, 2022 WL 1115279 (D.N.J. Apr. 14, 2022).  *Emqore* addressed a different type of interest than the one at issue here.  In *Emqore*, the prospective intervenor had an interest as an assigned beneficiary of funds the plaintiff might have received if it were successful in the litigation.  *Id*. at *2.  The Court determined that such a "contingent" interest did not "satisfy the Third Circuit's requirement that an intervenor's interest be direct, and not a mere economic interest in the outcome of the litigation."  *Id*. at *5 (citation and internal quotation marks omitted).  Here, CoNextions has a direct interest in the funds under receivership, and that interest is not contingent on Plaintiff's success in litigation.  Alternatively, CoNextions has met the standard for permissive intervention, as described in its Motion to Intervene.

### III. The Bankruptcy Matter and the Stayed Arbitration Do Not Prevent the Court from Permitting CoNextions to Intervene.

Finally, contrary to what Prime claims, there is an existing claim in action before this Court in which CoNextions seeks to intervene.  This matter remains pending before this Court,

- 3 -

- 4 -

regardless of the status of any arbitration proceedings between Prime and Plaintiff—which Prime represents have been "stayed" given the issue of the automatic stay currently before the Court. (Opp'n at 2).  CoNextions has an interest to protect in this litigation, not least of which is the effect of the automatic bankruptcy stay on this case.  As Prime notes in its Opposition, this is a key issue that could control the future course of the litigation.  (*Id*. at 7).  CoNextion's ability to recover its property from the assets held by the Receiver could be substantially prejudiced by the Court's determination regarding the application of the bankruptcy stay on Prime.  CoNextions should be permitted to intervene so that it will have an opportunity to protect its interests in this litigation.

## Conclusion

This Court should grant CoNextions' Motion to Intervene, and permit CoNextions to intervene in this matter.

Dated:  March 18, 2024

**NIXON PEABODY LLP**

By: /s/ Richard McGuirk
    Richard A. McGuirk, Esq.
    1300 Clinton Square
    Rochester, New York 14604
    Tel.: (585) 263-1644
    rmcguirk@nixonpeabody.com

*Attorneys for Prospective Intervenor*