UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
COMPASS-CHARLOTTE 1031, LLC,

                Plaintiff,

  -against-

PRIME CAPITAL VENTURES, LLC
BERONE CAPITAL FUND, LP
BERONE CAPITAL PARTNERS LLC
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital
Equity Partners LLC

                Defendants.

Case No.: 1:24-cv-55
(MAD/DJS)

-------------------------------------------------------------------
PAUL A. LEVINE, as RECEIVER of PRIME CAPITAL
VENTURES, LLC,

                Third-Party Plaintiff,

  -against-

KRIS D. ROGLIERI, TINA M. ROGLIERI, KIMBERLY
HUMPHREY a/k/a KIMMY HUMPHREY, PRIME
COMMERCIAL LENDING, LLC, COMMERCIAL
CAPITAL TRAINING GROUP, THE FINANCE
MARKETING GROUP, NATIONAL ALLIANCE OF
COMMERCIAL LOAN BROKERS LLC, FUPME, LLC

                Third-Party Defendants.
-------------------------------------------------------------------

## STIPULATION AND PROTECTIVE ORDER

     WHEREAS, Paul A. Levine, Esq., the permanent Receiver for Defendants Prime Capital Ventures, LLC, Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (the "Permanent Receiver") in the above-captioned action (the "Litigation"), has, by and through a document request made under the Federal Rules of Civil Procedure ("FRCP"), requested the production of certain records owned, controlled, or in the custody of the Federal Deposit

{LG 00740621 2 }

1

Insurance Corporation (FDIC) as Receiver for Signature Bank (the "FDIC-Receiver");

WHEREAS, the FDIC-Receiver has authorized disclosure of, or may be ordered or otherwise obligated to disclose, certain confidential documents, information, data, testimony, records, and other materials (the "Confidential Records");

WHEREAS, said Confidential Records may also be provided to the parties in the Litigation, specifically, Plaintiff Compass-Charlotte 1031, LLC ("Plaintiff" or "Compass-Charlotte"), Will Esser, Esq. (willesser@parkerpoe.com), Eric H. Cottrell, Esq. (ericcottrell@parkerpoe.com), Christopher V. Fenlon, Esq. (cfenlon@hinckleyallen.com), Kieran T. Murphy, Esq. (kmurphy@hinckleyallen.com) and James L. Tuxbury, Esq. (jtuxbury@hinckleyallen.com); for the Permanent Receiver Paul A. Levine, Esq. (plevine@lemerygreisler.com), Peter M. Damin, Esq. (pdamin@lemerygreisler.com) and Robert A. Lippman, Esq. (rlippman@lemerygreisler.com); for Defendants Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (collectively the "Berone Entities"), Thomas J. McNamara, Esq. (tmcnamara@certilmanbalin.com), Jaspreet S. Mayall, Esq. (jmayall@certilmanbalin.com) and Nicole Milone, Esq. (nmilone@certilmanbalin.com); for Defendant Prime Capital Ventures, LLC ("Prime Capital")[1], and for Third-Party Defendants Kimberly Humphrey a/k/a Kimmy Humphrey ("Humphrey"), Prime Commercial Lending, LLC ("Prime Commercial"), Commercial Capital Training Group ("CCTG"), The Finance Marketing Group ("TFMG"), National Alliance of Commercial Loan Brokers LLC ("NACLB") and FUPME, LLC ("FUPME"), Pieter H.B. Van Tol, III, Esq. (pieter.vantol@hoganlovells.com) and Peter W. Bautz, Esq. (peter.bautz@hoganlovells.com); and for the Third-Party Defendant Tina M. Roglieri

---

[1] Prime Capital and the Berone Entities may collectively be referred to as the "Defendants" herein.

("T. Roglieri"), Peter A. Pastore, Esq. (papastore@oalaw.com) and Brian M. Culnan, Esq. (bculnan@oalaw.com) (collectively, the "Receiving Parties", with each being a "Receiving Party"); and

WHEREAS, such disclosure is made strictly under the terms and conditions of this Protective Order.

NOW THEREFORE, the it is hereby stipulated and agreed as follows:

1. This Protective Order governs the handling of all Confidential Records disclosed by the FDIC-Receiver in the Litigation.

2. Confidential Records are materials that contain (a) trade secrets or other confidential research, development, or commercial information; (b) information subject by law or by contract to a legally protected right of privacy; (c) information that the FDIC-Receiver is legally obligated by law to keep confidential; or (d) information that the FDIC-Receiver would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence. Notwithstanding anything to the contrary contained herein, Confidential Records do not include information that (1) is or becomes generally available to the public other than as a result of disclosure by the FDIC-Receiver or a party to the Litigation in breach of this Protective Order; (2) becomes available to the Receiving Parties on a non-confidential basis from a source other than the FDIC-Receiver, provided that such source is not bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to any other party hereto with respect to such information; or (3) was already within the actual possession or knowledge of the Receiving Parties prior to any production by the FDIC-Receiver.

3. Confidential Records may be so designated as follows:

    a. By imprinting the term "Confidential" on each page of any document produced that is so designated, so long as any such marking or imprinting does not obliterate or

{LG 00740621 2 }

obscure the content of the material that is produced or, in the case of a document or information produced in native format, on an accompanying production page, in the file name of the native document, or in any other reasonable fashion;

      b.      By imprinting the term "Confidential" next to or above any response to a written discovery request such as an interrogatory;

      c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions (and exhibits thereto) as "Confidential" no later than ten (10) calendar days after receipt of the final transcript of a deposition, or by orally designating such testimony as "Confidential" on the record at the deposition or other proceeding at which it is given. Until the ten (10) calendar day period expires, all deposition transcripts shall be treated as Confidential; and

      d.      For Confidential Records produced in non-paper media (e.g., videotape, audiotape, or computer disk), by affixing in a prominent place on the exterior of the container or containers in which the Confidential Records are stored the legend "Confidential."

      e.      In the event any Confidential Records are transmitted by the FDIC-Receiver by email, the "Confidential" legend shall be included in any email transmitting such materials.

4.    The Confidential Records, including all records produced by the FDIC-Receiver that are marked "Confidential", and all information contained therein or related thereto, shall be held strictly confidential and may be examined and used only in connection with the preparation, discovery in connection with, trial, and appeal of the Litigation.

5.    The FDIC-Receiver's inadvertent failure to designate any Confidential Records as Confidential shall not be deemed a waiver of the FDIC-Receiver's later claim that such Confidential Records are Confidential and the FDIC-Receiver may designate such Confidential Records as Confidential pursuant to this Protective Order at any time thereafter. At such time,

arrangement will be made for the substitution, where appropriate, of properly labeled copies of such Confidential Records. All previously produced copies of such Confidential Records that were mis-designated shall be destroyed by the Receiving Parties upon receipt of replacement copies of such Confidential Records with the proper designation. The applicable Receiving Party shall verify in writing that it has destroyed said mis-designated Confidential Records. The FDIC-Receiver's inadvertent failure to designate any Confidential Records as Confidential shall not be cause to adjourn any deposition or other proceeding, unless by agreement of the parties. For the avoidance of doubt, the Receiving Parties shall in no way be held liable for the consequences resulting from any documents made public at a time when the same have not been designated as Confidential Records, notwithstanding any subsequent action taken by the FDIC-Receiver to designate such documents as Confidential Records.

6. Confidential Records may be disclosed to the following persons:

   a. Outside counsel of record and other professional advisors for the Receiving Parties and employees of such attorneys, advisors, or their firms involved in the Litigation, including service providers, such as electronic discovery vendors, graphic services, printing and document duplicating or management services;

   b. Officers, directors, and in-house counsel of parties to the Litigation (or of corporate parents, owners, subsidiaries, or affiliates of parties to the Litigation);

   c. Employees and members of the parties to the Litigation who are actively engaged in assisting counsel with the Litigation;

   d. To the extent disclosure is not authorized under another subparagraph, witnesses and potential witnesses who have been noticed or subpoenaed for testimony (including deposition testimony) in connection with the Litigation, other than experts, provided there is a reasonable basis to believe that the witnesses or potential witnesses may give relevant testimony

regarding the Confidential Records and provided that such persons are given a copy of this Protective Order and agree to be subject to and bound by the terms thereof in an affidavit in the form of Exhibit A hereto.  No individual who is shown Confidential Records designated as Confidential pursuant to this subsection shall be permitted to retain or keep copies of such Confidential Records or to view them outside the presence of counsel, unless permitted by some other provision of this Protective Order to do so;

   e. With respect to particular documents or data designated as Confidential, any individual indicated on the face of the document as its author, addressee, or other recipient, or any other sender/transmitter or recipients of the document or data;

   f. Independent experts or consultants retained, interviewed, or consulted by the Receiving Parties in connection with the Litigation, and the employees of such experts or consultants (or the employees or members of any firm through which the expert or consultant is performing work for purposes of the Litigation).  "Independent" for purposes of this subparagraph refers to a person who is not otherwise employed by, is not an officer or director of, and does not have an ownership interest in the party by which he or she is retained in the Litigation.  A person is "employed by" a party if that person is on the regular payroll of the party or an affiliate of the party.  Before Confidential Records are disclosed to any individual under this subparagraph, the individual must sign an affidavit in the form of Exhibit A hereto;

   g. The Court and the Court's personnel working on the Litigation (absent further order of the Court that may be made respecting the confidentiality of materials presented in Court);

   h. Special masters, appraisers, mediators, arbitrators, or referees appointed by the Court or retained by the parties;

   i. Court reporters, videographers, and their clerical personnel in connection

with work on the Litigation; and

    j. As to Confidential Records relating to a particular party, such other persons as the Parties may agree upon in writing or as ordered by the Court.

  7. No person permitted access to Confidential Records pursuant to this Protective Order shall transcribe, copy, or disclose in any manner any information contained in or related to the Confidential Records, except in accordance with the terms of this Protective Order or upon order of the Court or as necessary for the limited purpose of the preparation, discovery in connection with, trial, and appeal of the Litigation.

  8. The Receiving Parties, and any other parties having received Confidential Records as set forth in Paragraph 6 herein, shall use, and shall cause its agents, employees, controlling persons, consultants, advisors, accountants, and legal counsel (collectively, the "Representatives") to use the Confidential Records solely in a manner consistent with this Protective Order and make all reasonably necessary efforts to safeguard Confidential Records from disclosure to anyone other than as permitted hereby.  Representatives who are given access to Confidential Records will be instructed that such persons and entities are bound by the terms of this Protective Order.

  9. If a Receiving Party objects to the designation of certain Confidential Records as Confidential, said Receiving Party shall so inform the FDIC-Receiver in writing, stating the grounds for the objection, as soon as practicable, but no later than ten (10) business days from the date of use if the objected-to Confidential Records are used in pleadings, depositions, hearings, or written discovery.  Counsel for all parties shall within a reasonable period of time given the circumstances attempt to resolve the dispute in good faith and on an informal basis.  If the dispute remains unresolved after a good faith attempt to resolve it, the party opposing the Confidential designation may seek an order of this Court requiring de-designation or re-designation of the Confidential Records in dispute.  All information shall continue to have its designated status as

Confidential, and any use of such information in any pleadings, depositions, hearings, or written discovery shall remain subject to the restrictions and requirements set forth in this Protective Order, from the time it is produced until entry of an order by the Court requiring de-designation or re-designation of the Confidential information, or unless otherwise agreed by the FDIC-Receiver.

10. Any Confidential Record that is submitted to or filed with the Court shall be filed under seal in accordance with the Federal Rules of Civil Procedure [and the Local Rules], and shall reference this Protective Order in the pleading accompanying such documents.

11. If any of the Confidential Records or portions thereof are included in documents filed with the Clerk of the Court, or in the event any information contained in or related to such Confidential Records is to be used in Court or in the trial of the Litigation, the Clerk of the Court shall keep such documents in a sealed envelope or in such other manner as to maintain their Confidential status and limit those who have access to such Confidential Records in accordance with this Protective Order.

12. Any party making use of the Confidential Records in Court or offering any of the Confidential Records into evidence in the trial of the Litigation, or in connection therewith, shall offer only those pages or portions thereof that are relevant and material to the issues in dispute, and shall redact any portion of any page that contains information not relevant and material to such issues. The name of any person or entity contained on any page of the Confidential Records who is not a party to the Litigation, or whose name is not otherwise relevant and material to the issues in dispute, shall be redacted prior to the admission of such page into evidence. If there is disagreement between the parties to the Litigation regarding what page or portion of any page of the Confidential Records should be redacted in the manner described in this paragraph, the Court shall make this determination after an *in camera* review of the Confidential Records in question.

13. If any portion of the Confidential Records is used for any purpose in the Litigation, including without limitation, use in any deposition, hearing, trial, or appeal, such portion of the Confidential Records shall be sealed against any disclosure inconsistent with the terms and conditions of this Protective Order, and any briefs, transcripts or other writing quoting or referring to any statement contained in such portion of the Confidential Records shall also be sealed against any such disclosure.

14. After entry of an order, judgment, or decree finally disposing of the Litigation and any related litigation, including the exhaustion of all possible appeals and other review, unless otherwise ordered by a court, each Receiving Party will use commercially reasonable efforts to destroy all Confidential Records (unless such Confidential Records have been offered into evidence, filed without restriction, or otherwise been made publicly available without a violation of the terms of the Protective Order) in the possession or control of any person granted access to the Confidential Records under this Protective Order, including all copies, extracts and summaries thereof.  As soon as practicable following a written request from the FDIC-Receiver, each applicable Receiving Party shall certify in writing (which may be by e-mail) that, to the best of such Receiving Party's knowledge after reasonable inquiry, all Confidential Records have been destroyed.  The Receiving Party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to e-mails) that may include Confidential Records information contained in deposition transcripts or drafts or final expert reports.  Notwithstanding the above requirement to destroy Confidential Records, any applicable Receiving Party or Representatives may retain (i) such Confidential Records as it reasonably believes (and at all times continues to reasonably believe) are required in order to satisfy applicable law, ethical, or professional obligations, (ii) any analyses, abstracts, studies, summaries, or reports prepared by the Receiving Party or its counsel or Representatives based on, containing, or reflecting Confidential Records,

(iii) any portions of the Confidential Records that are publicly available through no wrongful act or violation of this Protective Order on the part of the entity or individual who caused the information to become generally available to the public through publication or otherwise, and (iv) any portions of Confidential Records that it reasonably believes cannot be practicably destroyed (such as oral communications, e-mail back-up records, back-up server tapes, and any records of similar such automated record-keeping or other retention systems). Any retained Confidential Records shall continue to be protected under this Protective Order.

15. Any person granted access under this Stipulation and Protective Order to any of the Confidential Records, or to information contained therein or related thereto, who uses such Confidential Records or such information for any purpose other than the preparation, discovery in connection with, trial, or appeal of the Litigation, or otherwise violates the terms or conditions of this Protective Order, shall be subject to sanctioning by the Court.

16. The terms and conditions of this Stipulation and Protective Order apply to any subsequent or supplemental process that may be issued and served on the FDIC-Receiver in connection with the Litigation.

17. In the event of a disclosure by a Receiving Party of Confidential Records to persons or entities not authorized by this Protective Order to receive such Confidential Records, the Receiving Party making the disclosure shall, upon learning of the disclosure: (i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Confidential Records subject to this Protective Order; (ii) immediately make reasonable efforts to recover the disclosed Confidential Records as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and (iii) immediately notify the FDIC-Receiver of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential

Records and ensure against further dissemination or use thereof. Disclosure of Confidential Records other than in accordance with the terms of this Protective Order will subject the disclosing person to such sanctions and remedies as the Court may deem appropriate. Nothing in this Protective Order shall affect the rights of any party, during discovery proceedings, trial, or any other proceedings before a court, to object to the production or admission as evidence of any Confidential Records. Subject to Paragraph 18 herein, this paragraph shall not apply where disclosure by a Receiving Party of Confidential Records is made pursuant to subpoena, demand, or other legal process.

18. Should a party subject to this Protective Order receive a subpoena or other process to disclose Confidential Records, that Party shall provide notice within ten (10) business days of receiving such a subpoena or other process, in writing, and a copy of such subpoena or other process, to the FDIC-Receiver. To the extent it is impossible to provide notice to the FDIC-Receiver within ten (10) business days of receipt of the subpoena or other process, the party shall provide notice as far in advance as practicable and, in all events, prior to production. The party receiving the subpoena or other process shall defer compliance with the subpoena or other process if the FDIC-Receiver has timely moved to quash or modify the subpoena or other process, until such time as there is a final order. The party receiving such subpoena or other process shall also advise the person or entity who has served the subpoena or other process of this Protective Order. Nothing herein shall be construed as requiring the party from whom Confidential Records are being sought or anyone else subject to this Protective Order to challenge or appeal any order requiring production of the Confidential Records protected by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

19. To the extent that any federal or state law, regulation, or other legal authority

{LG 00740621 2}

governing the custody, disclosure, or use of records, including but not limited to the Privacy Act of 1974, permits disclosure of such records pursuant to an order of a court of competent jurisdiction, this Order shall constitute compliance with such requirement, in accordance with 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b)(11). To the extent that any applicable law requires a producing party or receiving party to obtain a court-ordered subpoena, or give or receive notice to, or proof of notice having been given to, or obtain consent, in any form or manner, from any person or entity before disclosure of any such records, the Court finds that, in view of the protections provided for such disclosed information in this Order and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the producing party is exempted from obtaining a court-ordered subpoena, or having to notify and/or obtain consent from any person or entity prior to the disclosure of such records. Any party may seek additional orders from this Court that such party believes may be necessary to comply with applicable law.

20. All parties recognize and acknowledge that the potential exists for the inadvertent production of material that is protected by the attorney-client privilege, attorney work product protection, or other applicable privilege, protection, or immunity (collectively, the "Privileged Material"). The parties agree that the production of Confidential Records under the terms and conditions of this Stipulation and Protective Order shall not constitute a waiver of any privilege or protection with respect to any Privileged Material that is inadvertently produced. Moreover, unless it is established to the Court's satisfaction otherwise, the presumption shall be that any production of Privileged Material is inadvertent. In the case of any inadvertent disclosure of Privileged Material, the receiving party shall, immediately upon becoming aware of the disclosure, or, if unaware of disclosure, within ten (10) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof, as well as all

notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document it maintains. Return of a document over which the producing party has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege, protection, or immunity is invalid or inapplicable; provided, however, that mere production of the document in this action shall not constitute grounds for asserting waiver of the privilege, protection, or immunity.

21. Nothing in this Protective Order shall release, or be deemed to release any claims, defenses or causes of actions that any Receiving Party may have against another Receiving Party.

22. If any party discloses Confidential Records designated as Confidential to a recipient such that said recipient would be required, per the terms set forth herein, to execute an affidavit in the form of Exhibit A hereto, counsel for the party disclosing the Confidential Records shall retain an executed copy of such affidavit but need not file it with the Court.

23. Any party who executes Exhibit A hereto shall be bound by the terms and conditions of this Protective Order as though a signatory to the Protective Order.

24. All notices under this Protective Order are to be served via email, and shall be effective upon receipt, to the appropriate attorney(s) for the Receiving Parties as defined herein, as well as for the FDIC-Receiver, Anne Devens (Adevens@fdic.gov). The Receiving Parties are as follows: for Compass-Charlotte, Will Esser, Esq. (willesser@parkerpoe.com), Eric H. Cottrell, Esq. (ericcottrell@parkerpoe.com), Christopher V. Fenlon, Esq. (cfenlon@hinckleyallen.com), Kieran T. Murphy, Esq. (kmurphy@hinckleyallen.com) and James L. Tuxbury, Esq. (jtuxbury@hinckleyallen.com); for the Permanent Receiver Paul A. Levine, Esq. (plevine@lemerygreisler.com), Peter M. Damin, Esq. (pdamin@lemerygreisler.com) and Robert A. Lippman, Esq. (rlippman@lemerygreisler.com); for the Berone Entities, Thomas J. McNamara,

CONTROLLED//FDIC BUSINESS

Esq. (tmcnamara@certilmanbalin.com), Jaspreet S. Mayall, Esq. (jmayall@certilmanbalin.com) and Nicole Milone, Esq. (nmilone@certilmanbalin.com); for Prime Capital, Humphrey, Prime Commercial, CCTG, TFMG, NACLB and FUPME, Pieter H.B. Van Tol, III, Esq. (pieter.vantol@hoganlovells.com) and Peter W. Bautz, Esq. (peter.bautz@hoganlovells.com); and for T. Roglieri, Peter A. Pastore, Esq. (papastore@oalaw.com) and Brian M. Culnan, Esq. (bculnan@oalaw.com). Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party or that party itself.

25.  The provisions of this Protective Order may only be altered by either (i) a final order of this Court; or (ii) an instrument in writing signed by the parties to be bound by any such modification, with such written instrument setting forth with specificity the provisions of this Protective Order to be altered, which is so-ordered by the Court.

Dated: __March 29__, 2024

**PARKER POE ADAMS & BERNSTEIN LLP**

By: _/s/ Will Esser_
Will Esser, Esq.
Eric H. Cottrell, Esq.
Attorneys for Compass-Charlotte
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
(704) 335-9507

Dated: __April 1__, 2024

**HINCKLEY ALLEN & SNYDER LLP**

By: _/s/ CVFe_
Christopher V. Fenlon, Esq.
Kieran T. Murphy, Esq.
James L. Tuxbury, Esq.
Attorneys for Compass-Charlotte
30 South Pearl Street, Suite 901
Albany, New York 12207
(518) 396-3138

CONTROLLED//FDIC BUSINESS

Dated: April 2, 2024          Dated: _____, 2024

**LEMERY GREISLER LLC**        **CERTILMAN BALIN ADLER & HYMAN, LLP**

By: /s/ _____         By: _____

Paul A. Levine, Esq.
Peter M. Damin, Esq.
Robert A. Lippman, Esq.
Attorneys for Permanent Receiver
for Defendants
677 Broadway, 8th Floor
Albany, New York 12207
(518) 433-8800

Thomas J. McNamara, Esq.
Jaspreet S. Mayall, Esq.
Nicole Milone, Esq.
Attorneys for Berone Entities
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000

Dated: _____, 2024        Dated: _____, 2024

**HOGAN LOVELLS US LLP**        **O'CONNELL & ARONOWITZ**

By: _____          By: _____

Pieter H.B. Van Tol, III, Esq.
Peter W. Bautz, Esq.
Attorneys for Prime Capital, Humphrey,
Prime Commercial, TFMG, NACLB,
CCTG and FUPME
390 Madison Avenue
New York, New York 10017
(212) 909-0661

Peter A. Pastore, Esq.
Brian M. Culnan, Esq.
Attorneys for T. Roglieri
54 State Street
Albany, New York 12207
(518) 462-5601

Dated: _____ ___, 2024

**LEMERY GREISLER LLC**

By:_____
Paul A. Levine, Esq.
Peter M. Damin, Esq.
Robert A. Lippman, Esq.
Attorneys for Permanent Receiver
for Defendants
677 Broadway, 8th Floor
Albany, New York 12207
(518) 433-8800

Dated: __April_____ _1_, 2024

**CERTILMAN BALIN ADLER & HYMAN, LLP**

By:__/s/ Thomas J. McNamara_____
Thomas J. McNamara, Esq.
Jaspreet S. Mayall, Esq.
Nicole Milone, Esq.
Attorneys for Berone Entities
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000

Dated: _____ ___, 2024

**HOGAN LOVELLS US LLP**

By:_____
Pieter H.B. Van Tol, III, Esq.
Peter W. Bautz, Esq.
Attorneys for Prime Capital, Humphrey,
Prime Commercial, TFMG, NACLB,
CCTG and FUPME
390 Madison Avenue
New York, New York 10017
(212) 909-0661

Dated: _____ ___, 2024

**O'CONNELL & ARONOWITZ**

By:_____
Peter A. Pastore, Esq.
Brian M. Culnan, Esq.
Attorneys for T. Roglieri
54 State Street
Albany, New York 12207
(518) 462-5601

Dated: _____, 2024

**LEMERY GREISLER LLC**

By:_____
Paul A. Levine, Esq.
Peter M. Damin, Esq.
Robert A. Lippman, Esq.
Attorneys for Permanent Receiver
for Defendants
677 Broadway, 8th Floor
Albany, New York 12207
(518) 433-8800

Dated: _____, 2024

**CERTILMAN BALIN ADLER & HYMAN, LLP**

By:_____
Thomas J. McNamara, Esq.
Jaspreet S. Mayall, Esq.
Nicole Milone, Esq.
Attorneys for Berone Entities
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000

Dated: April 1, 2024

**HOGAN LOVELLS US LLP**

By: *Piet Van Tol*
Pieter H.B. Van Tol, III, Esq.
Peter W. Bautz, Esq.
Attorneys for Prime Capital, Humphrey,
Prime Commercial, TFMG, NACLB,
CCTG and FUPME
390 Madison Avenue
New York, New York 10017
(212) 909-0661

Dated: _____, 2024

**O'CONNELL & ARONOWITZ**

By:_____
Peter A. Pastore, Esq.
Brian M. Culnan, Esq.
Attorneys for T. Roglieri
54 State Street
Albany, New York 12207
(518) 462-5601

Dated: _____ ___, 2024

**LEMERY GREISLER LLC**


By:_____
Paul A. Levine, Esq.
Peter M. Damin, Esq.
Robert A. Lippman, Esq.
Attorneys for Permanent Receiver
for Defendants
677 Broadway, 8th Floor
Albany, New York 12207
(518) 433-8800

Dated: _____ ___, 2024

**CERTILMAN BALIN ADLER & HYMAN, LLP**


By:_____
Thomas J. McNamara, Esq.
Jaspreet S. Mayall, Esq.
Nicole Milone, Esq.
Attorneys for Berone Entities
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000


Dated: _____ ___, 2024

**HOGAN LOVELLS US LLP**


By:_____
Pieter H.B. Van Tol, III, Esq.
Peter W. Bautz, Esq.
Attorneys for Prime Capital, Humphrey,
Prime Commercial, TFMG, NACLB,
CCTG and FUPME
390 Madison Avenue
New York, New York 10017
(212) 909-0661

Dated: __April__ _1_, 2024

**O'CONNELL & ARONOWITZ**


By:___[signature]_____
Peter A. Pastore, Esq.
Brian M. Culnan, Esq.
Attorneys for T. Roglieri
54 State Street
Albany, New York 12207
(518) 462-5601

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

{LG 00740621 2 }

16