# LEMERY GREISLER LLC
ATTORNEYS AT LAW

Peter M. Damin, Member
pdamin@lemerygreisler.com
Phn: (518) 433-8800 ext. 343

April 9, 2024

**VIA ECF**
Honorable Mae A. D'Agostino
United States District Court Judge
Northern District of New York
445 Broadway
Albany, New York 12207

      Re: ***Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.***, 24-cv-00055

Dear Judge D'Agostino:

      As the Court is aware, this office represents Paul A. Levine, Esq., the Permanent Receiver (the "Receiver") in the above-referenced case. We write at this time to seek clarity regarding the recent orders and decisions made by the Court and their implications as to the Receiver's ongoing investigations.

      In the wake of Prime Capital Ventures, LLC's ("Prime Capital") interlocutory appeal, Your Honor's text order of January 29, 2024 (Dkt. No. 56) stated as follows:

> TEXT ORDER in response to Defendant Prime Capital Ventures, LLCs filing of an Interlocutory Appeal (Dkt. No. 60). Discovery is stayed pending the Second Circuits resolution of the appeal. See Coinbase, Inc. v. Bielski, 599 U.S. 736, 744 (2023) (explaining that an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal is required). However, the appointment of the receiver is not stayed. See Fed. R. Civ. P. 62 (Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or receivership). The Court also retains jurisdiction to decide Plaintiff Compass-Charlotte 1031, LLCs motion to disqualify (Dkt. No. 67) as it does not relate to the interlocutory appeal. Signed by U.S. District Judge Mae A. D'Agostino on 1/29/2024. (ban)

      On January 29, 2024, the Receiver filed an emergency motion seeking injunctive relief and expedited discovery, along with filing the Verified Third-Party Complaint. On January 30, 2024, the Court issued an Order to Show Cause [Dkt. No. 78], which, among other things, denied the Receiver's request for temporary expedited discovery prior to the hearing because discovery is currently stayed pending the Second Circuit's decision on Prime Capital's interlocutory appeal. The Order to Show Cause also indicated that the parties should be prepared to discuss whether discovery should resume at the Show Cause hearing. To our recollection, the parties and Court did not reach that issue at the hearing.

     Following the Show Cause hearing, on March 19, 2024, the Court issued its Memorandum-Decision and Order [Dkt. No. 160], which, among other things, denied Prime Capital's motions to stay the appointment of the receiver and to stay discovery and further ordered that discovery shall proceed pursuant to Section 13.8 of the binding arbitration agreement. Additionally, in the Memorandum-Decision and Order, the Court also Ordered the Receiver to provide a status report to the Court within thirty (30) days of the filing of the decision and at thirty-day intervals thereafter.

     As previously reported, the Receiver retained a forensic accountant to review the banking records associated with this matter, aiming to trace the flow of very substantial funds in and out of Prime Capital and the Berone Defendants' accounts. The accountant has been diligently reviewing banking records. Indeed, since the last Court hearing, the Receiver has met with and received several reports from the forensic accountants regarding their analysis of the related bank accounts and has been provided comprehensive lists of third parties that received transfers from those accounts. Based on this information and in furtherance of his duties, the Receiver is ready and seeks to issue subpoenas to a very substantial number of these third parties to obtain additional records necessary for tracing the funds; including funds sent by Defendant Berone Capital Fund LP to Martin Karo, Esq. However, in light of the Court's decisions, there is uncertainty regarding the Receiver's authority to pursue such discovery.

     Given the various orders and decisions, it is uncertain whether the Court intended to allow the Receiver to proceed with vigorous discovery in the nature of subpoenas and otherwise. Accordingly, the Receiver respectfully requests clarity from the Court on whether he is authorized to issue subpoenas and to otherwise pursue discovery in this matter to perform and fulfill his duties, and if so, whether such discovery can be on an expedited basis. The Receiver believes that both the allowance of discovery and on an expedited basis are integral to allowing him to fulfill his duties as directed by the Court.

     Thank you for your attention and should you have any questions, please do not hesitate to contact our office.

                                    Respectfully submitted,

                                      LEMERY GREISLER LLC

                                      Peter M. Damin

PMD
cc: All counsel via ECF