UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COMPASS-CHARLOTTE 1031, LLC,

                        *Plaintiff,*

-against-

PRIME CAPITAL VENTURES, LLC
BERONE CAPITAL FUND, LP
BERONE CAPITAL PARTNERS LLC
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital
Equity Partners LLC,

                        *Defendants.*

**VERIFIED ANSWER TO THIRD-PARTY COMPLAINT**

Civil Action No.: 1:24-CV-55 (MAD)(CFH)

---

PAUL A. LEVINE, as RECEIVER of PRIME CAPITAL VENTURES, LLC,

                        *Third-Party Plaintiff,*

-against-

KRIS D. ROGLIERI, TINA M. ROGLIERI, KIMBERLY A. HUMPHREY a/k/a "KIMMY" HUMPHREY, PRIME COMMERCIAL LENDING, LLC, COMMERCIAL CAPITAL TRAINING GROUP, THE FINANCE MARKETING GROUP, NATIONAL ALLIANCE OF COMMERCIAL LOAN BROKERS LLC, FUPME, LLC,

                        *Third-Party Defendants.*

---

      Third-Party Defendant Tina M. Roglieri, by and through her attorneys, O'Connell & Aronowitz, P.C., as and for her Verified Answer to the Complaint of Third-Party Plaintiff Paul A. Levine, as Receiver of Prime Capital Ventures, LLC:

      1.     Denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of paragraphs 1, 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27,

28, 29, 32, 33, 34, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 56, 59, 60, 61, 62, 63, 65, 66, 67, 68, 69, 70, 71, 72, 73, 76, 77, 78, 79, 80, 81, 82, 83, 87, 91, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117 and 118 of the Third-Party Complaint.

2. Denies the allegations in paragraphs 84 and 93 of the Third-Party Complaint.

3. Admits the allegations in paragraph 2 of the Third-Party Complaint.

4. With respect to the allegations in paragraph 2 of the Third-Party Complaint, respectfully refers the Court to its Memorandum-Decision and Order of January 24, 2024, for the content thereof and otherwise denies the allegations of said paragraph.

5. With respect to the allegations in paragraph 3 of the Third-Party Complaint, admits that the Third-Party Plaintiff Receiver filed its Third-Party Complaint and otherwise denies the allegations of said paragraph.

6. With respect to the allegations in paragraph 4 of the Third-Party Complaint, denies knowledge or information sufficient to form a belief as to what causes of action the Receiver believes to exist and otherwise denies the allegations of said paragraph.

7. With respect to the allegations in paragraph 8 of the Third-Party Complaint, admits that Tina Roglieri is a domiciliary of the State of New York and otherwise denies the allegations of said paragraph.

8. With respect to the allegations in paragraph 26 of the Third-Party Complaint, respectfully refers to the referenced federal court filings for the content thereof and otherwise denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraph.

9. With respect to the allegations in paragraphs 30 and 31 of the Third-Party Complaint, respectfully refers the Court to the complaint filed in the *In Re Onward Partners, LLC* litigation for

the content thereof and otherwise denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraphs.

10. With respect to the allegations in paragraphs 35, 36 and 37 of the Third-Party Complaint, respectfully refers the Court to the Cosgrove Declaration for the content thereof and otherwise denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraphs.

11. With respect to the allegations in paragraph 41 of the Third-Party Complaint, respectfully refers the Court to the Complaint for the content thereof and otherwise denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraph.

12. With respect to the allegations in paragraph 50 of the Third-Party Complaint, respectfully refers the Court to the Complaint in the *Camshaft* litigation for the content thereof and otherwise denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraph.

13. With respect to the allegations in paragraphs 54 and 55 of the Third-Party Complaint, respectfully refers the Court to the Collins Declaration for the content thereof and otherwise denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraphs.

14. With respect to the allegations in paragraphs 57 and 58 of the Third-Party Complaint, respectfully refers the Court to the complaint in the *ER Tennessee* litigation for the content thereof and otherwise denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraphs.

15. With respect to the allegations in paragraph 64 of the Third-Party Complaint, respectfully refers the Court to the Houston Declaration for the content thereof and otherwise denies

knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraph.

16. With respect to the allegations in paragraphs 74 and 75 of the Third-Party Complaint, respectfully refers the Court to the spreadsheet attached as Exhibit E for the content thereof and otherwise denies the allegations of said paragraphs.

17. With respect to the allegations in paragraphs 86, 88, 89 and 90 of the Third-Party Complaint, denies the allegations as to Third-Party Defendant Tina Roglieri and denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraphs as to the remaining Third-Party Defendants.

18. With respect to the allegations of paragraph 92 of the Third-Party Complaint, respectfully refers all questions of law to the Court and otherwise denies the allegations of said paragraph.

19. With respect to the allegations in paragraphs 94 and 95 of the Third-Party Complaint, respectfully refers to Debtor and Creditor Law § 276 for the content thereof and otherwise denies knowledge or information sufficient to form a belief and, therefore, denies the allegations of said paragraphs.

20. With respect to the allegations in paragraphs 85, 96 and 109 of the Third-Party Complaint, respectfully refers the Court to the admissions and denials otherwise interposed herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

21. The Third-Party Complaint fails to state a cause of action upon which relief against Third-Party Defendant Tina M. Roglieri may be granted in whole or in part.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. At no time has Tina Roglieri been employed by any of the business entities owned or operated by Kris Roglieri nor has she knowingly served as a director, fiduciary, officer or agent of any of these entities, including Prime Capital Ventures, LLC ("Prime").

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Tina Roglieri has never been in control of any of Kris Roglieri's business entities nor has she performed services for any of them.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. At no time prior to the filing of the Third-Party Complain did Tina Roglieri have actual or constructive knowledge that Kris Roglieri may have incurred debts beyond his ability to pay or that he and/or Prime may be insolvent.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Tina Roglieri lacked actual or constructive knowledge that any of the transactions referenced in the Third-Party Complaint were made in an effort to hinder, delay or defraud any creditor of Kris Roglieri or Prime.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. The alleged wrongdoing of Kris Roglieri and/or Prime did not occur until 2022-23. Consequently, it would not be appropriate to encumber, restrain or otherwise inhibit Tina Roglieri's use or transfer of assets that were legitimately purchased by Tina Roglieri or on her behalf well before any of the alleged wrongdoing underlying this action occurred.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. At all times Tina Roglieri has acted in good faith, and any money that she has spent for herself or her children has been reasonable and necessary in the ordinary course of caring for herself and her children.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28. At all times Tina Roglieri has acted in good faith, and she reasonably believed that any money or property that she received from Kris Roglieri was money and property for which Kris Roglieri was reasonably responsible in light of his obligation to support and maintain Tina Roglieri and their children.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. Upon information and belief, various purchases of Kris Roglieri referenced in the Third-Party Complaint are part of the marital estate of Kris and Tina Roglieri and, as a result thereof, Tina Roglieri has an ownership interest in those assets that must be accounted for before any distribution of those assets can be made to any creditors identified in the Third-Party Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30. Upon information and belief, various purchases of Kris Roglieri referenced in the Third-Party Complaint were completed prior to any applicable look-back period in the New York Debtor and Creditor Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

31. Upon information and belief, various purchases of Kris Roglieri referenced in the Third-Party Complaint were completed prior to the look-back period set forth in § 548 of the Bankruptcy Code.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32. Upon information and belief, pursuant to the New York Domestic Relations Law, payments that may be due to Tina Roglieri and her children pursuant to a domestic support order will enjoy a special preference over the unsecured claims of any of the potential creditors identified in the Third-Party Complaint. The rights of Tina Roglieri and her children should be fully accounted for prior to the distribution, if any, of the assets of Kris Roglieri to those creditors.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

33. With respect to any real or personal property received by Tina Roglieri from Kris Roglieri, she accepted it in good faith and without any knowledge that Kris Roglieri may have been insolvent.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

34. With respect to any real or personal property received by Tina Roglieri from Kris Roglieri, she accepted it in good faith and without any knowledge that Kris Roglieri may have provided those assets to her with a fraudulent purpose.

WHEREFORE, Third-Party Defendant Tina M. Roglieri respectfully requests that this Court enter judgment in her favor:

(a) dismissing the claims asserted against her in the Verified Third-Party Complaint in their entirety;

(b) awarding to Third-Party Defendant Tina M. Roglieri her costs and reasonable attorneys' fees, as permitted by law; and

(c) awarding to Third-Party Defendant Tina M. Roglieri such other and further relief as the Court may deem just and proper.

DATED: April 15, 2024

O'CONNELL & ARONOWITZ, P.C.

By: _____
Brian M. Culnan, Esq.
*Attorneys for Third-Party Defendant Tina M. Roglieri*
54 State Street, 9th Floor
Albany, New York 12207
(518) 462-5601
bculnan@oalaw.com

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WARREN         )

TINA M. ROGLIERI, being duly sworn, deposes and says that deponent is a Third-Party Defendant in this action, and that she has read this Verified Answer to Third-Party Complaint; that she knows the contents thereof to be true to her knowledge, except as to those matters stated to be upon information and belief, and as to those matters, she believes them to be true.

_____
Tina M. Roglieri

Sworn to before me this
__15__ day of April 2024

_____
Notary Public, State of New York
Qualified in the County of: Warren
My Commission Expires: 07.30.2027

GAIL M. FIORE
Notary Public, State of New York
Warren County #01FI6171888
Commission Expires July 30, 2027

{01435221 1}